IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| ABU ABDUL RAUF ZALITA *et al.*, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| GEORGE W. BUSH *et al.*, | ) | No. 1:05 CV 1220 (RMU) |
| | ) | |
| Respondents. | ) | |
| | ) | |

**EMERGENCY MOTION AND SUPPORTING MEMORANDUM OF POINTS AND
AUTHORITIES TO COMPEL IMMEDIATE ACCESS TO COUNSEL**

Petitioner Abu Abdul Rauf Zalita, ISN #709 ("Petitioner"), by his counsel, Gitanjali S. Gutierrez, moves for this Court to issue an order directing Respondents to comply with the Amended Protective Order for Guantánamo detainee cases and to provide Petitioner with immediate access to his counsel, who is scheduled to visit the U.S. Naval Station at Guantánamo Bay, Cuba ("Guantánamo"), between July 22 and July 30, 2006.[1]

Respondents have detained Petitioner for more than four years and have actively impeded his access to counsel both before and after the Protective Order was issued in his case. With respect to all of the detainees in Guantánamo, Respondents have resolutely attempted to block detainees' efforts to secure legal representation at every turn. Even after the United States Supreme Court affirmed the right of the detainees to challenge the legality of their detention and their conditions of confinement, *Rasul v. Bush*, 542 U.S. 466 (2004), the Respondents resisted

---

[1] In accordance with LCvR 7(m), counsel for Petitioner has discussed this motion with counsel for Respondents, and counsel for Respondents has confirmed that Respondents object to the relief sought herein.

providing the detainees with access to their existing legal counsel. Subsequently, in *Al Odah v. Bush*, 346 F. Supp. 2d 1, 11 n.12 (D.D.C. 2004), the court rejected the Respondents' efforts and ordered the Respondents to provide the detainees with unmonitored attorney-client meetings, stating that the detainees "have been afforded access to the courts, which must necessarily be meaningful, and this meaningful access includes the opportunity to consult with counsel in private." Each subsequent roadblock raised by the Respondents has substantially and unjustifiably impeded detainees' right to legal representation. Indeed, the Respondents' actions have prompted considerable undue delays in the administration of justice, have resulted in the expenditure of substantial judicial resources, and have undermined the efficacy of the Great Writ.

Most recently, as in the present case, the Respondents have raised challenges to "next friend" standing in an attempt to forestall meaningful legal representation for the detainees in Guantánamo. They do so despite the fact that the court has soundly, and repeatedly, rejected this challenge. Accordingly, this Court should promptly prohibit the Respondents' attempts to obstruct Petitioner's legal representation and should order Respondents to afford Petitioner the opportunity to meet with his counsel during her attorney-client visits between July 22 and July 30, 2006.

**STATEMENT OF FACTS**

Petitioner Abu Abdul Rauf Zalita, ISN 709, is a citizen of Libya who acted on his own behalf and through the assistance of fellow detainee and Libyan citizen Omar Deghayes to obtain legal representation, which he is entitled to under *Al Odah*, 346 F. Supp. 2d at 8. Petitioner explicitly requested the assistance of U.S. legal representation through his fellow detainee, Omar Deghayes, a Libyan citizen and English-speaking British resident.

2

Counsel filed a Petition for Writ of Habeas Corpus on June 22, 2005. This Court entered the Amended Protective Order on July 25, 2005. *Zalita v. Bush*, Civil Action. No. 05-1220, Memorandum Order Granting in Part and Denying in Part Respondent's Motion to Stay; Ordering 30 Days' Notice of Any Intent to Move Petitioners (D.D.C. July 25, 2005) [dkt. no. 3]. The undersigned counsel is a staff attorney at the Center for Constitutional Rights, a nonprofit human rights organization, and also represents the petitioner in *Al Qahtani v. Bush*, Civil Action No. 05-1971 (RMC), and serves as co-counsel in numerous Guantánamo detainee habeas petitions, *see, e.g.*, *Ghamen v. Bush*, Civil Action No. 05-1639 (CKK); *Ali Ahmed v. Bush*, Civil Action No. 05-1638 (GK); *Zakirjan v. Bush*, Civil Action No. 05-2053 (HHK). Counsel is scheduled to meet with multiple petitioners at Guantánamo between July 22 and July 30, 2006.

