UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |
|---|---|
| ABU ABDUL RAUF ZALITA *et al.*, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | No. 1:05-CV-1220 (RMU)(AK) |
| ) | |
| GEORGE BUSH *et al.*, ) | |
| ) | |
| Respondents. ) | |

|  |  |
|---|---|
| ISMAIL ALKHEMISI *et al.*, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | No. 1:05-CV-1983 (RMU)(AK) |
| ) | |
| GEORGE BUSH *et al.*, ) | |
| ) | |
| Respondents. ) | |

**ORDER**

Pending before the Court are Petitioners Ismail Alkhemisi's and Abu Abdul Rauf Zalita's Emergency Motion to Compel Immediate Access to Counsel and Supporting Memorandum of Points and Authorities. Upon consideration of the Motion, and following a hearing with the parties, Petitioners' Motions are GRANTED.

Respondents have refused to permit Petitioners to meet with counsel absent court order. However, because Petitioners' counsel, Gitanjali Gutierrez, is presently in Guantanamo Bay meeting with other detainee clients, Respondents have tentatively scheduled counsel visits with Petitioners Alkhemisi and Zalita - July 23 and 25 respectively - "subject to resolution of litigation issues." (Mot., Ex. C.) Ms. Gutierrez will be in Guantanamo until July 29.

Respondents make two substantive objections to Petitioners' Motions. First, Respondents raise the same objections they previously raised under virtually identical circumstances in *Kiyemba v. Bush*, Civ. No. 05-1509 (RMU),[1] and in multiple other cases. This Court has already rejected Respondents' arguments in numerous cases, as have multiple other District Court Judges. *See Adem v. Bush*, 425 F. Supp. 2d 7 (D.D.C. 2006), *aff'd*, No. 05-723, 2006 WL 1193853 (D.D.C. April 28, 2006); *Kabir v. Bush*, 05-1704 (D.D.C. May 11, 2006) (memorandum order granting motion to compel counsel access); *Said v. Bush*, 05-2384 (D.D.C. May 23, 2006) (same); *Razakah v. Bush*, 05-2370 (EGS) (D.D.C. May 18, 2006); *Mohammon v. Bush*, No. 05-2386, slip op. at 4 n.5 (RBW) (D.D.C. June 27, 2006) (rejecting government's argument that allegedly defective next friend standing strips court of authority to grant access to counsel). At this time, the Court sees no basis to depart from its previous rulings.

Second, Respondents allege that they have been unable to verify that one of the Petitioners, Ismail Alkhemisi, is in fact the same detainee identified as ISN #708. Petitioner Ismail Alkhemisi requested legal assistance through a fellow detainee, Omar Deghayes, a fellow Libyan citizen and an English-speaking British resident. (Mot. at 2.) According to Respondents, Petitioner's first name and nationality match the detainee whose ISN is #708, but the last name does not match. Petitioners' counsel has informed the Court that they have every reason to

---

[1] *See* Dkts. Nos. 57, 61 & 62.

believe that Petitioner Alkhemisi, who is one of only 11 Libyans in Guantanamo, is the same individual as detainee ISN #708. According to Petitioners' counsel, detainees frequently use the names of their towns of origin to identify themselves, a fact that would explain the mismatch of last names in this case. In any event, Petitioner's counsel has assured the Court that, should the Court grant the motion for counsel access, she would immediately notify the Court if at any point she had reason to believe that the Petitioner and detainee ISN #708 were not one and the same individual.

Therefore, it is this _21st_ day of July, hereby

ORDERED that Respondents shall permit Petitioners Alkhemisi and Zalita to meet with their counsel, Gitanjali Gutierrez, between July 22 and July 29, and it is

FURTHER ORDERED that, in light of this Court's expedited review of Petitioners' Motions and to ensure preservation of Respondents' objections, Respondents may file a written opposition by July 25, 2006, *nunc pro tunc*, July 21, 2006, and it is

FURTHER ORDERED should Petitioner Alkhemisi's counsel at any point have reason to believe that Petitioner and the detainee identified as ISN #708 are not one and the same individual, Petitioner's counsel shall immediately terminate the visit and so inform the Court, and it is

FURTHER ORDERED that this Order is without prejudice to Respondents' ability to seek additional relief regarding the issue of Petitioner Alkhemisi's identity, as appropriate.

SO ORDERED.

_____/s/_____
ALAN KAY
UNITED STATES MAGISTRATE JUDGE