IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |
|---|---|
| ABU ABDUL RAUF ZALITA, *et al.*, ) <br> ) <br> Petitioners, ) <br> ) <br> v. ) <br> ) <br> GEORGE W. BUSH, ) <br> President of the United States, ) <br> *et al.*, ) <br> ) <br> Respondents. ) <br> ) | Civil Action No. 05-CV-1220 (RMU) (AK) |

**RESPONDENTS' OPPOSITION TO EMERGENCY MOTION TO
COMPEL IMMEDIATE ACCESS TO COUNSEL**

Respondents hereby oppose petitioner's emergency motion for counsel access to petitioner Abu Abdul Rauf Zalita (dkt. no. 13), a detainee at Guantanamo Bay whose petition for writ of habeas corpus has not been properly authorized and is therefore not properly before this Court.

Respondents oppose petitioner's motion for the same reasons expressed in Respondents' Memorandum In Opposition To Emergency Motion For Order Directing Respondents To Comply With Protective Order (dkt. no. 57) and Respondents' Emergency Motion For Stay And Reconsideration Of Magistrate Judge's June 29, 2006 Memorandum Order (dkt. no. 61, 62), previously filed in Kiyemba v. Bush, 05-CV-1509 (RMU). Respondents' memoranda are attached as Exhibits A & B and incorporated herein by reference. As explained more fully therein, the petition brought on behalf of petitioner Zalita is deficient in the same respects as the petition brought on behalf of the Kiyemba petitioners. The petition is not directly authorized by petitioner Zalita, nor has the putative "next friend" detainee, Omar Deghayes, established

appropriate next friend standing under Whitmore v. Arkansas, 495 U.S. 149 (1990).  See Authorization of Omar Deghayes (attached to Petition) (dkt no. 1).  Consequently, the purported next-friend authorization does not satisfy the counsel authorization requirements of the Amended Protective Order entered in this case.  See Revised Procedures For Counsel Access § III.C.1 (dkt. no. 3).

In addition, petitioner's motion should be denied on procedural and equitable grounds because petitioner failed to bring the counsel access issue before the Court in a timely fashion, thereby denying respondents the opportunity to seek reconsideration by the District Judge of any adverse decision by the Magistrate Judge before petitioner's counsel scheduled visit to Guantanamo in which she proposes to meet with the petitioner at issue (and others).  On July 10, 2006, respondents' counsel informed counsel for petitioner by electronic mail that respondents would not permit counsel to meet with petitioner Zalita during counsel's trip to Guantanamo on July 20-28, 2006.  See Petitioner's Motion (dkt. no. 13), Exhibit B.  However, petitioner's counsel waited nearly two weeks, until July 20 – the same day as her scheduled departure to Guantanamo – to file a motion seeking access to petitioner Zalita before the Magistrate Judge. See id.; see also November 2, 2005 Order (dkt. no. 6) (referring all disputes pertaining to logistical issues, such as communications with or visits to clients and counsel, to Magistrate Judge Kay).  With counsel's meetings with petitioner Zalita tentatively scheduled to begin on Sunday, July 23, the Magistrate Judge convened an emergency telephone hearing late in the afternoon on Friday, July 21,[1] but petitioner's counsel offered no explanation for her inaction,

---

[1] Respondents' counsel were not served with the motion until several hours before the scheduled telephone hearing.

which, intentional or otherwise, had the practical effect of preventing respondents from seeking reconsideration of any adverse order of the Magistrate Judge by the District Judge in a timely manner prior to counsel's scheduled meetings with petitioner. By effectively sandbagging respondents with a last-minute emergency motion, petitioner's counsel was in a position to be able to obtain relief from the Magistrate Judge, see July 21, 2006 Order (dkt. no. 14), but respondents were not practically able to avail themselves of the right to seek reconsideration before the District Judge prior to counsel's visit.[2] See Fed. R. Civ. P. 72. Such tactics should not be rewarded, and it is unfair to deprive respondents of the opportunity to pursue timely relief before the District Judge in this case before being required to provide privileged access to petitioner.

For these reasons, which were stated on the record during the Court's telephone conference on Friday, July 21, petitioner's emergency motion for counsel access to petitioner Abu Abdul Rauf Zalita should be denied.[3]

Dated: July 25, 2006                                Respectfully submitted,

                                                    PETER D. KEISLER
                                                    Assistant Attorney General

---

[2] Indeed, respondents have regularly appealed orders by the Magistrate Judge requiring counsel access in the Guantanamo habeas litigation. The District Judge in this case has not ruled on the issues raised in such appeals. See e.g., Respondents' Emergency Motion For Stay And Reconsideration Of Magistrate Judge's June 29, 2006 Memorandum Order (dkt. no. 61, 62), filed in Kiyemba v. Bush, 05-CV-1509 (RMU).

[3] Pursuant to the Court's July 21, 2006 Order (dkt. no. 14), respondents submit the instant opposition memorandum, *nunc pro tunc*, to July 21, 2006.

DOUGLAS N. LETTER
Terrorism Litigation Counsel

　/s/ Andrew I. Warden
JOSEPH H. HUNT (D.C. Bar No. 431134)
VINCENT M. GARVEY (D.C. Bar No. 127191)
TERRY M. HENRY
JAMES J. SCHWARTZ
PREEYA M. NORONHA
ROBERT J. KATERBERG
NICHOLAS J. PATTERSON
ANDREW I. WARDEN (IN Bar No. 23840-49)
EDWARD H. WHITE
MARC A. PEREZ
Attorneys
United States Department of Justice
Civil Division, Federal Programs Branch
20 Massachusetts Ave., N.W.  Room 7144
Washington, DC  20530
Tel:  (202) 514-4107
Fax:  (202) 616-8470

Attorneys for Respondents