Approved by DoD For Public Filing
UNCLASSIFIED

FILED WITH THE
COURT SECURITY OFFICER
CSO: E Hogarth
DATE: 1/19/07

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

ABU ABDUL RAUF ZALITA, et al.             )
                                          )
            Petitioners,                  )
                                          )   Civil Action no. 05-CV-1220(RMU)
      v.                                  )
                                          )
GEORGE W. BUSH, et al.                    )
                                          )
            Respondents.                  )

## MOTION FOR ORDER REQUIRING RESPONDENTS TO PROVIDE COUNSEL FOR PETITIONER AND THE COURT SIXTY (60) DAYS' ADVANCE NOTICE BEFORE RENDITION OF PETITIONER FROM GUANTANAMO TO LIBYA

Pursuant to Rule 65 of the Federal Rule of Civil Procedure and the All Writs Act, 28 U.S.C. § 1651, Petitioner Abu Abdul Rauf Zalita, by and through his undersigned counsel, respectfully moves for an Order requiring Respondents to provide counsel for Petitioner and the Court with advance notice of any intended rendition of Petitioner from Guantánamo Bay Naval Station in Cuba to the custody of the Libya government.[1] Respondents have disclosed their intention to render Petitioner to Libya for ongoing indefinite detention without any due process of law and under circumstances in which he is more likely than not to face torture and/or persecution. The following points and authorities support Petitioner's motion:

---

[1] Pursuant to Local Civil Rule 7(m), the undersigned counsel for Petitioner conferred with Respondents' counsel regarding the relief sought in this motion. Respondents oppose the motion.

Approved by DoD For Public Filing
UNCLASSIFIED

1. On July 25, 2005, the Court entered an order (dkt. no 3) requiring Respondents to provide thirty (30) days' advance notice to Petitioner's counsel and the Court prior to any transfer of Petitioner to the custody of a foreign government.

2. Petitioner is a citizen of Libya who fled that country in 1990 for fear of persecution and torture. He has expressed to both his counsel and various Department of Defense (DOD) officials his fear of persecution and/or torture by the Libyan government if he were to be rendered to that country.

3. On Friday, December 8, 2007 at 3:22 p.m., Respondents gave notice, filed under seal, that "they intend to release petitioner Abu Abdul Rauf Zalita (ISN 709) from the custody of the United States and repatriate him to Libya. Specifically, petitioner will be transferred to the control of his home government for continued detention, investigation, and/or prosecution as that country deems appropriate, consistent with the policies and practices pertaining to such transfers as outlined in the declarations of Ambassador Pierre-Richard Prosper and Deputy Assistant Secretary of Defense for Detainee Affairs Matthew C. Waxman, previously filed in other Guantanamo Bay habeas cases before this Court."

4. According to

REDACTED

Approved by DoD For Public Filing
UNCLASSIFIED

REDACTED

5. Petitioner's counsel confirmed receipt of the notice on December 8, 2006 at 4:36 p.m., and, at 7:20 p.m. that day, requested an opportunity to meet with Petitioner in person at Guantánamo during the upcoming week.

6. After both parties made the necessary logistical arrangements, Petitioner's counsel attempted to meet with him in the evening of Wednesday, December 13, 2006 at Guantánamo. Petitioner refused to leave his camp to come to the meeting and JTF officials denied counsel's request to give Petitioner a note verifying that his attorneys were waiting for him at Camp Echo. Counsel later learned from Petitioner that he was afraid to come to a nighttime meeting because he had been notified of DOD's intention to transfer him to the Libyan government and he feared he was being taken to meet with Libyan officials or U.S. interrogators. He interpreted the usual circumstances as a sign of something amiss and threatening.

7. Both parties made arrangements for another attorney-client meeting the following week during regular attorney-client meeting times. On December 19 – 20, 2006, counsel met with Petitioner to discuss the Respondents' intentions to transfer him

to the custody of the Libyan government "for continued detention, investigation, and/or prosecution."[2]

8. Counsel's attorney-client meeting notes did not arrive at the secure facility from Guantánamo until Jan. 10, 2007, after the original thirty (30) days' notice had expired on January 8, 2007. Prior to the arrival of these notes, counsel for Petitioner submitted a classified letter on January 5, 2007 to Respondents outlining, in part, the basis for Petitioner's fear of persecution and/or torture. The letter was based upon counsel's recollections of Petitioner's concerns.

9. Counsel's twenty (20) pages of notes that arrived on January 10, 2007 focused on additional information and details she learned from Petitioner in response to Respondents' intention to render him to Libya. Counsel reviewed these notes at the secure facility in the Washington, D.C. area and submitted them to the Privilege Review Team on January 11, 2007.

