UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | | |
|---|---|---|---|
| ABU ABDUL RAUF ZALITA, | : | | |
| | : | | |
| Petitioner/ | : | | |
| Plaintiff, | : | Civil Action No.: | 05-1220 (RMU) |
| | : | | |
| v. | : | Document No.: | 44 |
| | : | | |
| GEORGE W. BUSH *et al.*, | : | | |
| | : | | |
| Respondents/ | : | | |
| Defendants. | : | | |

## MEMORANDUM ORDER

### DENYING THE PETITIONER'S MOTION FOR A PRELIMINARY INJUNCTION

This matter comes before the court on the petitioner's motion for a temporary restraining order ("TRO") preventing the respondents from transferring him from the U.S. Naval Base in Guantanamo Bay, Cuba ("GTMO") to the custody of the Libyan government for continued detention. Mem. in Supp. of Pet'r's Mot. for a Prelim. Inj. Prohibiting Unlawful Rendition to Torture ("Pet'r's Mot."). The petitioner, contends that a transfer to Libya "is more likely than not to lead to [his] persecution, torture, or extrajudicial killing at the hands of Libyan officials" *Id.* at 17. Although the court recognizes the seriousness of the petitioner's allegations, it has no choice but to deny the motion for a preliminary injunction.

Section 7(b) of the Military Commissions Act of 2006, Pub. L. No. 109-366, 120 Stat. 2600 (2006), strips this court of jurisdiction to hear the petitioner's habeas claim and section 7(a) strips this court of jurisdiction to hear the petitioner's non-habeas claims. MCA § 7(b). In particular, section 7(a) of the MCA states that "no court, justice, or judge shall have jurisdiction to hear or consider any [] action relating to any aspect of the detention, transfer, treatment, trial,

or conditions of confinement" of an alien, like the petitioner, who has been classified as an enemy combatant. In the case *Boumediene v. Bush*, 476 F.3d 981 (2007), the D.C. Circuit held that section 7(b) of the MCA was not an unconstitutional suspension of the writ of habeas corpus.

The petitioner argues that the court has jurisdiction to hear his non-habeas claims (that is, his motion for an order enjoining his transfer to Libya) by noting that the D.C. Circuit's *Boumediene* decision only addressed the constitutionality of section 7(b) of the MCA. The petitioner, however, ignores the D.C. Circuit's statement, in *Boumediene*, that "[s]ection 7(a) of the MCA eliminates jurisdiction over non-habeas claims by aliens detained as enemy combatants. That alone is sufficient to require dismissal even of pending non-habeas claims." *Boumediene*, 476 F.3d at 98, n.1. Later in that same opinion, the court states: "Section 7(a) strips jurisdiction over detainee cases, including habeas cases, and section 7(b) makes section 7(a) applicable to pending cases." *Id.* at 988. And, contrary to the petitioner's argument that the MCA is unconstitutional because it eliminates the court's jurisdiction over his due process claims, Pet'r's Mot. at 34, "precedent in this circuit also forecloses the detainees' claims to constitutional rights," *Boumediene*, 476 F.3d at 992.

Accordingly, it is this 19th day of April, 2007 hereby

**ORDERED** that the petitioner's motion for a preliminary injunction is **DENIED**.

**SO ORDERED**.

                                              RICARDO M. URBINA
                                              United States District Judge