IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

---

ABU ABDUL RAUF ZALITA,

                Petitioner,

                v.                Civil Action No. 05 CV 1220 (RMU)

GEORGE W. BUSH, *et al.*,

                Respondents.

---

**EMERGENCY MOTION FOR STAY OF TRANSFER PENDING APPEAL**

Petitioner Abu Abdul Rauf Zalita respectfully submits this emergency motion for a stay enjoining his transfer by Respondents from the U.S. Naval Station at Guantánamo Bay, Cuba to the custody of the Libyan government, where he is likely to face torture, imprisonment and summary execution.[1] A stay is necessary to provide Petitioner an opportunity to perfect and fully litigate his appeal from the Court's denial of his preliminary injunction motion (*see* dkt. no. 51). At a minimum, a stay is required to provide him a reasonable opportunity to lodge and file similar motions for a stay of transfer with the Court of Appeals and the Supreme Court, and to give those courts sufficient time to consider and act on those motions. In short, Petitioner seeks a stand-still order preserving the status quo until resolution of the important issues of law raised by his appeal, which was noticed earlier today. It is critically important that this Court promptly

---

[1] Petitioner's counsel have conferred with counsel for Respondents, who have not yet indicated whether they consent to this motion.

issue a stay pending appeal because Petitioner is eligible to be transferred to Libya as early as midnight on Saturday night, April 21, 2007.[2]

The Court is fully aware of the facts of this case from Petitioner's preliminary injunction motion. This Court has also "recogniz[ed] the seriousness of the petitioner's allegations" in support of his motion for a temporary restraining order. Mem. Order at 1 (dkt. no. 44). Having done so, Petitioner respectfully submits that this Court should, at a minimum, provide him the opportunity to perfect his appeal by enjoining his imminent transfer to the custody of the Libyan government. To do otherwise would flout the appellate jurisdiction of the Court of Appeals and the Supreme Court, essentially allowing Petitioner's rendition to "'torture or extrajudicial killing at the hands of Libyan officials'" without judicial review. *Id*.

Unless Petitioner's transfer is at least temporarily enjoined, the Court of Appeals and the Supreme Court will be deprived of judicial review over his appeal. This appeal raises important questions of whether detainees at Guantánamo hold substantive and procedural due process rights under the Fifth Amendment to the United States Constitution, whether they have rights derived directly from the Convention Against Torture and 1951 United Nations Convention on the Status of Refugees and its 1967 Protocols, and whether the removal of federal court jurisdiction over these claims pursuant to the Military Commission Act violates the Constitution and principles of separation of powers (particularly in light of the fact that the relief sought here appears to be unavailable under the procedure for review provided for by the Detainee Treatment Act of 2005, § 1005(e)).

---

[2] While counsel for Respondents have not yet been able to provide Petitioner's counsel with a precise indication of when Petitioner will be transferred to Libyan custody, they are presently conferring with their clients to determine whether the relief requested by this motion is needed before Monday. This motion is filed now, however, in an abundance of caution.

Petitioner intends to lodge motions for stay of transfer with the Court of Appeals and the Supreme Court by Monday morning. As a purely practical matter, restrictions on the handling of classified information in the record required for the consideration of these motions effectively preclude Petitioner from submitting this information to the Court of Appeals and the Supreme Court before Monday morning. Accordingly, at a minimum, Petitioner requests that this Court enjoin Petitioner's transfer until 5:00 p.m. on Monday, April 23, 2007, in order to allow him time to lodge classified documents with the Court of Appeals and the Supreme Court as part of his motions for stay of transfer in those courts. Any injury posed to Respondents by such a brief delay in Petitioner's transfer to Libyan custody is vastly outweighed by the potential injury to Petitioner – his rendition to torture or extrajudicial killing – if no such brief stay is issued by this Court. Indeed, Respondents would not suffer any harm in delaying transfer of Petitioner for an additional period of two days. This balance of harms is by itself sufficient grounds for issuing a stay of transfer pending appeal.[3]

The Court plainly has the power to grant this motion under Federal Rule of Civil Procedure 62(c), which states in relevant part that, "[w]hen an appeal is taken from . . . a final judgment . . . denying an injunction, the court in its discretion may grant an injunction during the

