IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

ABU ABDUL RAUF ZALITA, et al.,

        Petitioners,

   v.

GEORGE W. BUSH, et al.,

        Respondents.

No. 05-CV-1220 (RMU)

**RESPONDENTS' OPPOSITION TO PETITIONER'S MOTION
FOR A STAY PENDING APPEAL ENJOINING HIS REPATRIATION**

    Respondents oppose petitioner's Motion for a Stay Pending Appeal ("Pet'r's Mot.") (dkt. no. 54). As the Court correctly noted in its April 19, 2007 Memorandum Order (dkt. no. 51) ("Mem. Order"), the Court lacks jurisdiction over this action and therefore cannot enjoin respondents from transferring petitioner. Because this Court lacks jurisdiction, it must deny petitioner's current motion for a stay enjoining his repatriation pending appeal.[1] *See* Mem. Order; Resp'ts' Mot. to Dismiss filed on April 19, 2007 (dkt. no. 50).

    Even if this Court were to exercise jurisdiction contrary to the Military Commissions Act of 2006, Pub. L. No. 109-366, 120 Stat. 2600 (2006), and the law of this Circuit, *Boumediene v. Bush*, 476 F.3d 981 (D.C. Cir.), *cert. denied*, __U.S.__, 127 S. Ct. 1478 (2007), the Court should deny petitioner's motion because it lacks a proper legal and factual basis. As set forth in respondents' April 16, 2007 opposition, petitioner does not satisfy the requirements for a

---

[1] Petitioner's alternative request for a stay until 5:00 p.m. on Monday, April 23, 2007, to provide petitioner an opportunity to lodge and file for relief in the Court of Appeals and Supreme Court should be denied as moot. *See* Pet'r's Mot. 3. As respondent's counsel represented to the Court's Clerk and petitioner's counsel during the status teleconference on April 20, 2007, respondents will not transfer petitioner before that time.

temporary restraining order or preliminary injunction preventing his repatriation. Resp'ts' Opp'n to TRO & Prelim. Inj. filed on April 16, 2007 (dkt. no. 45).

Finally, the timing of petitioner's motion warrants its rejection. Respondents first announced the intended repatriation of petitioner to his counsel well over four months ago. After petitioner obtained effectively a 60-day injunction against his repatriation in February, *see* Minute Order entered on Feb. 15, 2007, petitioner waited to request an indefinite prohibition on the transfer until two months after he announced his intention to file such application, filing it on the eve of what he characterized as a point in time by which he needed the emergency relief which he sought. Now, after the Court has rejected that emergency relief based on its lack of jurisdiction, and well over 120 days since petitioner's counsel has had notice of the intended repatriation, petitioner seeks yet again an emergency stay enjoining his repatriation. The authority establishing that these types of litigation tactics provide an independent basis for denying a motion for such relief was recently summarized as follows:

> [T]he "last-minute nature of an application" [for a preliminary injunction] or an applicant's "attempt at manipulation" of the judicial process is grounds for denial of a stay, in and of itself. *Gomez v. United States Dist. Court for the N. Dist. of Cal.*, 503 U.S. 653, 654 (1992) (per curiam). Thus, in *Fund for Animals v. Frizzell*, 530 F.2d 982, 987 (D.C.Cir. 1975), the D.C. Circuit denied emergency relief where the movant sought it on the day a final regulation was set to issue, despite the fact that the movant had known of the anticipated agency action some 44 days earlier. The court noted that "[o]ur conclusion that an injunction should not issue is bolstered by the delay of the appellants in seeking one." *Id.*

*Sandoz, Inc. v. Food and Drug Admin.*, 439 F.Supp.2d 26, 31 (D.D.C. 2006), *aff'd*, 2006 WL 2591087 (D.C.Cir. Aug 30, 2006). Having put both the Court and the government to the burden of addressing a self-styled request for immediate relief that might have been filed months ago – in a case in which it is even clearer now than it was then that the Court lacks jurisdiction, no less – and after having that relief rejected, petitioner is not well positioned to argue that the equities favor his renewed request for injunctive relief.

**CONCLUSION**

For the foregoing reasons, respondents respectfully request that the Court deny petitioner's motion for a stay pending appeal enjoining petitioner's repatriation.

Dated:  April 20, 2007                             Respectfully submitted,

                                                 PETER D. KEISLER
Assistant Attorney General

DOUGLAS N. LETTER
Terrorism Litigation Counsel

  /s/ Nicholas A. Oldham
JOSEPH H. HUNT (D.C. Bar No. 431134)
VINCENT M. GARVEY (D.C. Bar No. 127191)
JUDRY L. SUBAR (D.C. Bar 347518)
TERRY M. HENRY
JAMES J. SCHWARTZ
JEAN LIN
ROBERT J. KATERBERG
NICHOLAS J. PATTERSON
ANDREW I. WARDEN
EDWARD H. WHITE
NICHOLAS A. OLDHAM
JAMES C. LUH
Attorneys
United States Department of Justice
Civil Division, Federal Programs Branch
20 Massachusetts Ave., N.W.
Washington, DC  20530
Tel:  (202) 514-2000
Fax:  (202) 616-8470

Attorneys for Respondents