*Cleared by the CSO for Public
Filing on September 26, 2007*

### IN THE UNITED STATES DISTRICT COURT
### FOR THE DISTRICT OF COLUMBIA

---------------------------------------------------------------- x
                                                                 :
ABU ABDUL RAUF ZALITA,                                           :
                                                                 :
               Petitioner,                            :
                                                                 :
               v.                                     :  Civil Action No. 05 CV 1220 (RMU)
                                                                 :
GEORGE W. BUSH, *et al.*,                                        :
                                                                 :
               Respondents.                           :
                                                                 :
---------------------------------------------------------------- x

**MOTION FOR RECONSIDERATION OF
SEPTEMBER 20, 2007 ORDER DISMISSING CASE**

Petitioner Abu Abdul Rauf Zalita ("Petitioner") respectfully asks the Court to reconsider and vacate its order, dated September 20, 2007, dismissing his case for lack of jurisdiction based on the D.C. Circuit's decision in *Boumediene v. Bush*, 476 F.3d 981 (D.C. Cir.), *cert. granted*, 127 S. Ct. 3078 (2007). The motion should be granted for several reasons.

    1.    The D.C. Circuit has made clear that this Court should *not* dismiss Guantánamo habeas cases pending the Supreme Court's disposition of *Boumediene*. Moreover, as discussed in ¶¶ 1(b) and (d) below, the pendency of appeals in most of the 16 cases that this Court dismissed deprives this Court of jurisdiction to dismiss those cases.

    a.    On April 2, 2007, the Supreme Court denied certiorari in *Boumediene*. On June 29, 2007, however, the Court reversed itself and granted certiorari. The D.C. Circuit, which had issued the mandate in *Boumediene* on June 27, 2007, recalled the mandate on July 26, 2007. (Ex. A.) The effect of the recall of the mandate was to divest this Court of jurisdiction to dismiss those cases and to leave in place the protective order and counsel access rules that govern

Guantánamo habeas cases, as well as related orders, such as orders requiring the government to provide counsel with advance notice of any intended transfer of a prisoner from Guantánamo.[1]

b.      Similarly, on March 22, 2007, the D.C. Circuit dismissed the appeals in *Kiyemba v. Bush*, No. 05-5487, in light of *Boumediene*. (Ex. C.) On May 10, 2007, the D.C. Circuit issued the mandate in the case. On September 7, 2007, however, after the Supreme Court granted certiorari in *Boumediene*, the D.C. Circuit recalled the mandate. (Ex. D.) *Kiyemba* is among the cases that this Court has dismissed. Because the *Kiyemba* appeal is pending, this Court lacks jurisdiction to dismiss it. *See United States v. DeFries*, 129 F.3d 1293, 1302 (D.C. Cir. 1997).

c.      Similarly, on April 9, 2007, the D.C. Circuit dismissed the appeals in *Paracha v. Bush*, No. 05-5194, and remanded to this Court with directions to dismiss the case, in light of *Boumediene*. (Ex. E.) On June 20, 2007, the D.C. Circuit denied the petitioner's motion to stay the mandate. (Ex. F.) On September 7, 2007, however, the D.C. Circuit stayed the mandate pending the Supreme Court's disposition of *Boumediene*. (Ex. G.)

d.      Finally, on August 9, 2007, the D.C. Circuit deferred consideration of the government's motions in *Abdah v. Bush*, No. 05-5224, *et al.*, to dismiss most of the 16 cases that this Court dismissed pending the Supreme Court's disposition of *Boumediene*; the D.C. Circuit directed that the cases be "held in abeyance pending further order of the court." (Ex. H.) In its

---

[1] The day after this Court dismissed the 16 cases, the government sent counsel an email asserting that the Court's dismissal of these cases rendered inoperative the protective order and counsel access rules that govern these cases. *See* Email dated Sept. 21, 2007, from Andrew I. Warden, Esq. to Gitanjali S. Gutierrez, Esq. (Ex. B). According to the Department's email, counsel may henceforth visit and communicate with petitioners only as permitted by the "jurisdictionally appropriate"—*i.e.*, more restrictive—protective order entered by the D.C. Circuit for cases brought under the Detainee Treatment Act of 2005. *Id.* It would be anomalous, to say the least, if petitioners in the dismissed cases were required to live under a more restrictive regime for client access and communications, and related orders, than the petitioners in the vast majority of habeas cases that the D.C. Circuit and other district court judges have decided *not* to dismiss pending the Supreme Court's resolution of *Boumediene*. It would be particularly problematic in this case for the reasons described more fully, *infra* ¶¶ 2-3.

