# EXHIBIT A

## United States Court of Appeals

FOR THE DISTRICT OF COLUMBIA CIRCUIT

———

No. 05-5062                          September Term, 2006

04cv01142
04cv01166

Filed On: July 26, 2007 [1056472]

Lakhdar Boumediene, Detainee, Camp Delta, et al.,
    Appellants

      v.

George W. Bush, President of the United States, et al.,
    Appellees

—————————————————————————

Consolidated with 05-5063

**BEFORE:**   Sentelle,* Rogers, and Griffith, Circuit Judges

### O R D E R

    Upon consideration of appellants' motion to recall the mandate and the opposition thereto, it is

    **ORDERED** that the motion be granted and the mandate be recalled. The Clerk of the United States District Court for the District of Columbia is directed to return forthwith to the United States Court of Appeals for the District of Columbia Circuit the mandate issued June 27, 2007.

### Per Curiam

                        **FOR THE COURT:**
                        Mark J. Langer, Clerk

BY:

                        Nancy G. Dunn
                        Deputy Clerk

*Circuit Judge Sentelle would deny the motion.

# EXHIBIT B

## Gitanjali Gutierrez

| | |
|---|---|
| **From:** | Warden, Andrew (CIV) [Andrew.Warden@usdoj.gov] |
| **Sent:** | Friday, September 21, 2007 6:07 PM |
| **To:** | Gitanjali Gutierrez; George Daly; jeffreyjdavis@carolina.rr.com |
| **Subject:** | Zalita v. Bush (05-CV-1220) |

**Attachments:** GTMO Procedure Guide_Final.pdf; Bismullah-Parhat unopposed motion to amend PO.pdf

Dear Counsel:

As you are aware, Judge Urbina's September 20, 2007 Order dismissed *Zalita v. Bush* (05-CV-1220). In light of this development, counsel access (both legal mail and in-person visits) is no longer permitted under the terms of the now-dismissed district court counsel access regime. Accordingly, any further counsel access to petitioner must be governed by a jurisdictionally-appropriate protective order entered in a pending DTA case. Thus, you must satisfy the following criteria prior to resuming access to the petitioner in this case: 1) the filing of a DTA petition in the Court of Appeals; and 2) entry by the Court of Appeals of the Protective Order entered in *Bismullah v. Gates*, ___ F.3d ___, 2007 WL 2067938 (D.C. Cir. 2007), modified in accordance with the government's Unopposed Motion To Amend Protective Order, filed in *Bismullah* on August 20, 2007 (see attached); and 3) the signing of an acknowledgment agreeing to comply with the Guantanamo Procedure Guide For Counsel Access In Detainee Treatment Act Cases (see attached). If you choose to pursue entry of the protective order, please contact August Flentje (August.Flentje@usdoj.gov) who is handling the DTA litigation in the Court of Appeals.

With respect to any legal mail that you may have sent petitioner pursuant to the district court counsel access regime since dismissal of the habeas case, the mail will held by the Privilege Team (or returned to you at your request) pending satisfaction of the above criteria for counsel access in the DTA litigation, unless the mail has already been processed by the Privilege Team. In the event the Privilege Team has conducted its contraband review of the incoming legal mail and forwarded it to Guantanamo for delivery, the mail will be delivered to petitioner consistent with the prior district court protective order regime. Similarly, the Privilege Team will hold at the secure facility any outgoing legal mail sent by petitioner to you, pending satisfaction of the above criteria for counsel access in the DTA litigation. Thus, Privilege Team would not perform classification review of outgoing legal mail written by petitioner to you, nor would you be permitted to read such mail at the secure facility until the protective order is entered in a DTA case.

Please remember that certain requirements of the district court protective order, *i.e.,* requirements pertaining to the handling of classified and "protected" information appropriately, retain vitality beyond dismissal of the habeas case. See Protective Order, 344 F. Supp. 2d 174, ¶¶ 17, 35, 50, Exhibit B (for access to classified information, counsel required to sign Memorandum of Understanding that nondisclosure requirements survive litigation); Exhibit C (for access to protected information, counsel required to sign Acknowledgment that nondisclosure requirements survive litigation). Thank you in advance for your compliance in this regard.

Best regards,

Andrew I. Warden
Trial Attorney
U.S. Department of Justice
Civil Division, Federal Programs Branch
20 Massachusetts Ave., NW, Room 6120
Washington, DC 20530
Tel: 202.616.5084

# EXHIBIT C

# United States Court of Appeals
## FOR THE DISTRICT OF COLUMBIA CIRCUIT

No. 05-5487                                September Term, 2006

JAMAL KIYEMBA, NEXT FRIEND, ET AL.,

APPELLEES/CROSS-APPELLANTS

v.

GEORGE W. BUSH, PRESIDENT OF THE UNITED STATES, ET AL.,

APPELLANTS/CROSS-APPELLEES

> UNITED STATES COURT OF APPEALS
> FOR DISTRICT OF COLUMBIA CIRCUIT
> FILED   MAR 2 2 2007
> CLERK

Consolidated with 05-5488, et al.

Appeals from the United States District Court
for the District of Columbia
(No. 05cv01509)
(No. 05cv01602)
(No. 05cv00833)
(No. 05cv00270)
(No. 05cv02053)

Before: GINSBURG, *Chief Judge*, and GRIFFITH and KAVANAUGH, *Circuit Judges*.

