# EXHIBIT A

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

---------------------------------------------------------- x
ABU ABDUL RAUF ZALITA, :
:
          Petitioner, :
:
    v. : Civil Action No. 05 CV 1220 (RMU)
:
GEORGE W. BUSH, *et al.*, :
:
          Respondents. :
:
---------------------------------------------------------- x

### DECLARATION OF J. WELLS DIXON

I, J. WELLS DIXON, pursuant to 28 U.S.C. § 1746, declare as follows:

1. I am an attorney at the Center for Constitutional Rights, 666 Broadway, 7th Floor, New York, New York 10012 ("CCR"). CCR represents petitioner Abu Abdul Rauf Zalita ("Petitioner") in the above-captioned action. I respectfully submit this declaration in support of Petitioner's motion for a temporary restraining order and preliminary injunction.

2. Petitioner, a Libyan citizen, is detained at the U.S. Naval Station at Guantánamo Bay, Cuba. He has been held there without charge or trial for more than five years. The U.S. government plainly has no interest in detaining him further for investigation or prosecution, and has cleared him for transfer to the custody of the Libyan government. Indeed, the U.S. government has already twice attempted to repatriate him to Libya, the country from which he fled more than ten years ago to avoid religious persecution. As the Court is aware, Petitioner has a credible fear that he will be subject to imprisonment, torture and possible summary execution if he is forcibly returned to Libya, and has resisted the U.S. government's attempts to repatriate him to that country.

3. On September 20, 2007, this Court dismissed Petitioner's habeas case without prejudice in light of the D.C. Circuit's decision in *Boumediene v. Bush*, 476 F.3d 981 (D.C. Cir.), *cert. granted*, 127 S. Ct. 3078 (2007). On September 21, 2007, counsel for Respondents informed CCR by email that "[i]n light of this development, counsel access (both legal mail and in-person visits) is no longer permitted under the terms of the now-dismissed district court counsel access regime. Accordingly, any further counsel access to petitioner must be governed by a jurisdictionally-appropriate protective order entered in a pending DTA case" (*see* dkt. no. 65, Ex. B). On September 25, 2007, Petitioner filed a motion for reconsideration of the Court's order dismissing his habeas case (*see id.*). In the interim, Petitioner is filing herewith a motion for a temporary restraining order and preliminary injunction.

4. In support of Petitioner's motion for a temporary restraining order and preliminary injunction, I declare that I am currently scheduled to travel to Guantánamo between October 17 and 25, 2007, and to meet with Petitioner on October 23, 2007. During my visit, it will be necessary for me to explain and provide legal advice to Petitioner concerning (1) his motion to recall the mandate and for rehearing in the D.C. Circuit, filed on July 25, 2007, and (2) his petition for a writ of certiorari, filed in the Supreme Court on September 21, 2007. These pending actions are inextricably related to Petitioner's efforts to avoid repatriation to Libya and obtain asylum in another country.

5. According to Respondents, I might not be permitted to discuss these issues with Petitioner under the protective order applicable to petitions filed under the Detainee Treatment Act of 2005. *See Bismullah v. Gates*, Nos. 06-1197, 06-1397, 2007 U.S. App. LEXIS 17255, at *28-29 (D.C. Cir. July 20, 2007). However, such communications are permitted under the protective order previously entered in Petitioner's now-dismissed habeas case.

6. Counsel for Respondents have further informed CCR that they will not agree to allow counsel access to detainees, including Petitioner, under the habeas protective order pending reconsideration by the Court of its September 20, 2007 order dismissing this case and other habeas cases in light of *Boumediene*.

7. Accordingly, unless the Court grants reconsideration or otherwise allows Petitioner access to his counsel under the terms of the habeas protective order pending reconsideration, Petitioner will suffer substantial prejudice because, according to Respondents, he might not be permitted to discuss his pending actions in the Court of Appeals and the Supreme Court – or perhaps even this Court's dismissal of his habeas case and the pending motion for reconsideration – or attendant issues relating to repatriation and asylum.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed:   New York, New York
            October 1, 2007

_____
J. Wells Dixon