# EXHIBIT 1

# United States Court of Appeals
### FOR THE DISTRICT OF COLUMBIA CIRCUIT

**No. 06-1197**      **September Term, 2006**

**Filed On:**

Haji Bismullah a/k/a Haji Bismillah, and a/k/a Haji Besmella,
Haji Mohammad Wali, Next Friend of Haji Bismullah,
    Petitioners

v.

Robert M. Gates, Secretary of Defense,
    Respondent

---

06-1397
Huzaifa Parhat, et al.,
    Petitioners

v.

Robert M. Gates, Secretary of Defense, et al.,
    Respondents

[STAMP: UNITED STATES COURT OF APPEALS FOR DISTRICT OF COLUMBIA CIRCUIT — FILED JUL 3 0 2007 — CLERK]

**BEFORE:**    Ginsburg, Chief Judge, and Henderson and Rogers, Circuit Judges

### O R D E R

Upon consideration of the court's order to show cause filed July 20, 2007, and the joint response thereto, it is

**ORDERED** that the order to show cause be discharged. The Clerk is directed to enter the attached protective order in the above-captioned cases.

### Per Curiam

**FOR THE COURT:**
Mark J. Langer, Clerk

BY: /s/ Nancy G. Dunn
Nancy G. Dunn
Deputy Clerk

# United States Court of Appeals

FOR THE DISTRICT OF COLUMBIA CIRCUIT

**No. 06-1197**                **September Term, 2006**

**Filed On:**

Haji Bismullah a/k/a Haji Bismillah, and a/k/a Haji Besmella,
Haji Mohammad Wali, Next Friend of Haji Bismullah,
    Petitioners

v.

Robert M. Gates, Secretary of Defense,
    Respondent

UNITED STATES COURT OF APPEALS
FOR DISTRICT OF COLUMBIA CIRCUIT

FILED JUL 3 0 2007

CLERK

---

06-1397

Huzaifa Parhat, et al.,
    Petitioners

v.

Robert M. Gates, Secretary of Defense, et al.,
    Respondents

**BEFORE:**    Ginsburg, Chief Judge, and Henderson and Rogers, Circuit Judges

## PROTECTIVE ORDER

This matter comes before the court upon the parties' motions for a protective order to prevent the unauthorized disclosure or dissemination of classified national security information and other protected information that may be reviewed by, made available to, or is otherwise in the possession of, the Petitioner or Petitioner's Counsel in this case. Pursuant to the general supervisory authority of the court, and for good cause shown,

    IT IS **ORDERED**:

1. **General Provisions**

A. The court finds that this case involves classified national security information or documents, the storage, handling and control of which require special security precautions, and access to which require a security clearance and a "need to know." This case may also involve other protected information or documents, the storage, handling and control of which may require special precautions in order to protect the security of United States personnel and facilities, and other significant interests.

B. The purpose of this Protective Order is to establish the procedures that must be followed by a Petitioner, Petitioner's Counsel, and all other individuals who receive access to classified information or documents, or other protected information or documents, in connection with this case, including the Department of Defense (DoD) Privilege Team.

C. The procedures set forth in this Protective Order will apply to all aspects of this case, and may be modified by further order of the court sua sponte or upon application by any party. The court will retain continuing jurisdiction to enforce or modify the terms of this Order.

D. Nothing in this Order is intended to or does preclude the use of classified information by the Government as otherwise authorized by law outside of this action under the Detainee Treatment Act.

E. Petitioner's counsel of record is responsible for advising his or her partners, associates, and employees, the petitioner, and others of the contents of this Protective Order, as appropriate or needed.

F. All documents marked as classified, and information contained therein, remain classified unless the documents bear a clear indication that they have been declassified or determined to be unclassified by the agency or department that is the original classification authority of the document or of the information contained therein.

G. Any violation of this Protective Order may result in a sanction for contempt.

2. **Definitions**

A. "Detainee" means an alien detained by the DoD as an alleged enemy combatant at the U.S. Naval Base at Guantánamo Bay, Cuba.

