*Cleared for Public Filing By
the CSO on October 5, 2006*

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

```
———————————————————————— x
                                         :
ABU ABDUL RAUF ZALITA,                   :
                                         :
                    Petitioner,          :
                                         :
           v.                            :   Civil Action No. 05 CV 1220 (RMU)
                                         :
GEORGE W. BUSH, et al.,                  :
                                         :
                    Respondents.         :
                                         :
———————————————————————— x
```

**REPLY MEMORANDUM IN FURTHER
SUPPORT OF MOTION FOR RECONSIDERATION**

Petitioner respectfully submits this reply memorandum in further support of his motion for reconsideration (*see* dkt. no. 65). The motion should be granted.

**Argument**

On September 20, 2007, the Court dismissed this case for lack of jurisdiction based on the D.C. Circuit's decision in *Boumediene v. Bush*, 476 F.3d 981 (D.C. Cir.), *cert. granted*, 127 S. Ct. 3078 (2007). Petitioner moved for reconsideration and reinstatement of this case on several grounds, and moved for a temporary restraining order and preliminary injunction to compel Respondents to comply with the habeas protective order pending a decision by the Court on his reconsideration motion and thus before the dismissal becomes final.

Respondents oppose reconsideration on one ground – that the Court correctly dismissed this case because it lacks jurisdiction in light of *Boumediene*, which remains binding precedent in this Circuit. In other words, Respondents argue that notwithstanding the D.C. Circuit's recall of the mandate in *Boumediene*, which deprived this Court of jurisdiction to decide motions to dismiss pending in those consolidated cases and otherwise made clear that this

Court should not dismiss Guantanamo habeas cases pending the Supreme Court's decision in *Boumediene*, once this Court decided to rule on Respondents' motion to dismiss it could take no action whatsoever except to grant the motion. Indeed, Respondents state that "[h]aving decided to resolve respondents' Motion to Dismiss, the Court had no choice but to rule as it did." Resp'ts' Opp'n at 2. Respondents are wrong.

The Court unquestionably has the power to grant reconsideration and reinstate this case in order to maintain the *status quo* pending a final decision by the Supreme Court in *Boumediene*, which all parties agree is likely to affect directly the outcome in this case. Respondents simply ignore the numerous cases cited in Petitioner's opening papers in which judges in this District have denied nearly identical motions to dismiss for lack of jurisdiction, and issued related orders, in order to preserve the *status quo* pending a final decision by the Supreme Court in *Boumediene*. *See* Pet'r's Br. at 5; *see also* Mem. Order at 5-7, *Ruzatullah v. Gates*, No. 06-cv-1707 (GK) (D.D.C. Oct. 2, 2007) (dkt. no. 32) (granting 30-day notice order in case of Bagram prisoner and noting that recall of mandate and grant of certiorari in *Boumediene* "cast a deep shadow of uncertainty over the jurisdictional ruling of [the D.C. Circuit's] decision"). Respondents also notably ignore the decisions by Judge Collyer, referenced in Petitioner's opening papers, *see* Pet'r's Br. at 5, granting reconsideration and reinstatement of habeas cases assigned to her – exactly the same limited relief that Petitioner seeks here. Petitioner thus respectfully submits that this Court may – and should now – order the same limited relief that other judges in this District have routinely ordered.

Second, Respondents are not correct that this case is pending in the D.C. Circuit solely on appeal from an interlocutory order. *See* Resp'ts' Opp'n at 4-5 & n.4. As indicated in Petitioner's opening papers, the D.C. Circuit denied injunctive relief, affirmed this Court's denial

of injunctive relief, and ordered this case dismissed for lack of subject matter jurisdiction. The mandate issued on June 27, 2007, two days before the Supreme Court granted rehearing and certiorari in *Boumediene*. *See* Pet'r's Br. at 3-4. Petitioner has since filed a motion to recall the mandate and for rehearing.[*] *See id.* Moreover, we note that Tuesday afternoon, October 2, 2007, the D.C. Circuit Clerk's Office called counsel to inquire about Respondents' response to Petitioner's motion to recall the mandate and for rehearing; and counsel for Respondents indicated at that time that they intend to file a response by the close of business today. Accordingly, it is possible that the D.C. Circuit will soon decide Petitioner's motion and, consistent with its recent actions in *Boumediene* and other cases, recall the mandate issued in this case. That further underscores why this Court should reinstate this case and preserve the *status quo*.

## Conclusion

For these reasons, and for the reasons set forth in Petitioner's opening papers and in the petitioners' Reply in Further Support of Motion to Reconsider and Vacate Order of September 20, 2007 Dismissing This Case, *Tumani v. Bush*, No. 05-cv-0526 (RMU) (D.D.C.), filed October 4, 2007 (dkt. no. 39), the Court should reconsider and vacate its order of September 20, 2007 dismissing this case.

---

[*] Petitioner also filed a petition for a writ of certiorari in the Supreme Court on September 21, 2007, which has not been decided. Moreover, while Petitioner has sought injunctive relief from the D.C. Circuit and the Supreme Court to prevent his forcible transfer to Libya, his appeals also concern whether the courts have jurisdiction to consider his non-habeas constitutional claims, which is an issue that was not addressed or decided in *Boumediene*.

Dated: New York, New York
October 4, 2007

Respectfully submitted,

Counsel for Petitioner:

/s/ Gitanjali S. Gutierrez
Shayana Kadidal (D.D.C. Bar No. 454248)
Gitanjali S. Gutierrez (Pursuant to LCvR 83.2(g))
J. Wells Dixon (Pursuant to LCvR 83.2(g))
CENTER FOR CONSTITUTIONAL RIGHTS
666 Broadway, 7th Floor
New York, New York 10012
Tel: (212) 614-6464
Fax: (212) 614-6499

- and -

George Daly (Pursuant to LCvR 83.2(g))
139 Altondale Avenue
Charlotte, North Carolina 28207
Tel: (704) 333-5196
NC Bar No. 1071

- and -

Jeffrey J. Davis (Pursuant to LCvR 83.2(g))
400 N. Church Street #222
Charlotte, NC 28202
Tel: (704) 661-5244
Fax: (888) 350-0980
NC Bar No. 6582