Cleared by the CSO
for public filing, 11/20/07

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| ABU ABDUL RAUF ZALITA,<br><br>    Petitioner,<br><br>v.<br><br>GEORGE W. BUSH *et al.*,<br><br>    Respondents. | No. 1:05 CV 1220 (RMU) |

**PETITIONER'S REPLY MEMORANDUM OF LAW IN SUPPORT OF
MOTION FOR PRELIMINARY INJUNCTION AGAINST TRANSFER**

  Federal courts have the inherent power to issue orders preserving the status quo pending final resolution of issues on appeal, including disputed issues concerning the jurisdiction of the courts to issue ultimate relief on the merits. That inherent power is codified in Federal Rule of Civil Procedure 62(c) and the All Writs Act. Rule 62(c), which specifies that district courts have the power to issue injunctions pending appeal, merely "codifies the inherent power of courts to make whatever order is deemed necessary to preserve the status quo and ensure the effectiveness of the eventual judgment." 11 Wright, Miller & Kane, Federal Practice and Procedure § 2904 at 500 (2d ed. 1995) (citing cases); see also *Ideal Toy Corp. v. Sayco Doll Corp.*, 302 F.2d 623, 625 (2d Cir. 1962) ("Rule 62(c)..., which permits modification of injunction orders during the pendency of an appeal[, is] 'merely expressive of a power inherent in the court to preserve the status quo where, in its sound discretion, the court deems the circumstances to justify.'"). Several

federal courts have issued opinions granting status quo injunctions pending appeal even while deciding that they lacked jurisdiction to decide the merits.[1]

This inherent power has been frequently recognized as an exception to the common-law rule that pendency of an appeal deprives the district court of power to modify its rulings. *See Natural Res. Def. Council v. Southwest Marine, Inc.*, 242 F.3d 1163, 1166 (9th Cir. 2001) ("judge-made" rule that notice of appeal deprives district court of jurisdiction "is not ... absolute" and "district court retains jurisdiction during the pendency of an appeal to act to preserve the status quo.") (citing *Newton v. Consolidated Gas Co.*, 258 U.S. 165, 177 (1922)); *Mary Ann Pensiero, Inc. v. Lingle*, 847 F.2d 90 (3d Cir. 1988) ("As a prudential doctrine, the rule should not be applied when to do so would defeat its purpose of achieving judicial economy."); *Ced's, Inc. v. EPA*, 745 F.2d 1092, 1095 (7th Cir. 1984) ("actions serving to preserve the status quo pending the appeal" are exceptions to general principle that notice of appeal deprives district court of jurisdiction).

Respondents confuse the ultimate merits of this proceeding—whether the court has ultimate jurisdiction in habeas corpus to, inter alia, issue a permanent injunction against Petitioner's transfer to Libya—with the issue of whether this Court retains jurisdiction to issue a

---

[1] *See J. Weingarten, Inc. v. Potter*, 233 F. Supp. 833, 838-39 (S.D. Tex. 1964) (district court held that it had no jurisdiction to grant permanent injunction, but granted injunction pending appeal: "The Court will definitely have jurisdiction to enjoin such activity if plaintiff's construction of [the NLRB Rules] eventually prevails. However, if this Court, after holding that it lacks jurisdiction over the controversy, although subject to reversal on appeal, now has no jurisdiction to issue an injunction pending appeal, plaintiff's prevailing on appeal would gain it a hollow victory indeed, one of mere academic interest, for the activity of which it complains would have long since occurred. I cannot believe that this is or ever will be the state of the law."); *British Steel Corp. v. United States*, 649 F. Supp. 78, 79, 81 (Ct. Int'l Trade 1986) (although "the issue is presented as to whether … the court has jurisdiction to enjoin liquidation" of imported steel plates by Customs, and the court decided it against plaintiff on the merits, "injunction pending appeal" would be granted because "[l]iquidation … by Customs clearly would moot the appeal"); *see also Pettway v. American Cast Iron Pipe Co.*, 411 F.2d 998, 1003 (5th Cir. 1969) (district court that dismissed action erred in denying "motion for injunction pending appeal": "That [the complaint] was dismissed for want of jurisdiction, rather than on the intrinsic merits is a matter of no consequence. Of course, the Trial Court could not, during the pendency of the appeal, take action with respect to the order then under review which would hinder or frustrate determination by the Court of Appeals. But the case was a 'pending' one, at least in the sense that if, as actually happened, the Court of Appeals differed with the District Court, the case would go back as a viable one from the very date of its filing.").

