IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| ABU ABDUL RAUF ZALITA, *et al.*, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | Civil Action No. 05cv1220 (RMU) |
| ) | |
| GEORGE W. BUSH, *et al.*, ) | |
| ) | |
| Respondents. ) | |

**RESPONDENTS' UNOPPOSED MOTION FOR LEAVE TO FILE SURREPLY
IN CONNECTION WITH PETITIONER'S MOTION FOR
PRELIMINARY INJUNCTION AGAINST TRANSFER**

Respondents hereby respectfully move, through undersigned counsel, for an order permitting the filing of the surreply filed contemporaneously with the present motion in connection with petitioner's Motion for Preliminary Injunction Against Transfer. The following considerations support the present motion:

1. The papers filed along with petitioner's motion for an injunction on the one hand, and petitioner's reply brief filed in connection with that motion on the other, characterize the relief sought on the injunction motion in different terms. The former asks for an injunction *pendente lite* pursuant to the All Writs Act, 28 U.S.C. § 1651, and the latter argues that petitioner is entitled to an injunction pending appeal under Federal Rule of Civil Procedure 62(c).[1] Petitioner seems to argue that Rule 62(c) provides this Court with the authority to issue an injunction notwithstanding the jurisdictional obstacles to such relief discussed in respondents' opposition to

---

[1] To be sure, at the very end of his reply brief, petitioner again uses a formulation of his request for relief that refers to the status quo "pending the final resolution of his case," Dkt. No. 77 at 8, but that phrasing appears disconnected from the argument made in that brief.

the motion. Petitioner's arguments under Rule 62(c) are unavailing, just as those made in the original motion papers are.

     2. While the considerations discussed in respondents' opposition memorandum should be sufficient for this Court to deny the injunction motion however it might be characterized, there are additional aspects of the history of this case and of applicable legal authority that demonstrate why a Rule 62(c) motion should be denied that were not relevant to petitioner's motion as initially argued by petitioner. Respondents' surreply addresses those factors.

     3. Pursuant to Local Rule 7(m), the undersigned have conferred petitioner's counsel, Shayana Kadidal, with regard to his position on the present motion for leave to file a surreply. Petitioner's counsel does not object to the filing of a surreply.

Dated: November 28, 2007　　　　　　　　Respectfully submitted,

                                              JEFFREY S. BUCHOLTZ
                                              Acting Assistant Attorney General

                                              DOUGLAS N. LETTER
                                              Terrorism Litigation Counsel

                                                /s/   *Judry L. Subar*
                                              JOSEPH H. HUNT (D.C. Bar No. 431134)
                                              VINCENT M. GARVEY (D.C. Bar No. 127191)
                                              JUDRY L. SUBAR (D.C. Bar No. 347518)
                                              JEAN LIN
                                              ANDREW WARDEN
                                              Attorneys
                                              United States Department of Justice
                                              Civil Division, Federal Programs Branch
                                              20 Massachusetts Ave., N.W.
                                              Washington, DC  20530
                                              Tel:  (202) 514-3969

                                              Attorneys for Respondents