IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| ABU ABDUL RAUF ZALITA, *et al.*, | ) ) ) |
| Petitioner, | ) ) |
| v. | ) Civil Action No. 05cv1220 (RMU) |
| GEORGE W. BUSH, *et al.*, | ) ) ) |
| Respondents. | ) ) ) |

**RESPONDENTS' SURREPLY IN CONNECTION WITH PETITIONER'S
MOTION FOR PRELIMINARY INJUNCTION AGAINST TRANSFER**

Petitioner has moved for a preliminary injunction enjoining respondents from transferring him to Libya or to any other country without his permission. In support of his motion, petitioner first argued that an injunction pending resolution of this case on its merits is appropriate. After respondents noted the many reasons why this Court should deny the motion – including that Congress has made clear through legislation that this Court is without jurisdiction over this case, that under binding law in this Circuit the legislation is constitutional and applicable to this case, and that this Court, the Court of Appeals and the Supreme Court already have denied this very petitioner identical relief in this case – petitioner has now taken a different approach. He has, in his reply, recast his motion as one for an injunction pending appeal, presumably predicated on the fact that he has requests for reconsideration pending before the Court of Appeals and a petition for certiorari pending in the Supreme Court. However cast, the reasons given in respondents' initial opposition counsel in favor of denying petitioner's motion. And beyond those considerations, certain aspects of the history of this case and of the applicable law, as further explained herein, clarify that the Court should deny the motion even as reformulated in

petitioner's reply.

1. As discussed in respondents' earlier papers, this Court concluded months ago that it lacks jurisdiction to grant a preliminary injunction with regard to transfer in this case. This Court also declined to grant an injunction pending appeal. Petitioner has presented no reason for the Court to reverse its course.

    a. On April 19, 2007, this Court denied petitioner's motion for an injunction barring his transfer to Libya.

    b. On April 20, 2007, petitioner filed a motion for the sort of relief that petitioner says in his reply papers he wants now: an injunction pending appeal. *See* Emergency Motion for Stay of Transfer Pending Appeal, Dkt. No. 54. As he described the type of order he sought in that April 20 motion, it would be "a stand-still order preserving the status quo until resolution of the important issues of law raised by his appeal." *Id*. at 1.

    c. This Court did not grant petitioner the relief he sought. Later on April 20, 2007, this Court ruled on the motion for a stay pending appeal, entering a minute order reading as follows:

> MINUTE ORDER granting [54] until April 23, 2007 at 5:00 pm. Based on the government's representation during a conference call with chambers that it (1) does not intend to immediately transfer the petitioner, and (2) does not oppose staying any pending transfer until 5:00 pm on April 23, 2007,[1] and because the petitioner states that "restrictions on the handling of classified information in the record... effectively preclude [him] from submitting this information to the Court of Appeals and the Supreme Court before Monday morning," the petitioner's motion for a stay of transfer pending appeal is hereby granted until 5:00 pm on Monday, April 23, 2007.

---

[1] Respondents subsequently filed a Notice of Clarification (Dkt. No. 57) making clear that they did not concede that the Court could issue a stay, but because the government had indicated that it would not – and, in fact, did not – transfer petitioner for the duration of the brief stay, this point became moot.

2

        d. Thus, this Court already has declined to order a stay pending appeal other than a brief one no broader than what the Court understood to be appropriate under the circumstances as it understood them to be at the time. The Court should, consistent with its earlier rulings, deny the present motion.

        2. The Court of Appeals also has declined to grant petitioner a stay pending appeal. Petitioner initially characterized the present motion as one filed under the All Writs Act. But petitioner also filed a motion in the Court of Appeals seeking an injunction prohibiting his transfer under the All Writs Act. As demonstrated in respondents' earlier papers, because the Court of Appeals motion was denied, principles of "law of the circuit" and "law of the case" prevent petitioner from obtaining relief on this motion. *See* Memorandum In Opposition to Motion for Preliminary Injunction (Dkt. No. 74), at 4-8. Now, on reply, petitioner says that his motion was filed under Rule 62(c), which authorizes district courts to issue injunctions pending appeal. But the same motion that was filed in the Court of Appeals under the All Writs Act was also, according to petitioner himself, filed under Federal Rule of Appellate Procedure 8. *See* Exhibit G to Respondents' Opposition to Petitioner's Motion for Preliminary Injunction Against Transfer. That rule, just like Federal Rule 62(c), provides for stays and injunctions pending appeal. And because the motion for an injunction pending appeal was denied by the Court of Appeals (following entry of a brief administrative order entered to allow that court time to rule on the motion, and which "should not be construed in any way as a ruling on the merits," *see* Exhibit J), the motion for the same sort of injunction pending the same appeal must be denied in this Court for the very same reasons that would bar a motion made only under the All Writs Act.

        3. Petitioner argues that under Rule 62(c), a district court retains jurisdiction to issue a

3

stay pending appeal to preserve the status quo while an appellate court is considering the merits of a party's claim.  That general point, however, is not relevant to the present situation, where an explicit statute precludes this Court's jurisdiction over this case as a whole, 28 U.S.C. § 2241(e)(1) (added by Military Commissions Act § 7(a)) (no jurisdiction over habeas case filed on behalf of alien enemy combatant); the applicable provision of that statute has been validated and applied in binding appellate precedent, *Boumediene v. Bush*, 476 F.3d 981 (D.C. Cir. 2007), *cert. granted*, 127 S. Ct. 3078 (June 29, 2007); another aspect of that statute precludes jurisdiction over this particular motion, 28 U.S.C. § 2241(e)(2) (added by Military Commissions Act § 7(a)) (no jurisdiction over claim by alien enemy combatant detainee regarding transfer); and in this very case the Court of Appeals already has been asked to issue the very same injunction that petitioner seeks now from this Court.  *See National Trust for Historic Preservation in U.S. v. F.D.I.C.*, 995 F.2d 238, (D.C. Cir. 1993) (denying motion for stay pending appeal and affirming dismissal of case on basis of explicit statute precluding jurisdiction, even when further appellate review available)*, cert. denied*, 513 F.2d 1065 (1994).

      Petitioner says that "it is obvious" that the Court of Appeals would agree with him as to his entitlement to an injunction, Petitioner's Reply Memorandum (Dkt. No. 77) at 6, but in fact the Court of Appeals already has agreed with respondents.

      4.  As demonstrated in respondents' earlier papers and above, this Court lacks jurisdiction to award the relief for which petitioner has moved, relief which already has been denied by three levels of federal courts.  Petitioner has not, in any event, established his entitlement to that relief on its merits.  For the reasons stated herein and for all the reasons set forth in respondents' earlier opposition to petitioner's motion, that motion should be denied.

Dated: November 28, 2007                    Respectfully submitted,

JEFFREY S. BUCHOLTZ
Acting Assistant Attorney General

DOUGLAS N. LETTER
Terrorism Litigation Counsel

　　/s/   *Judry L. Subar*
JOSEPH H. HUNT (D.C. Bar No. 431134)
VINCENT M. GARVEY (D.C. Bar No. 127191)
JUDRY L. SUBAR (D.C. Bar No. 347518)
JEAN LIN
ANDREW WARDEN
Attorneys
United States Department of Justice
Civil Division, Federal Programs Branch
20 Massachusetts Ave., N.W.
Washington, DC  20530
Tel:  (202) 514-3969

Attorneys for Respondents