IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| ABU ABDUL RAUF ZALITA, *et al.*, ) | |
| ) | |
| Petitioners, ) | |
| ) | |
| v. ) | Civil Action No. 05-CV-1220 (RMU) |
| ) | |
| GEORGE W. BUSH, ) | |
| *et al.*, ) | |
| ) | |
| Respondents. ) | |

**RESPONDENTS' OPPOSITION TO MOTION FOR INQUIRY CONCERNING DESTRUCTION OF EVIDENCE RELATED TO CIA DETAINEE INTERROGATIONS**

Petitioner asks this Court to conduct evidentiary proceedings to inquire into the matter of the destruction of certain tapes by the Central Intelligence Agency, recently disclosed publicly. Petitioner asks that in such proceedings respondents be required to make available individuals "with direct knowledge of" the creation, content, preservation, and destruction of such materials and other materials, so that they can provide sworn representations concerning such matters. *See* Petr's Motion for Inquiry at 10 (*see* dkt. no. 81). Because petitioner has failed to establish that it would be appropriate to hold such a hearing, and because such proceedings could undermine the very interests underlying petitioner's motion, the motion should be denied.

**I.     The Court Should Permit the Pending Investigations and Inquiries to Proceed Without a Separate Judicial Inquiry.**

Petitioner invites this Court to exercise its inherent powers by conducting a hearing concerning the destruction of the tapes, to ascertain whether the tapes might have had something to do with him and thereby implicate general evidence preservation obligations arising in this

case.[1]  In light of the various pending inquiries and investigations by the Executive Branch and Congress into the destruction of the tapes, however, petitioner has failed to demonstrate that the Court should take the extraordinary step of opening a judicial inquiry, particularly where the Supreme Court has admonished that such inherent powers "must be exercised with restraint and discretion."  *Roadway Express, Inc. v. Piper*, 447 U.S. 752, 764 (1980).[2]

---

[1]  Petitioner also bases his motion on evidence preservation orders in other cases (that do not exist in this case) and other evidence preservation responsibilities arising in cases and contexts other than the case before the Court.  Petitioner, however, has no basis to request relief in this case based on any such obligations arising in those other cases and contexts.  Indeed, at a minimum, prudential considerations counsel against allowing a petitioner in one case to litigate with respect to preservation orders or obligations in other cases.  For example, this case is just one of the hundreds of *habeas* cases filed on behalf of Guantanamo Bay detainees in this Court.  Distinct preservation orders have been entered in some cases, *compare, e.g., Abdah v. Bush,* No. 04-cv-1254 (D.D.C.) (HHK) (dkt. no. 155), *with Abdullah v. Bush,* No. 05-cv-23 (D.D.C.) (RWR) (dkt. no. 36), while in others, such as this one, no preservation order at all was entered.  In these circumstances, where cases brought in the name of literally hundreds of petitioners are pending, there is potential for confusion and docket chaos were the Court to countenance the ability of a petitioner in one case, where there is no preservation order, to seek a judicial inquiries based on orders in other cases.

[2]  Petitioner's request that this Court act precipitously to convene a hearing would not be consistent with the Supreme Court's expectation that:

> [A] District Court would proceed with the caution that we have indicated is necessary in this setting, engaging in a factfinding process that is both prudent and incremental.  We have no reason to doubt that courts faced with these sensitive matters will pay proper heed both to the matters of national security that might arise in an individual case and to the constitutional limitations safeguarding essential liberties that remain vibrant even in times of security concerns.

*Hamdi v. Rumsfeld*, 542 U.S. 507, 538-39 (2004) (plurality opinion).  (Of course, the petitioner in *Hamdi* was a United States citizen.  The question of whether aliens held outside the United States, such as petitioner here, could assert constitutional protections was decided by the Court of Appeals against detainees such as petitioner and is one of the questions currently before the Supreme Court in *Boumediene*.)

