EXHIBIT G

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| MAHMOAD ABDAH, et al., | |
| Petitioners, | |
| v. | Civil Action 04-01254 (HHK) |
| GEORGE W. BUSH, et al., | |
| Respondents. | |

## MEMORANDUM AND ORDER

Petitioners in this action are detainees at Guantánamo Bay, Cuba, who seek a Writ of

Habeas Corpus. Before the court is petitioners' motion entitled "Emergency Motion for Inquiry

into Respondents' Compliance with Document Preservation Order" [# 219]. By this motion,

petitioners seek a judicial inquiry into whether respondents have complied with this court's

document preservation order of June 10, 2005 ("2005 Order"). Upon consideration of the

motion, the opposition thereto, the record of this case, and the oral argument of counsel at a

hearing, the court concludes that the motion should be denied.

I.

The document preservation order that is the subject of the instant motion, in pertinent

part, directs respondents to "preserve and maintain all evidence and information regarding the

torture, mistreatment, and abuse of detainees *now at the United States Naval Base at*

*Guantánamo Bay, Cuba.*" 2005 Order 2 (emphasis supplied). Petitioners seek a judicial inquiry

into whether respondents have complied with the order following the recent revelation that in

2005 the Central Intelligence Agency ("CIA") destroyed videotapes documenting the

interrogation of two suspected Al Quaeda operatives in the CIA's custody. Petitioners assert that

this revelation "raises grave concerns about the government's compliance with the preservation order . . . [that] warrant the Court's immediate attention." Mot. 1.

Other than the revelation itself that the CIA has destroyed videotapes documenting "harsh interrogation[s]"[1] of persons in the custody of the CIA, petitioners offer nothing to support their assertion that a judicial inquiry regarding this court's 2005 Order is warranted. The 2005 Order prohibits respondents from destroying evidence regarding any torture, mistreatment, or abuse of detainees that occurred at Guantánamo Bay. Petitioners do not assert that the destroyed tapes depict interrogations that occurred at Guantánamo Bay and respondents have represented to the court that the interrogations depicted on the tapes did not occur there. To the contrary, the videotapes were recorded in their entirety in 2002 before either of the suspected Al Quaeda operatives shown on the tapes had been at Guantánamo Bay. Further, following their capture, neither suspect was in contact with any other detainee during the time when the tapes were made. Therefore, petitioners' motion will be denied.[2]

The court's decision to deny petitioners' motion is also influenced by the assurances of the Department of Justice that its preliminary inquiry – now a criminal investigation – into the

---

[1]    Dan Eggen & Joby Warrick, *CIA Destroyed Videos Showing Interrogation*, Washington Post, Dec. 7, 2002, at A1.

[2]    At oral argument, counsel for petitioners asked the court to construe their motion "as going beyond a potential violation of this protective order." Hr'g Tr. 7:13-7:15, Dec. 21, 2007. Specifically, petitioners's counsel asked the court to construe the motion as also requesting a judicial inquiry into whether the government complied with its independent obligation to preserve all evidence. The court declines to do so. The rules of this court require that "each motion shall include or be accompanied by a statement of the specific points of law and authority that support the motion, including where appropriate a concise statement of facts." LCvR 7(a). The purpose of the rule is to ensure that the nonmovant and the court are provided notice of what is sought and the legal basis for the motion. Any motion by either side must comply with the rules of this court.

destruction of videotapes by the CIA will include the issue of whether their destruction "was

inconsistent with or violated any legal obligations, including those arising out of civil matters

such as [this court's] Order of June 2005." *Id.* at 23:10-23:14. The Department of Justice also

informed the court that "if the National Security Division concludes that there was a violation of

this court's order, we would so advise the court." *Id.* at 25:6-25:8.

Petitioners argue that the court should not place much stock in the assurances of the

Department of Justice. There is no reason to disregard the Department of Justice's assurances. It

is well established that, "in the absence of clear evidence to the contrary, courts presume that

[public officers] . . . properly discharge[] their official duties." *United States v. Mezzanatto*, 513

U.S. 196, 210 (1995) (quoting *United States v. Chem. Found., Inc.*, 272 U.S. 1, 14-15 (1926)). In

a matter such as this, this presumption is especially warranted with respect to the newly-

appointed Attorney General and Department of Justice lawyers. Petitioners have not presented

anything to rebut this presumption. Nor have petitioners presented anything to cause this court to

question whether the Department of Justice will follow the facts wherever they may lead and live

up to the assurances it made to this court.

## II.

For the foregoing reasons, it is this 9th day of January, 2008, hereby

**ORDERED** that Petitioners' Emergency Motion for Inquiry into Respondents'

Compliance with Document Preservation Order [# 219] is **DENIED**.

Henry H. Kennedy, Jr.
United States District Judge