After the entry of the Protective Order in this case, counsel for Petitioner attempted to establish an initial visit with Petitioner. The undersigned counsel's first attempts to meet Petitioner were obstructed when Respondents objected to Petitioner's Next Friend standing after Petitioner's counsel requested approval for an attorney-client meeting. *See* Feb. 15, 2005 e-mail from Andrew Warden to Gitanjali Gutierrez, ("Warden E-mail"), attached as Exhibit A. At that time, Respondents alleged that "[t]he putative 'next friend' detainees in these cases . . . have failed to make a sufficient showing to establish next friend standing that would justify the exercise of the Court's jurisdiction over these actions". *Id.*

On June 26, 2006, the undersigned counsel requested to meet with Petitioner during upcoming attorney-client meetings scheduled for July 22-30, 2006. On July 10, 2006, Respondents again denied counsel's request to meet with Petitioner, and another similar situated petitioner, because the petitions are "not directly authorized by the petitioners, nor has the putative 'next friend' detainee for both petitioners, Omar Deghayes, established appropriate next

friend standing under *Whitmore v. Arkansas*, 495 U.S. 149 (1990)." *See* July 10, 2006 email from Andrew Warden to Gitanjali Gutierrez, attached as Exhibit B. This argument is without merit.

Respondents subsequently provided counsel with an attorney-client meeting schedule that included meetings with Petitioner "subject to resolution of litigation issues." *See* July 14, 2006 email from Andrew Warden to Gitanjali Gutierrez, attached as Exhibit C.

Petitioner requested U.S. legal representation 16 months ago to challenge the legality of his detention. Despite considerable effort on the part of Petitioner's counsel, Petitioner has not had even an initial meeting with his counsel. Petitioner requests that the Court order Respondents to permit him access to his counsel during counsel's scheduled visit to Guantánamo between July 22 and July 30, 2006.

## ARGUMENT

**A. The Court has already rejected Respondents' next friend challenge preventing Guantánamo detainees from accessing their counsel.**

Respondents' argument that Petitioner may not meet with his counsel because the petition is not directly authorized by Petitioner and because the next friend lacks standing is frivolous given that the Court has already rejected Respondents' claim in other cases. Numerous courts in this district have ordered the Respondents to provide detainees with access to their counsel despite Respondents' claims that the petitioners lacked adequate next friend authorization. *See, e.g., Mohammon v. Bush*, Civil Action No. 05-2386, Order, at 4 n. 5 (RBW) (D.D.C. June 27, 2006) ("[T]he Court sees no reason why the alleged deficiencies in the petitioner's representative next friend status requites it to deny them access to counsel."); *Sadar Doe v. Bush*, Civil Action No. 05-1704, Memorandum Order (D.D.C. May 11, 2006); *Razakah v. Bush*, Civil Action No.

4

05-2370, slip op. at 4 (EGS) (D.D.C. May 18, 2006) ("The Protective Order does not require evidence of authority to represent a detainee as a prerequisite to counsel meeting with a detainee."). [2] Given the court's decisions in these and other cases, there is no basis for Respondents to claim that counsel cannot meet with Petitioner.[3]

**B. Even if the adequacy of next-friend standing was relevant to Petitioner's right to access counsel, Petitioner has presented sufficient evidence of counsel's authorization to initiate litigation on his behalf.**

    **1.    Petitioner has established that counsel are authorized to proceed on his behalf.**

Petitioner has presented an authorization executed on March 8, 2005 by an English-speaking detainee on behalf of several Libyan detainees, including him. The authorization clearly expresses Petitioner's desire for legal representation to challenge the legality of his detention. Respondents now seek additional proof of counsel's authorization to represent Petitioner.