10. Petitioner fears torture and/or persecution by the Libyan government upon any rendition to that country. Counsel asserts in good faith that a factual basis for this belief exists and that it is more likely than not that Petitioner will be tortured and/or persecuted upon any rendition to the custody of the Libyan government. This belief can be substantiated by an Affidavit of Petitioner. Counsel is scheduled to meet with Petitioner again on February 1, 2007.[3]

11. Counsel have also sought information concerning the status of another Libyan citizen, Muhammad Abdullah Manur Al-Rimi (ISN 194), who was transferred to

---

[2] Pursuant to the Amended Protective Order and Respondents' notice, counsel discussed only the contents of the protected filing with Petitioner, not the DOD's    REDACTED

[3] Counsel will be meeting with various clients in Guantánamo from January 29, 2007 until February 8, 2007.

Approved by DoD For Public Filing
UNCLASSIFIED

the custody of the Libyan government in late December 2006. Counsel have been unable to find any public statement concerning whether Mr. Al Rimi continues to be detained by the Libyan government and/or what treatment he has received. Counsel have retained human rights researchers to determine these facts. Counsel for Respondents have been unable to provide additional information concerning Mr. Al Rimi's status after his transfer to the custody of the Libyan government.

12. Since being informed of Respondents' intention to render Petitioner to the Libyan government, the undersigned counsel have diligently sought to assemble pertinent factual information to support Petitioner's assertion that it is more likely than not that he will be tortured and/or persecuted if transferred to the custody of Libya. Petitioner's counsel are currently engaged in case-specific factual investigation in multiple countries with U.S.-based and foreign human rights researchers.

13. On January 5, 2007, Petitioner's counsel received an email communication from Respondents' stating that "Although the 30 day period expires on Monday [January 8, 2007], no transfer of Mr. Zalita is imminent and, should we have to litigate this matter, we can do so on a normal preliminary injunction briefing schedule." See Attachment A, Email from Andrew Warden to Gitanjali S. Gutierrez, Jan. 5, 2007.

14. After reviewing counsel's January 5, 2007 initial letter raising, in part, Petitioner's concerns regarding rendition to Libya, Respondents notified counsel that "the Government intends to move forward with the transfer of Mr. Zalita to Libya." See Attachment B, Email from Nicholas A. Oldham to Jeffrey J. Davis, Jan. 11, 2007.

Approved by DoD For Public Filing
UNCLASSIFIED

15. Petitioner's counsel had asked Respondents to consent to withdrawal of their 30 days' notice or an extension of the notice to permit counsel an opportunity to meet with Petitioner again in late January and to prepare Petitioner's affidavit and supporting facts. Respondents refused to consent, stating that "We are not in a position to withdraw the 30-day notice or agree to an extension of the notice. Mr. Zalita's transfer is not imminent, however. Should we have to litigate this matter, I believe we can do so on a normal PI [preliminary injunction] briefing schedule assuming you file your motion promptly." See id.

16. Although Petitioner's transfer is not "imminent," the timing of his rendition to Libya is uncertain and makes meaningless Respondents' assurances that adequate time exists to litigate the issue prior to Petitioner's transfer to a country where he is more likely than not to be tortured and/or persecuted.

Wherefore, for the reasons set forth above, Petitioner respectfully moves for an Order requiring Respondents to provide counsel for Petitioner and the Court with advance notice of no less than sixty (60) days from the date of the Order of any intended rendition of Petitioner from Guantánamo to the custody of the Libya government in order to provide Petitioner with adequate time to address the issues raised by the notice.

Approved by DoD For Public Filing

UNCLASSIFIED

Dated: January 18, 2007

Respectfully submitted,

Gitanjali S. Gutierrez
CENTER FOR CONSTITUTIONAL RIGHTS
666 Broadway, 7th Floor
New York, New York 10012
Tel: (212) 614-6485
Fax: (212) 614-6499

George Daly
139 Altondale Avenue
Charlotte, North Carolina 28207
Tel: (704) 333-5196

Jeffrey J. Davis
MOORE & VAN ALLEN PLLC
100 N. Tryon St. Floor 47
Charlotte, North Carolina 28202
Tel: (704) 331-1037
Fax: (704) 378-2037

*Counsel for Petitioners*

Approved by DoD For Public Filing

UNCLASSIFIED

## VERIFICATION

I declare under penalty of perjury that the foregoing is true and correct to the best of my knowledge, information and belief.

Executed on this 18th day of January 2007.

*[signature]*

Gitanjali S. Gutierrez