---

[3] This is so regardless of this Court's estimation of Petitioner's probability of success on appeal. *See Washington Metropolitan Area Transit Com. v. Holiday Tours, Inc.*, 559 F.2d 841, 844 (D.C. Cir. 1977) ("An order maintaining the status quo is appropriate when a serious legal question is presented, when little if any harm will befall other interested persons or the public and when denial of the order would inflict irreparable injury on the movant. There is substantial equity, and need for judicial protection, whether or not movant has shown a mathematical probability of success."); *see also Ruiz v. Estelle*, 650 F.2d 555, 565 (5th Cir. 1981) ("[O]n motions for stay pending appeal the movant need not always show a 'probability' of success on the merits; instead, the movant need only present a substantial case on the merits when a serious legal question is involved and show that the balance of the equities weighs heavily in favor of granting the stay."); *Providence Journal v. Federal Bureau of Investigation*, 595 F.2d 889 (1st Cir. 1979) ("Where, as here, the denial of a stay will utterly destroy the status quo, irreparably harming appellants, but the granting of a stay will cause relatively slight harm to appellee, appellants need not show an absolute probability of success in order to be entitled to a stay.").

pendency of the appeal upon such terms . . . as it considers proper for the security of the rights of the adverse party." In addition, Federal Rule of Appellate Procedure 8(a)(1)(C) ordinarily requires that a movant first seek such injunctive relief pending appeal in the District Court. The length of such an injunction is not limited; the District Court retains jurisdiction to preserve the status quo throughout the pendency of an appeal. *See Natural Resources Defense Council Inc. v. Southwest Marine Inc.*, 242 F.3d 1163, 1166 (9th Cir. 2001) (Fed. R. Civ. P. 62(c) codifies common-law rule that "district court retains jurisdiction during the pendency of an appeal to act to preserve the status quo"[4]). This Court also has the power under the All Writs Act, 28 U.S.C. 1651, and inherent power under Article III, to grant the limited relief sought here to insure that Petitioner has the opportunity to exhaust his appeal rights, including in the Supreme Court which has not yet ruled on the important jurisdictional issues presented in this case.

For the foregoing reasons, this Court should issue an order temporarily enjoining Petitioner's transfer to Libya until after final resolution of his appeals, or, in the alternative, until after Petitioner has had a reasonable opportunity to lodge and file similar motions for stay of transfer with the Court of Appeals and the Supreme Court, and those courts have had the opportunity to consider and act on those motions. It would be a grave injustice for the appellate courts of the United States to lose their power to review such weighty issues – and for Petitioner to face torture, imprisonment and death in Libya – for lack of a brief stay. The Court should therefore grant this motion and enter a stay pending appeal.

---

[4] *See, e.g., Newton v. Consolidated Gas Co.*, 258 U.S. 165, 177 (1922) (stating common-law rule that "trial court may, if the purposes of justice require, preserve the status quo *until decision by the appellate court*" (emphasis added)); *see also Goldsborough v. Marshall*, 243 F.2d 240, 244 (D.C. Cir. 1957) (district court may properly act, throughout pendency of appeal, to preserve status quo).

      Undersigned counsel are available by telephone for oral argument on this motion should the Court deem it necessary.

Dated: New York, New York
April 20, 2007

        Respectfully submitted,

        Counsel for Petitioner:

        /s/ J. Wells Dixon
        Shayana Kadidal (Pursuant to LCvR 83.2(g))
        Gitanjali S. Gutierrez (Pursuant to LCvR 83.2(g))
        J. Wells Dixon (Pursuant to LCvR 83.2(g))
        CENTER FOR CONSTITUTIONAL RIGHTS
        666 Broadway, 7th Floor
        New York, New York 10012
        Tel: (212) 614-6464
        Fax: (212) 614-6499

        - and -

        George Daly (Pursuant to LCvR 83.2(g))
        139 Altondale Avenue
        Charlotte, North Carolina 28207
        Tel: (704) 333-5196
        NC Bar No. 1071

        - and -

        Jeffrey J. Davis (Pursuant to LCvR 83.2(g))
        400 N. Church Street #222
        Charlotte, NC 28202
        Tel: (704) 661-5244
        Fax: (888) 350-0980
        NC Bar No. 6582