2

order, the D.C. Circuit also deferred consideration of the government's motion to vacate orders entered by this Court requiring the government to provide counsel with advance notice of any intended transfer of petitioners from Guantánamo. *See id.* Among those cases was the above-captioned case.[2]

2.  Indeed, the Court should grant reconsideration in this particular case because it is now pending in *both* the D.C. Circuit and the Supreme Court. On April 19, 2007, the Court denied Petitioner's motion for an injunction prohibiting Respondents from transferring him to Libyan custody, recognizing "the seriousness of the petitioner's allegations" that he would likely be tortured if forcibly returned to Libya, but concluding that the Court must deny the motion in light of the D.C. Circuit's *Boumediene* decision. On appeal, the D.C. Circuit denied Petitioner's motion to prevent his transfer and ordered his case dismissed for lack of jurisdiction, citing *Boumediene* and *Kiyemba*. (Ex. I.) The mandate of the D.C. Circuit subsequently issued in this case on June 27, 2007, *see id.*, a mere two days before the Supreme Court granted rehearing in *Boumediene* and granted certiorari. *See* 127 S. Ct. 3078 (2007). Accordingly, Petitioner filed a motion to recall the mandate and for rehearing in this case on July 25, 2007. That motion remains pending before the D.C. Circuit. Moreover, on September 21, 2007, Petitioner filed a petition for a writ of certiorari seeking review of the D.C. Circuit's denial of his motion to prevent his transfer to Libya and dismissal of his case. This Court should therefore grant reconsideration in order to

---

[2] *See Zalita v. Bush*, No. 05-cv-1220 (RMU), *appeal pending*, No. 05-5353 (D.C. Cir.); *see also Al-Hela v. Bush*, No. 05-cv-1048 (RMU), *appeal pending*, No. 05-5230 (D.C. Cir.); *Hatim v. Bush*, No. 05-cv-1429 (RMU), *appeal pending*, No. 05-5398 (D.C. Cir.); *Al-Oshan v. Bush*, No. 05-cv-0520 (RMU), *appeal pending*, No. 05-5237 (D.C. Cir.); *Tumani v. Bush*, No. 05-cv-0526 (RMU), *appeal pending*, No. 05-5244 (D.C. Cir.); *Sohail v. Bush*, No. 05-cv-0993 (RMU), *appeal pending*, No. 05-5478 (D.C. Cir.); *Al Karim v. Bush*, No. 05-cv-0998 (RMU), *appeal pending*, No. 05-5374 (D.C. Cir.); *Rabbani v. Bush*, No. 05-cv-1607 (RMU), *appeal pending*, No. 06-5235 (D.C. Cir.); *Alkhemisi v. Bush*, No. 05-cv-1983 (RMU), *appeal pending*, No. 06-5041 (D.C. Cir.); *Naseer v. Bush*, No. 06-cv-1689, *appeal pending*, No. 07-1188 (D.C. Cir.); *Al-Zarnouqi v. Bush*, No. 06-cv-1767 (RMU), *appeal pending*, No. 07-5148 (D.C. Cir.). In *Kiyemba*, as noted in paragraph 1(b), the D.C. Circuit has separately recalled the mandate.

maintain the status quo pending a final jurisdictional ruling by the Supreme Court in this very case and in *Boumediene*.

3.  The Court should further grant reconsideration in this case in order to prevent manifest injustice. *See Firestone v. Firestone*, 76 F.3d 1205, 1208 (D.C. Cir. 1996) (per curiam); *Anyanwutaku v. Moore*, 151 F.3d 1053, 1058 (D.C. Cir. 1998). To deny reconsideration would effectively deny Petitioner access to his counsel during a critical time in his case. The Court is well aware of the facts of this case and the substantial risk of persecution that Petitioner would face if forcibly returned to Libya. It is critical that Petitioner be allowed to communicate with his counsel, through legal mail and in-person meetings, concerning the status of his appeals to the D.C. Circuit and the Supreme Court and attendant issues of repatriation and asylum. Such communications are possible under the protective order previously entered in this case. However, according to Respondents, Petitioner would not be permitted to discuss his pending Supreme Court case with his counsel under the protective order applicable to petitions filed under the Detainee Treatment Act of 2005. *See Bismullah v. Gates*, Nos. 06-1197, 06-1397, 2007 U.S. App. LEXIS 17255, at *28-29 (D.C. Cir. July 20, 2007) (while detainees might want to correspond with counsel concerning suitable countries for asylum, scope of representation authorized by the DTA is limited to events leading up to and including the conduct of the CSRTs).

In this case, of course, limiting communications in scope to the topic of the CSRTs would eliminate the right that Petitioner has continuously exercised in the context of his habeas litigation to communicate with his counsel in order to prevent his imminent transfer from Guantánamo to the custody of the Libyan government. Any suggestion by Respondents that access to Petitioner for purposes of such advocacy would not be cut off by the Court's dismissal of his case merely because Petitioner could file a DTA petition would plainly be wrong. (Ex. B.)

Moreover, it is uncertain that Petitioner would be able to meet with his counsel in Guantánamo on October 23, 2007, during a previously scheduled visit, even if he files a DTA petition in the next few days. Logistically, even though Petitioner intends to file a DTA petition tomorrow, there might not be enough time for him to obtain entry of the DTA protective order from the D.C. Circuit, a prerequisite, according to Respondents, *see id.*, for any further privileged communications between detainees and their counsel. In sum, if the Court denies this motion for reconsideration, Petitioner will likely be cut off from necessary access to his counsel at a time when he needs such access most – to prevent his imminent repatriation to Libya.