## J U D G M E N T

This case was considered on the record from the United States District Court for the District of Columbia and on the briefs by the parties and oral arguments of counsel. Twelve detainees at Guantanamo Bay, Cuba were involved in these cases. Three were non-enemy combatants (Zakirjan, Alladeen, and Saddiq Turkestani). The three non-enemy combatants have been transferred to other countries and released from U.S. custody. The other nine have been determined by the United States to be enemy combatants and remain at Guantanamo Bay (Abdusabur Doe, Abdusamad Doe, Abdunasir Doe, Hammad Doe, Hudhaifa Doe, Jalaal Doe, Khalid Doe, Saabir Doe, and Mamet). It is

**ORDERED** that the motion to dismiss the appeals as to the three non-enemy combatants be granted. Case Nos. 05-5491, 06-5042, and 06-5234 are hereby dismissed as moot in light of

the release of Alladeen and Zakirjan. Case No. 05-5487 is hereby dismissed as moot with respect only to appellee Saddiq Turkestani, who has also been released from custody. The Government's suggestion that the court direct the district court to dismiss as moot all other claims before it is declined. The district court may consider, either *sua sponte* or on motion, whether the remaining claims before it are moot. It is

**FURTHER ORDERED AND ADJUDGED** that the remaining cases involving the nine enemy combatants be dismissed for lack of subject matter jurisdiction.

After we heard oral argument in this case, the Congress passed the Military Commissions Act of 2006, Pub. L. No. 109-366, 120 Stat. 2600 (2006) (MCA), which the President signed into law on October 17, 2006. Section 7(a) of the MCA amended 28 U.S.C. § 2241(e) to read:

(1) No court, justice, or judge shall have jurisdiction to hear or consider an application for a writ of habeas corpus filed by or on behalf of an alien detained by the United States who has been determined by the United States to have been properly detained as an enemy combatant or is awaiting such determination.

(2) Except as provided in paragraphs (2) and (3) of section 1005(e) of the Detainee Treatment Act of 2005 ... no court, justice, or judge shall have jurisdiction to hear or consider any other action against the United States or its agents relating to any aspect of the detention, transfer, treatment, trial, or conditions of confinement of an alien who is or was detained by the United States and has been determined by the United States to have been properly detained as an enemy combatant or is awaiting such determination.

28 U.S.C. § 2241(e). The nine remaining Appellees/Cross-Appellants have been determined by the United States to be enemy combatants and are being held at the Guantanamo Bay Naval Base in Cuba. In *Boumediene v. Bush*, 476 F.3d 981 (D.C. Cir. 2007), we held the MCA applies to the habeas petitions of enemy combatants being held at Guantanamo. *Id.* at 987-88. We further held the MCA is not an unconstitutional suspension of the writ of habeas corpus. *Id.* at 988-94. We therefore concluded that "[f]ederal courts have no jurisdiction in these cases." *Id.* at 994. Pursuant to that decision and 28 U.S.C. § 2241(e)(1)-(2), we do not have jurisdiction over the remaining cases.

Pursuant to D.C. Circuit Rule 36, this disposition will not be published. The Clerk is directed to withhold issuance of the mandate herein until seven days after resolution of any timely petition for rehearing or rehearing en banc. See Fed. R. App. P. 41(b); D.C. Cir. R. 41.

FOR THE COURT:
Mark J. Langer, Clerk

BY:

Deputy Clerk

# EXHIBIT D

# United States Court of Appeals
### FOR THE DISTRICT OF COLUMBIA CIRCUIT

**No. 05-5487**

**September Term, 2007**
**05cv00270, 05cv00833**
**05cv01509, 05cv01602**
**05cv02053**

Jamal Kiyemba, Next Friend, et al.,
      Appellees

    v.

George W. Bush, President of the United States, et al.,
      Appellants

Filed On:

UNITED STATES COURT OF APPEALS
FOR DISTRICT OF COLUMBIA CIRCUIT

FILED    SEP   7 2007

CLERK

---

Consolidated with 05-5488, 05-5489, 05-5490, 05-5491, 05-5492, 06-5042, 06-5234,

     **BEFORE:**    Ginsburg, Chief Judge, and Griffith and Kavanaugh,* Circuit Judges

### O R D E R

    Upon consideration of the motion to recall the mandate and the opposition thereto, it is

    **ORDERED** that the motion be granted and the mandate be recalled. The Clerk of the United States District Court for the District of Columbia is directed to return forthwith to the United States Court of Appeals for the District of Columbia Circuit the mandate issued May 10, 2007.

#### Per Curiam

FOR THE COURT:
Mark J. Langer, Clerk

BY:
Nancy G. Dunn
Deputy Clerk

---

* Circuit Judge Kavanaugh would deny the motion. *Cf. Belbacha v. Bush*, No. 07A98 (U.S. Aug. 10, 2007) (Supreme Court order declining to prevent Government from transferring detainee from Guantanamo Bay to Algeria, notwithstanding grant of certiorari in *Boumediene*).

# EXHIBIT E

# United States Court of Appeals

### FOR THE DISTRICT OF COLUMBIA CIRCUIT

---

**No. 05-5194**                    **September Term, 2006**

04cv02022

**Filed On:**

Saifullah Paracha, Detainee, Guantanamo Bay Naval
Station and Farhat Paracha, Next Friend,
        Appellants

      v.

George W. Bush, Jr., et al.,
        Appellees

Consolidated with 05-5211, 05-5333



UNITED STATES COURT OF APPEALS
FOR DISTRICT OF COLUMBIA CIRCUIT

FILED    APR X 9 2007

CLERK

---

**06-1038**

Saifullah Paracha,
        Petitioner

      v.

Robert M. Gates, Secretary of Defense,
        Respondent

---

**06-1117**

Saifullah Paracha,
        Petitioner

      v.