B. "Petitioner" means a Detainee or a "next friend" acting on his behalf.

C. "Petitioner's Counsel" includes a lawyer who is employed or retained by or on behalf

of a Detainee for purposes of representing the Detainee in this litigation, as well as co-counsel, interpreters, translators, paralegals, investigators, and all other personnel or support staff employed or engaged to assist in this litigation.

D. As used herein, the words "documents" or "information" include, but are not limited to, all written or printed matter of any kind, formal or informal, including originals, conforming copies and non-conforming copies (whether different from the original by reason of notation made on such copies or otherwise), and further include, but are not limited to:

   i. papers, correspondence, memoranda, notes, letters, reports, summaries, photographs, maps, charts, graphs, interoffice and intraoffice communications, notations of any sort concerning conversations, meetings, or other communications, bulletins, teletypes, telegrams, telefacsimiles, invoices, worksheets; and drafts, alterations, modifications, changes and amendments of any kind thereto;

   ii. graphic or oral records or representations of any kind, including, but not limited to, photographs, charts, graphs, microfiche, microfilm, videotapes, sound recordings of any kind, and motion pictures;

   iii. electronic, mechanical or electric records of any kind, including, but not limited to, tapes, cassettes, disks, recordings, electronic mail, films, typewriter ribbons, word processing or other computer tapes or disks, and all manner of electronic data processing storage; and

   iv. information acquired orally.

E. The terms "classified information" and "classified documents" refer to:

   i. any document or information that has been classified by any Executive Branch agency in the interests of national security or pursuant to Executive Order, including Executive Order 12958, as amended, or its predecessor Orders, as "CONFIDENTIAL," "SECRET," or "TOP SECRET," or additionally controlled as "SENSITIVE COMPARTMENTED INFORMATION (SCI)," or any classified information contained in such document;

   ii. any document or information, regardless of its physical characteristics, now or formerly in the possession of a private party that has been derived from United States government information that was classified, regardless of whether such document or information has subsequently been classified by the Government pursuant to Executive Order, including Executive Order 12958, as amended, or its predecessor Orders, as "CONFIDENTIAL," "SECRET," or "TOP SECRET," or additionally controlled as "SENSITIVE COMPARTMENTED INFORMATION (SCI)";

-3-

  iii. oral or nondocumentary classified information known to the Petitioner or Petitioner's Counsel; or

  iv. any document or information as to which the Petitioner or Petitioner's Counsel has been notified orally or in writing that such document or information contains classified information.

F. The terms "protected information" and "protected documents" refer to any document or information deemed by the court, either upon application by the Government or sua sponte, to require special precautions in storage, handling, and control, in order to protect the security of United States Government personnel or facilities, or other significant government interests.

G. "Access to classified information" or "access to protected information" means having access to, reviewing, reading, learning, or otherwise coming to know in any manner any classified information or protected information.

H. "Communication" means all forms of communication between Petitioner's Counsel and a Detainee, including oral, written, electronic, or by any other means.

I. "Legal Mail" consists only of documents and drafts of documents that are intended for filing in this action and correspondence directly related to those documents that —

  i. relate directly to the litigation of this action;

  ii. address only (a) events leading up to the capture of the Detainee on whose behalf the petition in this action was filed, (b) events occurring between such Detainee's capture and any hearing before a Combatant Status Review Tribunal (CSRT) relating to such Detainee, and (c) the conduct of the CSRT proceeding relating to such Detainee; and

  iii. do not include any of the following information, in any form, unless directly related to the litigation of this action:

   a. information relating to any ongoing or completed military, intelligence, security, or law enforcement operations, investigations, or arrests, or the results of such activities, by any nation or agency;

   b. information relating to current political events in any country;

   c. information relating to security procedures at the Guantánamo Naval Base (including names of United States government personnel and the layout of camp facilities) or the status of other Detainees;

-4-

   d. publications, articles, reports, or other such material including newspaper or other media articles, pamphlets, brochures, and publications by nongovernmental or advocacy organizations, or any descriptions of such material.