temporary status quo order preserving its potential jurisdiction by preventing the mooting of this case while the Supreme Court resolves the ultimate merits issue. That distinction—between a final ruling on the merits and interim relief that merely preserves the ability of the superior courts to adjudicate appeals from final merits rulings—is made quite clearly in the caselaw:

> Rule 62(c) is "merely expressive of a power inherent in the court to preserve the status quo where, in its sound discretion, the court deems the circumstances so justify." 7 J. Moore, *Moore's Federal Practice* ¶62.05, at 62-19 to 20 (2d ed. 1979). It does not restore jurisdiction to the district court to adjudicate anew the merits of the case after either party has invoked its right of appeal and jurisdiction has passed to an appellate court. Rule 62(c) codifies the "long established" and narrowly limited right of a trial court "to make orders appropriate to preserve the status quo while the case is pending in [an] appellate court." *United States v. El-O-Pathic Pharmacy*, 192 F.2d 62, 79 (9th Cir. 1951). "After appeal a trial court may, if the purposes of justice require, preserve the status quo until decision by the appellate court. ... But it may not finally adjudicate substantial rights directly involved in the appeal." *Newton v. Consolidated Gas Co.*, 258 U.S. 165, 177, 66 L. Ed. 538, 42 S. Ct. 264 (1922) (citations omitted) (statement of the rule prior to its codification), citing *Hovey v. McDonald*, 109 U.S. 150, 157 (1883), and *Merrimack River Savings Bank v. Clay Center*, 219 U.S. 527, 534 (1911).

*McClatchy Newspapers v. Central Valley Typographical Union No. 46*, 686 F.2d 731, 734-35 (9th Cir. 1982).

Respondents' authorities for the notion that there is some sort of *absolute* jurisdictional bar at work here all concern attempts by district courts to make or alter final merits rulings during the pendency of an appeal. (Resp. Br. at 3.) The first case Respondents cite is *Griggs v. Provident Consumer Discount Co.*, 459 U.S. 56, 56 (1982), which concerned "the validity of a notice of appeal filed after the entry of the District Court's judgment but while the appellant's *motion to alter or amend that judgment* remained pending in the District Court." (Emphasis added.) That sort of situation obviously presents far greater concerns for self-contradiction by the judicial branch (as two different courts simultaneously "would both have had the power to modify the same judgment," *id*. at 60) than the situation here, where Petitioner merely seeks to

3

preserve the status quo pending the resolution of complex jurisdictional issues in the Supreme Court.

Respondent also cites *United States v. DeFries*, 129 F.3d 1293 (D.C. Cir. 1997), as supposed authority for the notion that the district court is entirely divested of jurisdiction, even after the issuance of an opinion from the Court of Appeals, until the formal issuance of a mandate based on that opinion. That case concerned an interlocutory appeal in which the Court of Appeals allowed a mail fraud count to go forward against two criminal defendants, but withheld its mandate pending petitions for rehearing from defendants. *See id*. at 1302. The Court of Appeals found it objectionable that the district court proceeded to trial on the disputed claim before the mandate had issued from the Court of Appeals, and, indeed, while a motion for *en banc* reconsideration of the decision regarding the disputed count was still pending. Obviously, on such facts, "waste of judicial resources" is a major concern, *id*. at 1303, as is defendants' right to not have to stand trial on criminal counts of disputed legal validity (appellate dismissal of which might implicate trial tactics on other valid counts). None of those concerns are present here.