As the Court may be aware, the Department of Justice conducted a preliminary inquiry into the destruction of the tapes, and has now begun a criminal investigation into the matter. *See* United States Department of Justice Press Release dated December 8, 2007 (describing preliminary inquiry) (attached as Exhibit A); Letter from Kenneth L. Wainstein, Assistant Attorney General, National Security Division, U.S. Department of Justice, to John A. Rizzo, Acting General Counsel, Central Intelligence Agency, dated December 8, 2007 (discussing preliminary inquiry) (attached as Exhibit B); United States Department of Justice Press Release dated January 2, 2008 (announcing criminal investigation concerning matter of tapes, to be conducted by Federal Bureau of Investigation under supervision of John Durham, First Assistant United States Attorney in the United States Attorney's Office for the District of Connecticut, appointed to serve as Acting United States Attorney for the Eastern District of Virginia for purposes of this matter) (attached as Exhibit C). The Department's investigation in this regard involves determining whether the destruction of the tapes constituted a criminal violation of any legal obligations, including those arising out of cases such as this.

When the Department of Justice is actively engaged in gathering the facts, determining whether the facts rise to the level of warranting further action, and emphasizing, on its own, the importance of the CIA's preservation of relevant material,[3] proceeding hastily into a separate judicial inquiry is both unnecessary and potentially disruptive.[4] Indeed, requiring individuals

---

[3] *See* Exhibit B (Dec. 8, 2007 Letter from Kenneth L. Wainstein, Assistant Attorney General, National Security Division, U.S. Department of Justice, to John A. Rizzo, Acting General Counsel, Central Intelligence Agency, stating, "I understand that you have undertaken to preserve any records or other documentation that would facilitate this inquiry").

[4] On December 20, 2007, Central Intelligence Agency Director Michael V. Hayden issued an order to all CIA personnel to preserve and maintain all documents, information, and

"with direct knowledge of" and potentially involved in the destruction of the tapes to provide testimony to this Court at the same time as the Department of Justice is conducting a criminal investigation into what such individuals may have done, could potentially complicate the investigation, including the ongoing efforts to arrive at a full factual understanding of the matter.[5]

Judge Kennedy of this Court recently cited the pendency of the Department of Justice's criminal investigation in denying a motion seeking an inquiry similar to that requested by petitioner in his motion. *See* Jan. 9, 2008 Memorandum and Order, *Abdah v. Bush*, No. 04-cv-1254 (HHK) (dkt. no. 230) (attached as Exhibit G). Judge Kennedy noted that the presumption that public officers will properly discharge their official, investigative duties "is especially warranted with respect to the newly appointed Attorney General and Department of Justice lawyers." *Id.* at 3. This Court likewise should not proceed with the judicial inquiry requested by petitioner in this case.

---

evidence relating to any detainee held at Guantanamo Bay and any detainee held by the CIA, including future detainees as well as past and present detainees. In particular, Director Hayden has "issued an order to all CIA personnel to preserve and maintain all documents, information, and evidence relating to (A) any detainee held at the United States Naval Base Guantanamo Bay, Cuba; and (B) any detainee held by the CIA." *See* Opp'n to Pet'r's Mots. for Preservation Order and for Declaratory J. Ex. C. ¶ 4 (Decl. of General Michael V. Hayden, USAF, Director, Central Intelligence Agency), *Khan v. Gates*, No. 07-1324 (D.C. Cir.) (attached as Exhibit D). Director Hayden's "order is a continuing obligation that applies to future as well as past and present detainees." *Id.* ¶ 4.

[5] In addition to the Department of Justice, the Intelligence Committees of both the House of Representatives and the Senate have announced their intention to conduct investigations into the tapes destruction matter. *See* House Intelligence Committee Press Release, dated December 10, 2007 (attached as Exhibit E); Press Release from Office of Senator Jay Rockefeller, dated December 7, 2007 (attached as Exhibit F).

## II. The Pendency of Various Similar Motions Before Other Judges of This Court Underscores the Need for Caution Before Proceeding With a Judicial Inquiry.