In *Adem v. Bush*, Civil Action No. 05-723, slip. op. (D.D.C. April 28, 2006) (RWR), this

---

[2] *See also Sadar Doe v. Bush*, Civil Action No. 05-1704, Memorandum Order, at 9 (D.D.C. May 11, 2006); *Hamily v. Bush*, Civil Action No. 05-763 (D.D.C. Oct. 31, 2005) [dkt. no. 19] (Order of J. Bates dismissing Shaker Aamer as next friend and substituting Adel Hamily as sole petitioner); *Zakirjan v. Bush*, Civil Action No. 05-2053 (D.D.C. Dec. 12, 2005) [dkt. no. 24] (Order of Oberdorfer, J. dismissing as moot government's "Motion to Show Cause Why Case Should Not Be Dismissed for Lack of Proper 'Next Friend' Standing" because detainee who was real party in interest authorized counsel to represent him directly); *Muhammed v. Bush*, Civil Action No. 05-2087 (D.D.C. Dec. 16, 2005) [dkt. no. 17]; *Idris v. Bush*, Civil Action No. 05-1555 (D.D.C. Nov. 1, 2005) [dkt. no. 8].

[3] Alternatively, this Court could order Respondents to allow Petitioner access to counsel for an attorney-client meeting to determine whether Petitioner wants legal representation after nearly five years of imprisonment without charges or access to the outside world. *See, e.g., Mohammon v. Bush*, Civil Action No. 05-2386, Order (RBW) (D.D.C. July 14, 2006); *Qasim v. Bush*, Civil Action No. 05-1779, Order (JDB) (LFO) (AK) (D.D.C. Nov. 4, 2005).

court described the Respondents' requests for additional proof of authorization as a violation of the protective order. The court held that, "under the circumstances, where the detainee's ability to freely and timely communicate with the outside world is severely compromised, counsel have provided prima facie evidence of authority to represent Adem". *Id.* at *18-19. The prima facie evidence in Adem is identical to the prima facie evidence in the case at bar: a declaration from a fellow detainee asserting that the Petitioner wants to exercise his legal right to counsel. *Id.* (asserting that "a sworn statement provides evidence that Adem was actively seeking a lawyer to represent him," citing to the Al-Rawi next friend declaration).

The specific context of deprivation created by the Respondents in Guantánamo mandates the court to read the protective order to permit detainees to secure legal representation through a non-specific request brought by a next friend. "In those *habeas* cases filed since the creation and entry of the Protective Order, the detainees who initiate a *habeas* petition on behalf of a fellow detainee generally do not seek to serve procedurally as a 'next friend' in the traditional sense, but are simply passing on another detainee's request for help, a fact that can be confirmed once counsel meets directly with detainee." *Sadar Doe v. Bush*, Civil Action No. 05-1704, Memorandum Order, 9 (D.D.C. May 11, 2006). Respondents have exercised complete control over Petitioner and other similarly situated detainees and denied detainees independent access to the outside world, family, and legal representation. In this context of isolation and secrecy, the denial of a detainee's next friend request on behalf of an unrepresented detainee would amount to an effective denial of legal representation. *Adem*, Civil Action No. 05-723, slip op. at 16 ("Requiring a Guantánamo detainee to identify a specific lawyer from among all the volunteer lawyers—most of whom are unknown to the detainee before a meeting—is a meaningless exercise. It would be unconscionable to tether a detainee's access to counsel to such an

6

unworkable prerequisite.").

Moreover, the process by which Petitioner has secured legal representation has been explicitly authorized by the Department of Defense. In the Declaration of Frank Sweigart, the government sets forth details of "steps taken by the Department of Defense ("DoD") to notify the detainees . . . of their right to challenge the legality of their detention by filing *habeas corpus* petitions in federal court." Respondents' Motion to for Order to Show Cause Why Case Should Not Be Dismissed for Lack of Proper "Next Friend" Standing or, in the Alternative, to Stay Proceedings Pending Related Appeals, *Qasim v. Bush*, Civil Action No. 05-1779 (JDB), Second Declaration of Frank Sweigart, ¶ 2, Sept. 19, 2005, attached as Exhibit A [dkt. no. 2-2]. In a stunning admission, the Sweigart Declaration states that the written notification allegedly provided to all detainees "tells the detainees that they have the option of *asking a friend*, family member, or lawyer to file a petition on their behalf"—the very option that Respondents are seeking to block in this case. Sweigart Declaration, ¶ 3 (emphasis added). Due to Petitioner's isolation from family members and the inaccessibility of Guantánamo detainees to lawyers, "asking a friend" is Petitioner's only route available to secure legal representation and advance his habeas petition. After explicitly promoting this route of securing counsel, Respondents cannot be permitted to delay representation when Petitioner requests counsel in this manner and is prohibited from accessing counsel in other manners.