4. This Court also unquestionably has the power to grant the relief that Petitioner seeks here. At least ten other judges of this Court have denied or deferred government motions to dismiss, and related motions, pending the Supreme Court's disposition of *Boumediene*. *See, e.g., Taher v. Bush*, No. 06-cv-1684 (GK) (D.D.C. Sept. 13, 2007) (Doc. 26) (Ex. J); *Razakah v. Bush*, No. 05-cv-2370 (EGS) (D.D.C. Aug. 17, 2007) (minute order); *Al Darby v. Bush*, No. 05-cv-2371 (RCL) (D.D.C. Aug. 8, 2007) (Doc. 49) (Ex. K); *Al Mohammed v. Bush*, No. 05-cv-247 (HHK) (D.D.C. Aug. 7, 2007) (Doc. 66) (Ex. L); *Faraj v. Bush*, No. 05-cv-1490 (PLF) (D.D.C. July 27, 2007) (Doc. 66) (Ex. M); *Maqaleh v. Gates*, No. 06-cv-1669 (JDB) (D.D.C. July 18, 2007) (Doc. 13) (Ex. N) (Bagram prisoner); *Ameziane v. Bush*, No. 05-cv-0392 (ESH) (D.D.C. July 5, 2007) (minute order); *Zadran v. Bush*, No. 05-cv-2367 (RWR) (D.D.C. July 2, 2007) (minute order). Judge Collyer dismissed the habeas cases assigned to her but reinstated them on reconsideration, *e.g., Al Shimrani v. Bush*, No. 05-cv-2249 (RMC) (D.D.C. Aug. 22, 2007) (Doc. 59) (Ex. O); and Judge Walton has closed his cases administratively but has not dismissed them, *see Mohammon, et al. v. Bush, et al.*, No. 05-cv-2386 (RBW) (D.D.C. Jan. 31, 2007) (Doc. 324) (Ex. P). Judge Robertson dismissed his cases before the Supreme Court granted certiorari in

*Boumediene* and the D.C. Circuit recalled its mandate; he is currently considering motions to reconsider.

5. In *Kiyemba*, this Court rejected the government's claim that it could not enforce the habeas protective order because the Detainee Treatment Act of 2005 had divested the Court of jurisdiction over Guantánamo habeas cases. The Court stated:

> The issue of this court's jurisdiction to entertain habeas petitions filed by Guantanamo detainees "is a disputed issue that was litigated and is currently under consideration by the United States Court of Appeals for the District of Columbia Circuit." *Adem v. Bush*, 2006 WL 1193853, at *7 (D.D.C. Apr. 28, 2006). As other judges on this court have ruled, "enforcing the terms of the protective order in this case does not pose the danger of exceeding the court's jurisdiction, even if it is ultimately determined that this court does not have jurisdiction to determine the merits of a petition for habeas corpus relief." *Id.* at *7-8.

*Kiyemba v. Bush*, No. 05-cv-1509 (RMU), 2006 WL 2255736, at *2 (D.D.C. Aug. 7, 2006). It has not been "ultimately determined that this court does not have jurisdiction to determine the merits of a petition for habeas corpus relief." As the Court noted in *Kiyemba*, the government itself has conceded that the Court's jurisdiction over these cases will remain undecided until the Supreme Court decides it. *Id.* at *2 n.4.

## Conclusion

For these reasons, the Court should reconsider and vacate its order of September 20, 2007, dismissing this case.

Dated: New York, New York
       September 25, 2007

                            Respectfully submitted,

                            Counsel for Petitioner:

                            /s/ Gitanjali S. Gutierrez
                            Shayana Kadidal (D.D.C. Bar No. 454248)
                            Gitanjali S. Gutierrez (Pursuant to LCvR 83.2(g))
                            J. Wells Dixon (Pursuant to LCvR 83.2(g))
                            CENTER FOR CONSTITUTIONAL RIGHTS
                            666 Broadway, 7th Floor

New York, New York 10012
Tel: (212) 614-6464
Fax: (212) 614-6499

- and -

George Daly (Pursuant to LCvR 83.2(g))
139 Altondale Avenue
Charlotte, North Carolina 28207
Tel: (704) 333-5196
NC Bar No. 1071

- and -

Jeffrey J. Davis (Pursuant to LCvR 83.2(g))
400 N. Church Street #222
Charlotte, NC 28202
Tel: (704) 661-5244
Fax: (888) 350-0980
NC Bar No. 6582

**CERTIFICATE OF SERVICE**

I hereby certify that on September 25, 2007, I caused the foregoing Motion for Reconsideration, with attached exhibits, to be filed and served on counsel listed below by causing an original and two copies to be delivered to the Court Security Office via overnight mail.

Terry M. Henry, Esq.
U.S. Department of Justice
Civil Division, Federal Programs Branch
20 Massachusetts Ave., N.W.
Washington, DC 20530
Tel: (202) 514-4107
Fax: (202) 616-8470

*Counsel for Respondents*

_____
J. Wells Dixon