Robert M. Gates, Secretary of Defense,
        Respondent

# United States Court of Appeals
### FOR THE DISTRICT OF COLUMBIA CIRCUIT

—————

**No. 05-5194**                                          **September Term, 2006**

**BEFORE:**    Ginsburg, Chief Judge, Randolph, Circuit Judge, and Edwards,
Senior Circuit Judge

### O R D E R

Upon consideration of the motion of respondents-appellees to govern future proceedings and to dismiss Nos. 05-5194, 05-5211, and 05-5333, to proceed with petition for review No. 06-1038, and to dismiss No. 06-1117; and the motion of petitioner-appellant to consider and grant his dispositive motion, it is

**ORDERED** that the motion of petitioner-appellant to consider and grant his dispositive motion in all of his cases be denied without prejudice to any claims raised by petitioner in No. 06-1038. It is

**FURTHER ORDERED** that Nos. 05-5194 and 05-5333 be remanded to the district court with instructions to dismiss the petitions for writ of habeas corpus for lack of jurisdiction. See Boumediene v. Bush, 476 F.3d 981 (D.C. Cir. 2007), cert. denied, ____ S.Ct. ___, 2007 WL 957363 (April 2, 2007) (No. 06-1195, 06-1196). It is

**FURTHER ORDERED** that No. 05-5211 be dismissed as moot without prejudice to any claims raised by petitioner in No. 06-1038. It is

**FURTHER ORDERED** that petitioner's motions relating to conditions of his confinement be dismissed. The court lacks jurisdiction to consider these claims. See 28 U.S.C. § 2241(e); Section 7(a) of the Military Commissions Act of 2006, Pub. L. No. 109-366, 120 Stat. 2600 (2006). It is

**FURTHER ORDERED** that No. 06-1117 be dismissed. The court lacks jurisdiction to review Administrative Review Board determinations. See Sections 1005(e)(2)(A), (e)(3)(A) of the Detainee Treatment Act of 2005, Pub. L. No. 109-148, 119 Stat. 2680 (2005). It is

**FURTHER ORDERED** that the following briefing schedule apply in No. 06-1038:

| | |
|---|---|
| Brief for Petitioner | July 16, 2007 |
| Appendix | July 16, 2007 |
| Brief for Respondent | August 15, 2007 |
| Reply Brief for Petitioner | August 31, 2007 |

# United States Court of Appeals

### FOR THE DISTRICT OF COLUMBIA CIRCUIT

———

**No. 05-5194**                                    **September Term, 2006**

The parties are directed to take into account the court's disposition of No. 06-1197, Bismullah v. Gates, and No. 06-1397, Parhat v. Gates (scheduled for argument on May 15, 2007), in addressing issues related to discovery and this court's scope of review. The court will not entertain any motions for extension of time to file briefs but may permit supplemental briefing if No. 06-1197 and No. 06-1397 are decided after completion of briefing in No. 06-1038. The briefs and appendix are to be filed and served by hand by 4:00 p.m. on the date each is due. It is

**FURTHER ORDERED** that No. 06-1038 be scheduled for oral argument on September 17, 2007, at 9:30 a.m. before Chief Judge Ginsburg, Circuit Judge Randolph, and Senior Circuit Judge Edwards. The time and date of oral argument will not change absent further order of the court. The parties will be notified by separate order of the allocation of time for oral argument.

Pursuant to D.C. Circuit Rule 36, this disposition will not be published. The Clerk is directed to withhold issuance of the mandate in Nos. 05-5194, 05-5333, and 06-1117 until seven days after disposition of any timely petition for rehearing or rehearing en banc. See Fed. R. App. P. 41(b); D.C. Cir. Rule 41.

**Per Curiam**

**FOR THE COURT:**
Mark J. Langer, Clerk

BY: *Chiri Carter*

Deputy Clerk

Page 3

# EXHIBIT F

# United States Court of Appeals

**FOR THE DISTRICT OF COLUMBIA CIRCUIT**

---

## No. 05-5194

## September Term, 2006

04cv02022

**Filed On: June 20, 2007** [1048438]

Saifullah Paracha, Detainee, Guantanamo Bay Naval
Station and Farhat Paracha, Next Friend,
    Appellants

    v.

George W. Bush, Jr., et al.,
    Appellees

---

Consolidated with 05-5333

**BEFORE:**    Ginsburg, Chief Judge, Randolph, Circuit Judge, and Edwards,
    Senior Circuit Judge

## O R D E R

    Upon consideration of appellants' motion to stay the mandate, the opposition
thereto, and the reply, it is

    **ORDERED** that the motion be denied.

### Per Curiam

                 **FOR THE COURT:**
                 Mark J. Langer, Clerk

        BY:

                 Michael C. McGrail
                 Deputy Clerk

# EXHIBIT G

# United States Court of Appeals
### FOR THE DISTRICT OF COLUMBIA CIRCUIT

_____

**No. 05-5194**                                    **September Term, 2007**

**04cv02022**

**Filed On: September 7, 2007**

[1065327]

Saifullah Paracha, Detainee, Guantanamo Bay Naval
Station and Farhat Paracha, Next Friend,
                Appellants

            v.

George W. Bush, Jr., et al.,
                Appellees

_____

Consolidated with 05-5333


**BEFORE**:     Ginsburg, Chief Judge, and Randolph, Circuit Judge, and Edwards,
                Senior Circuit Judge

### O R D E R

Upon consideration of appellants' motion to recall the mandate and the opposition thereto, and it appearing that no mandate has issued, it is

**ORDERED**, on the court's own motion, that the issuance of the mandate be stayed pending further order of the court. It is

**FURTHER ORDERED** that the motion to recall the mandate be dismissed as moot.

The parties are directed to file motions to govern within thirty days of the Supreme Court's decision in <u>Boumediene v. Bush</u> and <u>Al Odah v. United States</u>, Nos. 06-1195 & 06-1196, <u>cert. granted</u> (U.S. Jun. 29, 2007).