J. The "Record on Review" means the information defined as "Government Information" by the Secretary of the Navy in his memorandum regarding "Implementation of Combatant Status Review Tribunal Procedures" dated July 29, 2004, to wit, all "reasonably available information in the possession of the U.S. Government bearing on the issue of whether the detainee meets the criteria to be designated as an enemy combatant."

## 3. Roles and Functions of the DoD Privilege Team and Special Litigation Team

A. The "DoD Privilege Team" comprises one or more DoD attorneys and one or more intelligence or law enforcement personnel. If required, the DoD Privilege Team may include interpreters/translators. The DoD Privilege Team is charged with representing and protecting the interests of the United States Government related to security and threat information. The DoD Privilege Team is authorized to review all communications specified in this order, including written communications and other materials sent from Petitioner's Counsel to the Detainee. The DoD Privilege Team may not disclose a communication from Petitioner's Counsel to the Detainee other than information provided in a filing with the court and served on government counsel, unless the disclosure of such information is authorized by this or another order of the court or by Petitioner's Counsel.

B. The DoD Privilege Team may redact or screen out material not meeting the definition of "Legal Mail" in section 2(I) above.

C. When the DoD Privilege Team proposes to redact or screen out material sent from Petitioner's Counsel to a Detainee, Petitioner's Counsel for that Detainee must be notified.

D. In the event a dispute regarding the screening and redaction of material from legal mail sent from Petitioner's Counsel to a Detainee cannot be resolved among the parties and Petitioner's Counsel seeks the intervention of this court, the DoD Privilege Team may disclose the material at issue to the Commander, JTF-Guantánamo Naval Base or his representatives, including counsel for the Government.

E. A "Special Litigation Team" is authorized to represent the DoD Privilege Team with respect to execution of its duties. The Special Litigation Team will be composed of one or more attorneys from the Department of Justice, who may not take part or be involved in litigating the merits of this action under the Detainee Treatment Act or any other case brought by or against the Detainee.

-5-

F. The DoD Privilege Team may, through the Special Litigation Team (see § 3(H) below), inform the court of any issues or problems related to the release or processing of information related to this case.

G. The Special Litigation Team may not disclose information provided by the DoD Privilege Team, or any information submitted by Petitioner's Counsel to the DoD Privilege Team for review, except as provided by this Order or as permitted by Petitioner's Counsel or by the court.

H. Petitioner's Counsel or the Special Litigation Team may submit filings to the court concerning the DoD Privilege Team or actions taken by it.

I. Until otherwise notified, potentially privileged information in such filings must be submitted to the court under seal and contain a conspicuous notation as follows: "Submitted Under Seal – Contains Privileged Information." To maintain such information under seal, an appropriate application must be made to the court. Such information must be maintained under seal unless and until the court determines the information should not be sealed. Such filings by Petitioner's Counsel or the Special Litigation Team may not be served on counsel for respondent, except as authorized by Petitioner's Counsel or the court. With respect to a submission made under seal, a redacted version suitable for filing in the public record must be provided. Unresolved disputes concerning such redacted versions may be presented to the court.

J. Petitioner's Counsel may not convey to a Detainee information redacted or screened by the DoD Privilege Team or designated for such redaction or screening, absent consent from the DoD Privilege Team, the Special Litigation Team, or the Government, or authorization by this court.

**4. Access to Classified Information and Documents**

A. Without authorization from the Government, neither Petitioner nor Petitioner's Counsel may have access to any classified information involved in this case.

B. Petitioner's Counsel is presumed to have a "need to know" all the information in the Government's possession concerning the Detainee he represents. This presumption is overcome to the extent the Government seeks to withhold from Petitioner's Counsel highly sensitive information or information concerning a highly sensitive source that the Government presents to the court ex parte and in camera. Except for good cause shown, the Government must provide notice to Petitioner's Counsel on the same day it files such information with the court ex parte.