It is no bar that the Court of Appeals has considered the merits of the instant appeal once, or that we stand at some remove of time from the initial appeal:

> It is of course generally the rule that when an appeal is perfected the district court loses jurisdiction to take further action in the cause, but subdivision (c) of Rule 62 is an exception to that general rule and a recognition of the long established right of the trial court, after an appeal, to make orders appropriate to preserve the status quo while the case is pending in the appellate court. *Newton v. Consolidated Gas Co. of New York*, 258 U.S. 165, 177.
>     Under old equity rule 74, ... the trial judge was permitted to make such an order when he allowed the appeal, "at the time of such allowance." Subdivision (c) of [modern] Rule 62, omits reference to any specific time when the district court may grant such an injunction, and we think that under common principles of construction, this authority of the district court must now be held to continue throughout the period when the appeal is pending.

*United States v. El-O-Pathic Pharmacy*, 192 F.2d 62, 79-80 (9th Cir. 1951). Similarly, the Seventh Circuit has ruled that the district court retains power to issue status quo orders even after the Court of Appeals has issued a panel opinion:

> the district court's power to grant a stay of its judgment pending appeal ... is vested in the district court by virtue of its original jurisdiction over the case and continues to reside in the district court until such time as the court of appeals issues its mandate, notwithstanding this court's rehearing en banc. Although the district court lacks jurisdiction to vacate or alter its judgment pending appeal, absent a remand, the district court retains the power *throughout* the pendency of the appeal to simply preserve the status quo by granting a stay of its judgment. Thus, our decision to rehear the instant case en banc in no way affected the district court's jurisdiction to rule on the appellants' motion for stay.

*Rakovich v. Wade*, 834 F.2d 673, 674-75 (7th Cir. 1987) (emphasis added).

The rationale for this rule of continuing jurisdiction, "throughout" the pendency of appeal, is that the trial court is in a better position to enforce injunctions than a court of appeals. *See, e.g., Davis v. Board of Sch. Comm'rs of Mobile Cty., Ala.*, 322 F.2d 356, 358-59 (5th Cir. 1963) (stating that court of appeals had power to issue injunctive relief but it was more appropriate for court to broadly frame order and then direct district court to actually issue it, with district court retaining power to "modify" injunction as "appropriate or necessary"); *see also McCoy v. Louisiana St. Bd. of Educ.*, 332 F.2d 915, 917-18 (5th Cir. 1964) (similar order). At least one district court has asserted the power to enforce such an injunction through contempt sanctions during pendency of an appeal. *See Vac-Air Inc. v. John Mohr & Sons, Inc.*, 54 F.R.D. 580 (D. Wis. 1972). Accordingly, under the terms of Federal Rule of Appellate Procedure 8(a)(1)(c), parties are "ordinarily" required to "move first in the district court" for injunctions pending appeal before requesting such relief from the Court of Appeals. "[I]t is only if relief is not obtained [in the district court] that the appellate court will consider acting under Rule 62(g)."

Federal Practice and Procedure § 2904 at 517 (2d ed. 1995). Therefore, under current circumstances, it is appropriate to request relief from the district court.

District courts clearly retain jurisdiction to issue such orders pending appeals, regardless of the specific source of authority alluded to—whether it be the All Writs Act,[2] Rule 62(c), or the inherent power of the Court. Accordingly, this Court recently issued an order vacating its dismissal of the instant case and reinstating "the protective orders and counsel access rules" in order, in part, to "maintain[] the status quo" pending resolution of the "extraordinary procedural dispositions in *Boumediene*." Order, Dkt. 72, *Zalita v. Bush*, No. 05-cv-1220 (D.D.C. Oct. 5, 2007) at 6 and 6 n.2.

* * *

The "law of the case" doctrine, discussed in Resp. Br. at 4-8, is irrelevant to interim relief designed to preserve jurisdiction. The decision of the Court of Appeals addressed jurisdiction to decide the ultimate merits of the case. It did not *and could not* affect the inherent power of this Court to preserve the status quo pending final resolution of that question on appeal to the Supreme Court. Should the Court of Appeals disagree with an order issuing the relief Petitioner seeks here, the remedy would be for Respondents to seek an order from the Court of Appeals mandating vacatur of that injunction. It seems obvious, given the Court of Appeals' withdrawal of its mandate, that such an order will not be forthcoming—at least during the pendency of the *Boumediene* appeal to the Supreme Court.