In addition to petitioner's motion, various similar motions have been filed in *habeas* cases presently pending before other judges of this Court. *See Abdullah v. Bush,* No. 05-cv-23 (RWR) (Mot. to Compel Resp'ts to Report on Their Compliance with the Court's Preservation Order of July 18, 2005) (dkt. no. 77); *Said v. Bush*, 05-cv-2384 (D.D.C.) (RWR) (dkt. no. 79); *Al-Marri v. Bush*, 04-cv-2035 (D.D.C.) (GK) (dkt. no. 76); *Alhami v. Bush*, 05-cv-0359 (D.D.C.) (GK) (filed Dec. 26, 2007).[6] Furthermore, in petitioner's case filed in the Court of Appeals under the Detainee Treatment Act for review of petitioner's enemy combatant designation, *Zalita v. Gates*, No. 07-1384 (D.C. Cir.), petitioner has notified respondents that he intends to file a motion asking the Court of Appeals to conduct the same type of inquiry he is seeking from this Court. The potential disruption of the ongoing Department of Justice investigation as a result of a Court-ordered inquiry into the same conduct would, of course, be compounded by multiple judicial inquiries into the matter. Particularly in light of the fact that petitioner here intends to seek from the Court of Appeals – the only court with jurisdiction over any of the detainees' claims[7] and the court with appellate jurisdiction over the orders of this Court – the same relief as he seeks from this Court, the Court should not proceed with the hearing requested by petitioner.

## III. The Court Lacks Jurisdiction over the Underlying Petition.

Aside from petitioner's failure to show why this Court should conduct a hearing at this time, or that doing so would be prudent in light of the ongoing investigations, the Court should

---

[6] Of course, as discussed *supra*, Judge Kennedy considered and denied such a motion in *Abdah v. Bush,* No. 04-cv-1254 (D.D.C.) (HHK) (dkt. no. 230).

[7] *See infra* § III.

not grant petitioner's motion for the simple reason that the Court lacks jurisdiction over the underlying petition for habeas corpus. Petitioner's arguments for a judicial inquiry are premised upon petitioner's view as to the type of information that may be relevant to litigation of the merits of petitioner's claims. *See* Petr's Motion at 10-11 (citing concern that petitioner be able to challenge in merits litigation any information obtained through coercion or any evidence derived from such information). Unless and until the Supreme Court acts in a way that changes the law as set forth in *Boumediene v. Bush*, 476 F.3d 981 (D.C. Cir. 2007), *cert. granted*, 127 S. Ct. 3078 (June 29, 2007), however, the law in this Circuit is clear that the Court lacks jurisdiction over the subject matter of the underlying petition.[8] Furthermore, petitioner has stated his intention to seek the relief he seeks here from the only Court with jurisdiction over any of the petitioner's claims regarding the legality of detention, *i.e.*, the Court of Appeals for this Circuit. For these reasons, the Court should forbear from proceeding with a judicial inquiry as requested by petitioner's motion. *Cf. Telecomms. Research & Action Ctr. v. FCC*, 750 F.2d 70, 75, 78-79 (D.C. Cir. 1984) (request for relief in district court that might affect Court of Appeals' future, exclusive jurisdiction is subject to the exclusive review of the Court of Appeals).

\* \* \* \* \*

In light of the separate investigations by the Executive Branch and Congress concerning the destruction of tapes, given the multiple pending requests for Court investigation, and because

---

[8] *See also Rasul v. Myers*, No. 06-5209, 2008 WL 108731 at \*14 (D.C. Cir. Jan. 11, 2008) ("*Boumediene* . . . remains the law of this Circuit"); *id.* at \*14 n.15 ("*Boumediene* is currently before the Supreme Court on certiorari review. Nevertheless, we must follow Circuit precedent until and unless it is altered by our own *en banc* review or by the High Court.") (citation omitted).

this Court lacks jurisdiction over the underlying petition in any event, petitioner's motion seeking a judicial inquiry should be denied.

| | |
|---|---|
| Dated: January 22, 2008 | Respectfully submitted, |

JEFFREY S. BUCHOLTZ
Acting Assistant Attorney General

CARL J. NICHOLS
Deputy Assistant Attorney General

DOUGLAS N. LETTER
Terrorism Litigation Counsel

　/s/ Terry M. Henry
JOSEPH H. HUNT (D.C. Bar No. 431134)
VINCENT M. GARVEY (D.C. Bar No. 127191)
JUDRY L. SUBAR (D.C. Bar No. 347518)
TERRY M. HENRY
JAMES C. LUH
Attorneys
United States Department of Justice
Civil Division, Federal Programs Branch
20 Massachusetts Ave., N.W.
Washington, DC  20530
Tel:  (202) 514-4107

Attorneys for Respondents