### 2. Even if *Whitmore* is the applicable standard, Petitioner's "Next Friend" satisfies the traditional requirements for next friend standing.

Despite the rejection of the traditional "next friend" analysis in related cases, Respondents suggest that this test should be applied here. Petitioner challenges this claim. The "legal fiction of a 'next friend' became largely irrelevant [in the Guantánamo context] except as

a mechanism for identifying those detainees who seek to challenge their detention in the first instance." *Sadar Doe*, Civil Action No. 05-1704, Order at 9, *citing Adem*, Civil Action No. 05-723, slip. op. at *3-5. Nevertheless, even under the traditional "next friend" analysis, Petitioner's Next Friend, Omar Deghayes, clearly satisfies the requirements for next friend standing. *See Whitmore v. Arkansas*, 495 U.S. 149, 163-64 (1990). Under the traditional analysis, next friend standing is satisfied where there is an "adequate explanation . . . why the real party in interest cannot appear on his own behalf to prosecute the action"; and where "the 'next friend' [is] truly dedicated to the best interests of the person on whose behalf he seeks to litigate." *Id.*

First, the harsh conditions of absolute isolation that Respondents have imposed on Petitioner prevent him from initiating this action on his own behalf. In particular, access to lawyers and the federal courts are severely restricted because detainees do not receive an explanation of a habeas petition or the U.S. federal court system, cannot meaningfully communicate with the U.S. courts absent an attorney or interpreter, and receive deliberately deceptive information from their interrogators about their options in the U.S. courts. *See Razakah v. Bush*, Civil Action No. 05-2370 (D.D.C. Feb. 3, 2006), Declaration of Gitanjali S. Gutierrez (Kabir)  [dkt. no. 8]; Petitioners' Supp. To Mot. To Exp., *Adem v. Bush*, Civil Action No. 05-723 (D.D.C. Feb. 7, 2006), Declaration of Gitanjali S. Gutierrez (Al-Rawi), attached as Exhibit B [dkt. no. 32]. "[T]he detainee's ability to freely and timely communicate with the outside world is severely compromised," *Adem*, Civil Action No. 05-723, slip. op. at *19, prohibiting Petitioner's independent initiation of legal action absent the support of his next friend who has already secured counsel.

Second, the relationship between the detainees at Guantánamo over the last four years affords a presumption that each is dedicated to the best interests of the other in seeking legal

8

representation. Indeed, detainees have described these relationships as "perhaps even more intimate and closer than their bond with their immediate families," Gutierrez (Al-Rawi) Decl. at ¶ 25, or "one of the closest relationships he had experienced in his life," Gutierrez (Kabir) Decl. at ¶ 25. Detainees have even exposed themselves to retaliation to transfer a next friend request for legal representation to their existing attorneys. Gutierrez (Kabir) Decl. at ¶ 28; Gutierrez (Kabir) Decl. at ¶ 29. Detainees who have acted as next friends for the habeas petitions of fellow detainees have "stated emphatically that [they were] acting in the petitioners' best interest." Gutierrez (Al-Rawi) Decl. at ¶ 25; see also Gutierrez (Kabir) Decl. at ¶ 30.

## CONCLUSION

For the reasons set forth above, the Court should order the Respondents to afford Petitioner the opportunity to meet with the undersigned counsel during her visit to Guantánamo scheduled between July 22 and July 30, 2006.

Dated: July 20, 2006

Respectfully submitted,

/s/
Gitanjali S. Gutierrez (GG1234)
666 Broadway, 7th Floor
New York, NY 10012
Tel: (212) 614-6485
Fax: (212) 614-6499

Attorney for Petitioner