### Per Curiam

                            **FOR THE COURT:**
                            Mark J. Langer, Clerk

            BY:

                            Nancy G. Dunn
                            Deputy Clerk

# EXHIBIT H

# United States Court of Appeals
### FOR THE DISTRICT OF COLUMBIA CIRCUIT

**No. 05-5224**                    **September Term, 2006**

01cv01001, 04cv01135, 04cv01144,
04cv01194, 04cv01254, 04cv02035,
04cv02215, 05cv00023, 05cv00247,
05cv00270, 05cv00280, 05cv00301,
05cv00329, 05cv00359, 05cv00392,
05cv00454, 05cv00490, 05cv00492,
05cv00520, 05cv00526, 05cv00551,
05cv00569, 05cv00586, 05cv00621,
05cv00634, 05cv00665, 05cv00723,
05cv00877, 05cv00881, 05cv00887,
05cv00993, 05cv00998, 05cv01048,
05cv01189, 05cv01220, 05cv01236,
05cv01246, 05cv01429, 05cv01453,
05cv01489, 05cv01491, 05cv01555,
05cv01635, 05cv01645, 05cv01649,
05cv01666, 05cv01668, 05cv01714,
05cv01806, 05cv01857, 05cv01983,
05cv02185, 05cv02186, 05cv02197,
                    05cv02248, 05cv02379

**Filed On:**

Mahmoad Abdah, Detainee, Camp Delta, et al.,
             Appellees

          v.

George W. Bush, Jr., President of the United States,
et al.,
             Appellants



UNITED STATES COURT OF APPEALS
FOR DISTRICT OF COLUMBIA CIRCUIT
FILED

AUG 9 2007

CLERK

Consolidated with 05-5225, 05-5226, 05-5227,
05-5228, 05-5229, 05-5230, 05-5231, 05-5232,
05-5233, 05-5234, 05-5235, 05-5236, 05-5237,
05-5238, 05-5239, 05-5241, 05-5242, 05-5243,
05-5244, 05-5245, 05-5246, 05-5247, 05-5248,
05-5337, 05-5338, 05-5339, 05-5340, 05-5341,
05-5353, 05-5374, 05-5390, 05-5398, 05-5399,
05-5478, 05-5479, 05-5480, 05-5482, 05-5483,
05-5484, 05-5486, 06-5037, 06-5039, 06-5040,
06-5041, 06-5043, 06-5044, 06-5061, 06-5062,
06-5063, 06-5064, 06-5065, 06-5066, 06-5067,
06-5068, 06-5094

# United States Court of Appeals

### FOR THE DISTRICT OF COLUMBIA CIRCUIT

No. 05-5224                                      September Term, 2006

**BEFORE:**    Sentelle, Henderson, and Tatel, Circuit Judges

### O R D E R

Upon consideration of the motion to vacate and dismiss in Nos. 05-5224, et al., and the notice of additional authority, the oppositions thereto, and the replies; the motion to hold in abeyance and to stay dismissal or order reinstatement in Nos. 05-5224, et al., and the opposition thereto; the motion to defer ruling on the motion to dismiss in No. 05-5226 and the opposition thereto; and the Supreme Court's orders granting the petitions for writ of certiorari in <u>Boumediene v. Bush</u> and <u>Al Odah v. United States</u>, Nos. 06-1195 and 06-1196, it is

**ORDERED** that the motion to defer ruling on the motion to dismiss in No. 05-5226 be denied.  It is

**FURTHER ORDERED** that the motion to dismiss the appeals be granted in part. Nos. 05-5226, -5233, -5234, -5241, -5245, -5340, -5341, -5399, -5480, -5482, -5483, and Nos. 06-5044, -5061, -5063, -5066, and -5068 are hereby dismissed as moot in light of the release of the petitioners from United States custody.  No. 06-5040 is hereby dismissed as moot because petitioner is deceased.  It is

**FURTHER ORDERED** that the motion to vacate the notice orders and to dismiss the habeas petitions of appellees in Nos. 05-5234, 05-5483, 06-5061, and 06-5066 be dismissed as moot in light of petitioners' release and the district court's dismissal of the petitions for writ of habeas corpus.  It is

**FURTHER ORDERED** that the motion to vacate the notice orders and to dismiss the habeas petitions of appellees in Nos. 05-5226, -5233, -5241, -5245, -5340, -5341, -5399, -5480, -5482, and Nos. 06-5040, -5044, -5063, and -5068 be denied without prejudice.  The district court is the appropriate forum to determine whether petitioners' remaining claims in their habeas actions are moot.  <u>See</u> <u>Kiyemba v. Bush</u>, 219 Fed. Appx. 7 (D.C. Cir. 2007).  It is

**FURTHER ORDERED** that consideration of the government's motion to vacate and dismiss the remaining cases in Nos. 05-5224, et al., and appellees' motion to stay dismissal or order reinstatement, be deferred and these consolidated cases held in abeyance pending further order of the court.  The parties are directed to file motions to govern further proceedings within thirty days of the Supreme Court's decision in <u>Boumediene v. Bush</u> and <u>Al Odah v. United States</u>, Nos. 06-1195 & 06-1196, <u>cert. granted</u> (U.S. Jun. 29, 2007).  It is

# United States Court of Appeals

### FOR THE DISTRICT OF COLUMBIA CIRCUIT

**No. 05-5224**                                 **September Term, 2006**

     **FURTHER ORDERED** that the consolidation of Nos. 05-5226, -5233, -5234, -5241, -5245, -5340, -5341, -5399, -5480, -5482, -5483, and Nos. 06-5040, -5044, -5061, -5063, -5066, and -5068 with Nos. 05-5224, et al., be terminated.