C. Authorization from the Government to access classified information will not be granted to Petitioner's Counsel unless Petitioner's Counsel has first:

   i. received the necessary security clearance as determined by the Department of Justice; and

   ii. obtained written evidence of authority to represent the Detainee; or

   iii. obtained evidence of authority to represent the Detainee through the Detainee's next friend.

D. Prospective counsel for a Detainee may have up to two visits with a Detainee to obtain his authorization to seek review of the CSRT's determination of his status.

E. The substitution, departure, or removal of Petitioner's Counsel from this case for any reason will not release that person from the provisions of this Protective Order.

F. Except as provided herein, Petitioner's Counsel may not disclose any classified or protected information to any person. Petitioner's Counsel may not disclose classified or protected information to a Detainee, unless that information was obtained in the first instance from the Detainee.

G. A disclosure of classified information includes any knowing, willful, or negligent action that could reasonably be expected to result in a communication or physical transfer of classified information.

H. Neither Petitioner nor Petitioner's Counsel may disclose or cause to be disclosed in connection with this case any information known or believed to be classified except as otherwise provided herein.

I. At no time, including any time subsequent to the conclusion of this case, may Petitioner's Counsel make any public or private statements disclosing any classified information made available pursuant to this Protective Order, including the fact that any such information is classified.

J. Petitioner's Counsel is required to treat all information learned from a Detainee, including any oral or written communication with a Detainee, as classified information, unless and until the information is submitted to the DoD Privilege Team or counsel for the Government and determined to be nonclassified. All classified material must be handled, transported, and stored in a secure manner, as provided by Executive Order 12958, DOD Regulation 5200.1-R and AI 26, OSD Information Security Supplement to DOD Regulation 5200.1R.

K. Petitioner's Counsel or the DoD Privilege Team must disclose to government counsel or Commander, JTF-Guantánamo Naval base any information learned from a Detainee involving any future event that threatens national security or is likely to involve violence. In such cases, the Privilege Team must provide contemporaneous notice to Petitioner's Counsel and retain for Petitioner's Counsel a copy of the

material provided to government counsel or Commander, JTF-Guantánamo Naval Base.

5. **Access to Protected Information**

A. The Government may apply to the court to deem any information "protected," and if filed in this court to be maintained under seal. Such information must be maintained under seal unless and until the court determines the information should not be designated as "protected."

B. Without authorization from the Government or the court, protected information may not be disclosed or distributed to any person or entity other than the following:

   i. Petitioner's Counsel and counsel bound by the terms of this protective order in a case filed on behalf of another Detainee seeking review under the Detainee Treatment Act,

   ii. the court and its support personnel, and

   iii. a Detainee if the information was obtained in the first instance from the Detainee.

C. Neither Petitioner nor Petitioner's Counsel may disclose or cause to be disclosed any information known or believed to be protected in connection with any hearing or proceeding in this case except as otherwise provided herein.

D. At no time, including any period subsequent to the conclusion of the proceedings, may Petitioner's Counsel make any public or private statements disclosing any protected information made available pursuant to this Protective Order, including the fact that any such information is protected.

E. Protected information may be used only for purposes directly related to this case and not for any other litigation or proceeding, except by leave of the court. Photocopies of documents containing such information may be made only to the extent necessary to facilitate the permitted use hereunder.

F. Nothing in this Protective Order prevents the Government from using for any purpose protected information it provides to a party. Nothing in this Protective Order entitles a nonparty to this case to protected information.

G. Within ninety (90) days of the resolution of this action, and the termination of any certiorari review therefrom, all protected documents or information, and any copies thereof, provided to Petitioner's Counsel must be promptly destroyed, and Petitioner's Counsel must certify in writing that all designated documents and

materials have been destroyed.

H. The Record on Review must be provided to Petitioner's Counsel at the time the certified index of the record is filed in this court, or as otherwise ordered by the court.

**Per Curiam**

**FOR THE COURT:**
Mark J. Langer, Clerk

BY: *[signature]*
Nancy G. Dunn
Deputy Clerk

-9-