Respondents correctly identify the desire for judicial consistency as the major motive factor behind the law of the case doctrine. However, consistency is simply not an issue in the

---

[2] Although the foregoing discussion focuses on Rule 62(a) and inherent authority, the All Writs Act is equal authority for such status-quo injunctions pending appeal. *Cf.* Fed. R. Appellate Proc. 8, 1967 Advisory Committee Note (power to issue FRAP 8(a) orders is "not explicitly conferred by statute" but "exists by virtue of the all writs statute" and "'inherent'" power of the Court of Appeals, which is "'part of [the courts'] traditional equipment for the administration of justice.'" (quoting cases)).

context of injunctions to preserve the status quo pending ultimate resolution of disputed questions on appeal in a single case. Once the Supreme Court decides the ultimate issues in this case and *Boumediene*, concern for consistency with its decisions may militate against issuance of interim relief. Until then, the concern for consistency suggests the opposite: that this Court should ensure that Petitioner is still alive to reap the benefits of a favorable ruling in *Boumediene*.

**CONCLUSION**

An air of unreality surrounds the government's positions in this case. It afflicts their assertion that DTA review is an adequate substitute for habeas corpus in cases like this one, their willingness to rely on diplomatic assurances given by governments like that of Libya, and now their notion that nothing has changed given the grant of certiorari by the Supreme Court in *Boumediene*. The Court of Appeals panel in this very case is quite obviously waiting for the Supreme Court's *Boumediene* decision—the panel recently issued an order deferring panel reconsideration, holding the case in abeyance, and ordering motions to govern to be filed after the resolution of *Boumediene* by the Supreme Court. *See* Order, *Zalita v. Bush*, No. 07-5129 (D.C. Cir. Nov. 11, 2007) (attached as Exhibit A). Moreover, the Court of Appeals *in banc* also deferred consideration of the petition for rehearing en banc in this case; two of the three panelists voted to defer en banc reconsideration rather than deny it outright. *See* Order, *Zalita v. Bush*, No. 07-5129 (D.C. Cir. Nov. 11, 2007) (en banc) (noting that Judge Kavanaugh, but not Judges Rogers and Brown, voted to deny en banc reconsideration) (attached as Exhibit B). Clearly, "'a

deep shadow of uncertainty'"[3] has been cast over the Court of Appeals' initial decisions denying habeas jurisdiction to Guantánamo detainees.

Notwithstanding all of this, Respondents would have this Court allow them to send Petitioner back to Libya based on the "necessary implication" of the decisions in two cases where the Court of Appeals has withdrawn its mandate—this case[4] and *Boumediene*. (*See* Resp. Br. at 5, 9.) This Court should not join Respondents in speculating about the "implications" of those decisions, or in surmising that five justices of the Supreme Court reversed the initial decision on certiorari in *Boumediene* in order to establish that habeas jurisdiction does *not* exist over Petitioner's claims. Instead, this Court should vindicate "the public's interest to have a judiciary that does not shirk its obligations ... where the Great Writ is concerned" by acting—as it did in *Omar v. Harvey*, 416 F. Supp. 2d. 19, 29-30 (D.D.C. 2006), and as Judge Kessler did in *Alhami v. Bush*, No. 05-cv-359 (D.D.C. Oct. 2, 2007)—to preserve its jurisdiction by maintaining the status quo pending the final resolution of his case.

Dated: November 19, 2007              Respectfully submitted,

                                                         /s/ Shayana Kadidal
                                     Shayana Kadidal (D.C. Bar No. 454248)
                                     Gitanjali S. Gutierrez
                                     J. Wells Dixon
                                     CENTER FOR CONSTITUTIONAL RIGHTS
                                     666 Broadway, 7th Floor

---

[3]     Order, Dkt. 72, *Zalita v. Bush*, No. 05-cv-1220 (D.D.C. Oct. 5, 2007) at 6 n.2 (quoting *Ruzatullah v. Gates*, No. 06-1707, Order at 5 (Oct. 2, 2007)).