     Pursuant to D.C. Circuit Rule 36, this disposition will not be published.  The Clerk is directed to withhold issuance of the mandate in Nos. 05-5226, -5233, -5234, -5241, -5245, -5340, -5341, -5399, -5480, -5482, -5483, and Nos. 06-5040, -5044, -5061, -5063, -5066, and -5068 until seven days after resolution of any timely petition for rehearing or petition for rehearing en banc.  See Fed. R. App. P. 41(b); D.C. Cir. Rule 41.

### Per Curiam

FOR THE COURT:
Mark J. Langer, Clerk

BY:        _MaryAnne McMain_

       MaryAnne McMain
       Deputy Clerk/LD

# EXHIBIT I

# United States Court of Appeals
### FOR THE DISTRICT OF COLUMBIA CIRCUIT

No. 07-5129                                        September Term, 2006

05cv01220

Filed On:

Abu Abdul Rauf Zalita,
            Appellant

        v.

George W. Bush,
            Appellee



UNITED STATES COURT OF APPEALS
FOR DISTRICT OF COLUMBIA CIRCUIT
FILED

APR 2 5 2007

CLERK

FILED

JUL 3 2007

NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

**BEFORE:**    Rogers, Brown, and Kavanaugh, Circuit Judges

## O R D E R

Upon consideration of the emergency motion for injunctive relief and the response thereto, it is

**ORDERED** that the motion be denied and the case be dismissed for lack of subject matter jurisdiction. See Boumediene v. Bush, 476 F.3d 981 (D.C. Cir. 2007); Kiyemba v. Bush, Nos. 05-5487, et al., 2007 WL 964612 (D.C. Cir. Mar. 22, 2007).

Pursuant to D.C. Circuit Rule 36, this disposition will not be published. The Clerk is directed to withhold issuance of the mandate herein until seven days after resolution of any timely petition for rehearing or petition for rehearing en banc. See Fed. R. App. P. 41(b); D.C. Cir. Rule 41.

**Per Curiam**

JwR

JRB (by gHC)

BK

**MANDATE**
Pursuant to the provisions of Fed. R. App. Pro. 41(a)

ISSUED: 6/29/07

BY:

ATTACHED:  ___ Amending Order
           ___ Opinion
           ___ Order on Costs

A True copy:

United States Court of Appeals
for the District of Columbia Circuit

By: _____ Deputy Clerk

# EXHIBIT J

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

```
                                    :
MOHAMMED AHMED TAHER, et al.,       :
                                    :
            Petitioners,            :
                                    :
    v.                              :     Civil Case No. 06-1684(GK)
                                    :
GEORGE W. BUSH, et al.,             :
                                    :
            Respondents.            :
                                    :
```

ORDER

This matter is before the Court on Respondents' Motion to Dismiss Petition for Want of Jurisdiction or, in the Alternative, to Transfer Petition to the United States Court of Appeals for the District of Columbia Circuit [Dkt. No. 5].

On June 29, 2007, the Supreme Court granted certiorari to review the merits of our Court of Appeals' decision in <u>Boumediene v. Bush</u>, 476 F.3d 981 (D.C. Cir. 2007). Accordingly, it is hereby

**ORDERED** that Respondents' Motion to Dismiss Petition for Want of Jurisdiction or, in the Alternative, to Transfer Petition to the United States Court of Appeals for the District of Columbia Circuit [Dkt. No. 5] is **denied without prejudice** until the Supreme Court has ruled definitively on the issue of this District Court's jurisdiction.

September 13, 2007

_/s/_____
Gladys Kessler
United States District Judge

**Copies to:  Attorneys of Record via ECF**

# EXHIBIT K

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

```
_____
                              )
AHMED AL DARBY,               )
        et al.,               )
                Petitioner,   )
                              )          Civil Action No. 05-2371 (RCL)
        v.                    )
                              )
GEORGE W. BUSH,               )
        President of the United States, )
        et al.,               )
                Respondents.  )
_____)
```

## ORDER

Until a final ruling is made on this Court's jurisdiction, the petitioner's motion [24] for an

order requiring notice of transfer or return, and petitioner's motion [25] for an order requiring

factual returns are both denied, without prejudice.

SO ORDERED.

Signed by United States District Judge Royce C. Lamberth, August 8, 2007.

# EXHIBIT L

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

---

**MAHMOOD SALIM
AL-MOHAMMED, et al.,**

            **Petitioners,**

            **v.**

**GEORGE W. BUSH, et al.,**

            **Respondents.**

---

Civil Action 05-00247 (HHK)

### ORDER TO STAY AND HOLD IN ABEYANCE

Petitioner Al-Mohammed is a Syrian national being detained by the U.S. military at Guantánamo Bay Naval Base who has filed a habeas corpus petition challenging the legality of his detention. Before the court is Petitioner's motions to stay and abey his habeas corpus motions [#55], pending resolution of the appeals in *Boumediene v. Bush*, 476 F.3d 981 (D.C. Cir. 2007) (concluding that the district court no longer had jurisdiction over petitions for habeas corpus brought by those detained by U.S. military at Guantanamo pursuant to the Military Commissions Act of 2006, Pub. L. No. 109-366, 120 Stat. 2600 ("MCA")).