[4]     Counsel for Petitioner first became aware of the recall of the mandate in this case when seeing it as an exhibit to Respondents' opposition brief. Although this appears to be an endemic problem with such notices from the Court of Appeals in Guantánamo detainee cases, *cf.* Order, Dkt. 72, *Zalita v. Bush*, No. 05-cv-1220 (D.D.C. Oct. 5, 2007) at 6 n. 3 ("Even though *Kiyemba* was before this court in the first instance, the first notice this court received of the recalled mandate was in the form of an exhibit to petitioners' motions for reconsideration."), it appears that the mandate recall in this case was available on the Court of Appeals' PACER website in a timely fashion. Counsel apologize for their oversight in not finding it there prior to the filing of this motion. Nonetheless, as indicated above, regardless of the status of the mandate, this Court has the power to issue the relief requested by Petitioner—whether that relief is issued pursuant to the All Writs Act, FRCP 62(c), or this Court's inherent powers.

New York, New York 10012
Tel: (212) 614-6438
Fax: (212) 614-6499

George Daly
139 Altondale Avenue
Charlotte, North Carolina 28207
Tel: (704) 333-5196

Jeffrey J. Davis
400 North Church Street #222
Charlotte, North Carolina 28202
Tel: (704) 661-5244

*Counsel for Petitioner*

## **CERTIFICATE OF SERVICE**

I hereby certify that on November 19, 2007, I caused the foregoing Petitioner's Reply Memorandum of Law, together with its exhibits, to be filed and served on counsel listed below by causing an original and six copies to be delivered to the Court Security Office.

>Judry L. Subar, Esq.
>U.S. Department of Justice
>Civil Division, Federal Programs Branch
>20 Massachusetts Ave., N.W.
>Washington, DC  20530
>(202) 514-3969

>_____/s/_____
>Shayana Kadidal (D.C. Bar No. 454248)

**Exhibit A**
Order, *Zalita v. Bush*, No. 07-5129 (D.C. Cir. Nov. 11, 2007)

# United States Court of Appeals
### FOR THE DISTRICT OF COLUMBIA CIRCUIT

---

**No. 07-5129**  **September Term, 2007**

05cv01220

Filed On: November 15, 2007

[1080489]

Abu Abdul Rauf Zalita,
       Appellant

    v.

George W. Bush,
       Appellee

    **BEFORE**:    Rogers, Brown and Kavanaugh, Circuit Judges

### O R D E R

Upon consideration of the petition for panel rehearing and the court's order filed October 11, 2007, granting appellant's motion to recall the mandate, it is

**ORDERED** that consideration of the petition for panel rehearing be deferred and this case held in abeyance pending further order of the court. The parties are directed to file motions to govern further proceedings within thirty days of the Supreme Court's decision in <u>Boumediene v. Bush</u> and <u>Al Odah v. United States</u>, Nos. 06-1195 & 06-1196, <u>cert. granted</u> (U.S. Jun. 29, 2007).

### Per Curiam

           **FOR THE COURT:**
           Mark J. Langer, Clerk

BY:

           Deputy Clerk/LD

**Exhibit B**
Order, *Zalita v. Bush*, No. 07-5129 (D.C. Cir. Nov. 11, 2007) (en banc)

# United States Court of Appeals
### For The District of Columbia Circuit

---

**No. 07-5129**  **September Term, 2007**

05cv01220

Filed On: November 15, 2007

[1080486]

Abu Abdul Rauf Zalita,
    Appellant

v.

George W. Bush,
    Appellee

**BEFORE**:   Ginsburg, Chief Judge,* and Sentelle,* Henderson, Randolph,* Rogers, Tatel, Garland, Brown, Griffith, and Kavanaugh,* Circuit Judges

### O R D E R

Upon consideration of the petition for rehearing en banc, it is

**ORDERED** that consideration of the petition be deferred pending further order of the court.

### Per Curiam

        **FOR THE COURT:**
        Mark J. Langer, Clerk

BY:

        Deputy Clerk/LD

---

  *Chief Judge Ginsburg, and Circuit Judges Sentelle, Randolph, and Kavanaugh would deny the petition for rehearing en banc.