On June 29, 2007, the Supreme Court granted certiorari in *Boumediene*. *See* 75 U.S.L.W. 3707 (June 29, 2007). On July 26, 2007, the D.C. Circuit granted petitioners' motion to recall the mandate in *Boumediene* pending the Supreme Court's review of that decision. *See Boumediene*, No. 05-5062 (D.C. Cir. July 26, 2007) (order granting motion and recalling the mandate).

Petitioner seeks an order staying his petition in light of the pending review in *Boumediene*. The Government contends, *inter alia*, that *Boumediene* and the MCA deprive this court of jurisdiction over such motions.[1]

In light of the recall of the mandate in *Boumediene*, and upon consideration of the motion, the opposition thereto, and the record in this case, it is this August 7, 2007, hereby

**ORDERED** that Petitioner's motion to stay and abey this case [#55] is **GRANTED** and all matters in the above-captioned action are **STAYED** pending resolution of the Supreme Court's review of *Boumediene*.

Henry H. Kennedy, Jr.
United States District Judge

---

[1]    The D.C. Circuit, however, has denied motions to vacate a district court's 30 days' notice of transfer orders and has confirmed that district courts may "consider in the first instance respondents' motion to dismiss and petitioners' motions to stay and hold in abeyance, which are currently pending before the district court." *See Al Ginco v. Bush*, No. 06-5191 (D.C. Cir. June 7, 2007).

2

# EXHIBIT M

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

---

|  |  |
|---|---|
| ABDUL HADI OMAR MAHMOUD FARAJ, | ) |
| Petitioner, | ) |
| v. | ) |
| GEORGE W. BUSH, et al., | ) |
| Respondents. | ) |

Civil Action No. 05-1490 (PLF)

## ORDER

This matter is before the Court on defendants' motion to dismiss. In light of the
Supreme Court's grant of certiorari in *Boumediene v. Bush*, – S.Ct. –, 2007 WL 1854132 (June
29, 2007) (No. 06-1195) and *Al-Odah v. Bush*, – S.Ct. –, 2007 WL 681992 (June 29, 2007) (No.
06-1196), the undersigned concludes that the pending motion to dismiss should be denied
without prejudice pending the Supreme Court's decision. *See Al Maqeleh v. Gates*, Civil Action
No. 06-1669, 2007 WL 2059128 (D.D.C. July 18, 2007) (denying without prejudice motion to
dismiss in case filed by detainee held in Afghanistan). Accordingly, it is hereby

ORDERED that defendants' motion to dismiss [55] is DENIED without
prejudice. This matter will remain stayed pending the Supreme Court's resolution of
*Boumediene v. Bush* (06-1195) and *Al-Odah v. Bush* (06-1196). It is

FURTHER ORDERED that petitioner's motion to stay and hold in abeyance [54]

is denied as moot.

SO ORDERED.

_____/s/_____
PAUL L. FRIEDMAN
DATE:  July 27, 2007                    United States District Judge

2

# EXHIBIT N

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

FADI AL MAQALEH,

Petitioner,

v.

ROBERT GATES, et al.,

Respondents.

Civil Action No.  06-1669 (JDB)

## ORDER

Petitioner Fadi Al Maqaleh, a Yemeni citizen detained at the Bagram Airfield in Afghanistran, seeks a writ of habeas corpus ordering, among other things, his release from the allegedly unlawful custody of the United States.  Respondents have moved to dismiss his petition for lack of subject-matter jurisdiction.  They argue that the Military Commissions Act of 2006 ("MCA"), Pub. L. No. 109-366, § 7(a), 120 Stat. 2636, unambiguously eliminates the statutory basis for subject-matter jurisdiction, and that petitioner has no independent right to habeas review under the Constitution or the common law.  Respondents' argument on the latter point is based in substantial part on the D.C. Circuit's decision in Boumediene v. Bush, 476 F.3d 981 (D.C. Cir. 2007), in which the court held that the MCA divests federal courts of jurisdiction over all actions filed by aliens captured abroad and detained as enemy combatants at the Guantanamo Bay Naval Base (except for the specific review available under the Detainee Treatment Act of 2005, Pub. L. No. 109-148, 119 Stat. 2742), and also that such aliens have no constitutional or common-law right to habeas review. 476 F.3d at 988-994.

By the time that briefing on respondents' motion was completed in late April of this year, the

-1-

Supreme Court had denied two petitions for certiorari seeking review of the <u>Boumediene</u> decision. 127 S. Ct. 1478 (April 2, 2007). The court of appeals later issued its mandate on June 27, 2007. As of that date, then, the <u>Boumediene</u> decision was by all appearances final, and the law of this circuit firmly established. But on the final day of its term, the Supreme Court reversed course and granted the two petitions for certiorari. <u>Boumediene v. Bush</u>, -- S. Ct. --, 2007 WL 1854132 (June 29, 2007) (No. 06-1195); <u>Al Odah v. United States</u>, -- S. Ct. --, 2007 WL 681992 (June 29, 2007) (No. 06-1196). Those petitions directly challenge the D.C. Circuit's resolution of, among other issues, the following question: whether aliens captured and detained by the United States outside of the United States have a right under the Constitution or at common law to challenge their detentions via habeas corpus petitions. Petition for a Writ of Certiorari at i, <u>Al Odah v. United States</u> (No. 06-1196).

Putting to one side what may ultimately be significant differences between the Guantanamo detainees and those confined at Bagram, the answer to this question is equally relevant here. Even if respondents are correct that the MCA eliminates any <u>statutory</u> basis for subject-matter jurisdiction, the Court will still need to address petitioner's contention that he enjoys a constitutional or common-law right to habeas review. Definitive resolution of that issue, however, should await the Supreme Court's ruling in <u>Boumediene</u>. If the Supreme Court accepts the D.C. Circuit's reasoning and conclusion with respect to the availability of habeas review, respondents may well prevail on their motion to dismiss this case. Respondents may also prevail even if the Supreme Court rules narrowly for the Guantanamo detainees based on its previous decision in <u>Rasul v. Bush</u>, 542 U.S. 466 (2004). On the other hand, the Supreme Court could issue a broader decision in favor of the detainees, one whose reasoning applies not just to Guantanamo, but to Bagram and other locations as well. In short, whatever conclusion it reaches, and whatever the grounds for that conclusion, the Supreme Court's decision in <u>Boumediene</u> is likely directly to affect the outcome of this case.

-2-

This Court recognizes that the D.C. Circuit's ruling in <u>Boumediene</u> remains, at least for now, controlling precedent with respect to the Guantanamo detainees. But that decision does not <u>definitively</u> resolve the jurisdictional questions raised by this case. As such, this Court retains both the authority to determine its own jurisdiction, <u>see</u> <u>United States v. Ruiz</u>, 536 U.S. 622, 627 (2002) ("[A] federal court always has jurisdiction to determine its own jurisdiction."), and the related power, until the jurisdictional issues are finally determined, "'to make orders to preserve the existing conditions and the subject of the petition.'" <u>See</u> <u>United States v. United Mine Workers of Am.</u>, 330 U.S. 258, 291 (1947) (quoting <u>United States v. Shipp</u>, 203 U.S. 563, 573 (1906)). Exercising only these limited powers, and given the significance of the issues pending before the Supreme Court in <u>Boumediene</u>, the Court concludes that the most sensible course following the belated grants of certiorari is to deny respondents' motion to dismiss without prejudice to refiling following the <u>Boumediene</u> decision. <u>See</u> <u>Ameziane v. Bush</u>, Civ. A. 05-0392 (ESH) (D.D.C. July 5, 2007) (minute order entered in Guantanamo cases denying without prejudice respondents' motions to dismiss the habeas petitions filed by detainees). Accordingly, it is this 18th day of July, 2007, hereby

**ORDERED** that [7] respondents' motion to dismiss for lack of subject-matter jurisdiction is **DENIED WITHOUT PREJUDICE** to refiling following the Supreme Court's decision in <u>Boumediene v. Bush</u>, No. 06-1195, and <u>Al Odah v. United States</u>, No. 06-1196.

**SO ORDERED**.

___/s/ John D. Bates____
JOHN D. BATES
United States District Judge

Dated:    July 18, 2007____

-3-

# EXHIBIT O

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |
|---|---|
| MOHAMMED ABDUL RAHMAN AL SHIMRANI, *et al.*, ) ) ) | |
| Petitioners, ) | |
| v. ) | Civil Action No. 05-2249 (RMC) |
| GEORGE WALKER BUSH, *et al.*, ) ) | |
| Respondents. ) | |

## ORDER

This matter comes before the Court on Petitioners' Motion for Reconsideration of

Order Dismissing Petition for Habeas Corpus and Denying Motion to Stay Proceedings and Hold

in Abeyance. *See* May 9, 2007 Order [Dkt. #48]. In *Boumediene v. Bush*, 476 F.3d 981 (D.C. Cir.

2007), the D.C. Circuit ruled that the Military Commissions Act of 2006 (MCA), Pub. L. No. 109-

366, 120 Stat. 2600 (2006), eliminated jurisdiction of the federal courts to consider habeas actions

by Guantanamo detainees, and that the Guantanamo detainees, as aliens outside the sovereign

territory of the United States, lack constitutional rights and therefore lack standing to challenge the

elimination of jurisdiction.  The mandate issued on June 27, 2007 pursuant to Federal Rule of

Appellate Procedure 41(b). The Supreme Court granted certiorari on June 29, 2007 in *Boumediene*

*v. Bush*, 476 F.3d 981 (D.C. Cir. 2007) pursuant to Supreme Court Rule 44.2 and vacated its April

2, 2007 Order denying certiorari. On July 26, 2007, the Court of Appeals ordered that "the mandate

be recalled" and that "[t]he Clerk of the United States District Court for the District of Columbia is

directed to return forthwith to the United States Court of Appeals for the District of Columbia Circuit

the mandate issued June 27, 2007." *Boumediene v. Bush*, D.C. Cir. Nos. 05-5062; *Al Odah v. United*

*States*, D.C. Cir. No. 05-5064. In light of these recent events, the Court will grant the Petitioners' motion for reconsideration and will stay and hold this case in abeyance pending the Supreme Court's decision in *Boumediene*. Accordingly, it is hereby

       **ORDERED** that Petitioner's Motion for Reconsideration of Order Dismissing Petition for Habeas Corpus and Denying Motion to Stay Proceedings and Hold in Abeyance [Dkt. #53] is **GRANTED**; and it is

       **FURTHER ORDERED** that this case is stayed pending the Supreme Court's decision in *Boumediene v. Bush*.

       **SO ORDERED.**


                 _____/s/_____
                 ROSEMARY M. COLLYER
                 United States District Judge

DATE: August 22, 2007

2

# EXHIBIT P

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| SALIM GHEREBI, | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| v. | )     Civil Action No: 04-1164 (RBW) |
| | ) |
| GEORGE WALKER BUSH, et al., | ) |
| | ) |
| Respondents. | ) |
| | ) |
| ISA ALI ABDULLA ALMURBATI, et al., | ) |
| | ) |
| Petitioners, | ) |
| | )     Civil Action No. 04-1227 (RBW) |
| v. | ) |
| | ) |
| GEORGE WALKER BUSH, et al., | ) |
| | ) |
| Respondents. | ) |
| | ) |
| ELHAM BATTAYAV | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| v. | )     Civil Action No: 05-714 (RBW) |
| | ) |
| GEORGE WALKER BUSH, et al., | ) |
| | ) |
| Respondents. | ) |
| | ) |
| KARIN BOSTAN, | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| v. | ) |
| | )     Civil Action No. 05-883 (RBW) |
| GEORGE WALKER BUSH, et al., | ) |
| | ) |

1

Respondents.                              )
_____ )
NASRULLAH,                                )
                                          )
    Petitioner,                           )
                                          )
    v.                                    )    Civil Action No. 05-891 (RBW)
                                          )
GEORGE WALKER BUSH, et al.,               )
                                          )
    Respondents.                          )
_____ )
ASIM BEN THABIT AL-KHALAQI,               )
                                          )
    Petitioner,                           )
                                          )
    v.                                    )    Civil Action No. 05-999 (RBW)
                                          )
GEORGE WALKER BUSH, et al.,               )
                                          )
    Respondents.                          )
_____ )
MOHAMMED AMON,                            )
                                          )
    Petitioner,                           )
                                          )
    v.                                    )    Civil Action No. 05-1493 (RBW)
                                          )
GEORGE WALKER BUSH, et al.,               )
                                          )
    Respondents.                          )
_____ )

2

AMEEN MOHAMMAD ALBKRI, et al.,  )
              )
  Petitioners,       )
              )
  v.            )
              )  Civil Action No. 05-1639 (RBW)
GEORGE WALKER BUSH, et al.,   )
              )
  Respondents.      )
_____)
ABDALHADI M. AL-SOPAI, et al.,   )
              )
  Petitioners,       )
              )
  v.            )  Civil Action No. 05-1667 (RBW)
              )
GEORGE WALKER BUSH, et al.,   )
              )
  Respondents.      )
_____)
KADEER KHANDAN,      )
              )
  Petitioner,       )
              )
  v.            )  Civil Action No. 05-1697 (RBW)
              )
GEORGE WALKER BUSH, et al.,   )
              )
  Respondents.      )
_____)
ISSAM HAMID ALI BIN ALI AL JAYFI, et al., )
              )
  Petitioners,       )
              )
  v.            )  Civil Action No: 05-2104 (RBW)
              )
GEORGE WALKER BUSH, et al.,   )
              )
  Respondents.      )
_____)

JABBAROW OYBEK JAMOLIVICH,                )
                                          )
    Petitioner,                           )
                                          )
    v.                                    )    Civil Action No: 05-2112 (RBW)
                                          )
GEORGE WALKER BUSH, et al.,               )
                                          )
    Respondents.                          )
_____         )

AMER MOHAMMON, et al.,                    )
                                          )
    Petitioners,                          )
                                          )
    v.                                    )    Civil Action No: 05-2386 (RBW)
                                          )
GEORGE WALKER BUSH, et al.,               )
                                          )
    Respondents.                          )
_____         )

WASIM, et al.,                            )
                                          )
    Petitioners,                          )
                                          )
    v.                                    )    Civil Action No: 06-1675 (RBW)
                                          )
GEORGE WALKER BUSH, et al.,               )
                                          )
    Respondents.                          )
_____         )

MAJID KHAN, et al.,                       )
                                          )
    Petitioners,                          )
                                          )
    v.                                    )    Civil Action No: 06-1690 (RBW)
                                          )
GEORGE WALKER BUSH, et al.,               )
                                          )
    Respondents.                          )
_____         )

4

HAJI WAZIR, et al.,                          )
                                             )
                                             )
    Petitioners,                             )
                                             )
    v.                                       )        Civil Action No: 06-1697 (RBW)
                                             )
DONALD RUMSFELD, et al.,                     )
                                             )
    Respondents.                             )
_____          )

### ORDER

On October 17, 2006, Congress enacted the Military Commissions Act of 2006 ("MCA"),

Pub. L. No. 109-366, § 7, 120 Stat. 2600, 2636-37 (2006), which, inter alia, amends 28 U.S.C. §

2241 (2000) in a manner that raises serious questions concerning whether this Court retains

jurisdiction to hear the above-captioned cases. See 28 U.S.C. § 2241(e). These questions are

currently pending resolution in the United States Court of Appeals for the District of Columbia

Circuit. Until the District of Columbia Circuit resolves the jurisdictional questions raised by the

MCA, it is this Court's view that it lacks the authority to take any action in these cases.

Accordingly, it is hereby

**ORDERED** that all pending motions in the above-captioned cases are hereby DENIED

WITHOUT PREJUDICE until such time as the District of Columbia Circuit resolves the

question of this Court's jurisdiction to adjudicate these cases.[1] It is further

**ORDERED** that the above-captioned cases are ADMINISTRATIVELY CLOSED. In the

event that the District of Columbia Circuit concludes that this Court retains some degree of

---

[1] If the District of Columbia Circuit concludes that this Court retains jurisdiction over these cases, either party may move to reinstate the pending motions.

5

jurisdiction over any or all of the above-captioned cases, the matters will be automatically re-opened as appropriate.

    **SO ORDERED** this 31st day of January, 2007.


                                          REGGIE B. WALTON
                                          United States District Judge