Cleared by the CSO
for public filing 3/27/08

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| ABU ABDUL RAUF ZALITA,<br><br>               Petitioner,<br><br>v.<br><br>GEORGE W. BUSH *et al.*,<br><br>               Respondents. | No. 1:05 CV 1220 (RMU) |

## NOTICE OF SUPPLEMENTAL AUTHORITY

Petitioner in the above-captioned action filed a Motion for Inquiry Concerning Destruction of Evidence Related to CIA Detainee Interrogations (unclassified version filed as Dkt. 82) on January 15, 2008 seeking that "this Court ... conduct a hearing to determine whether Respondents destroyed evidence from Abu Zubaydah or other detainees in CIA custody related to Respondents' justification for detaining Petitioner and designating him as an 'enemy combatant.'" Unclassified Motion, Dkt. 82, at 11. In response, Respondents argued that, *inter alia*, that this court lacked jurisdiction over the underlying habeas petition, citing the Court of Appeals' decision in *Boumediene v. Bush*, 476 F.3d 981 (D.C. Cir. 2007), *cert. granted*, 127 S. Ct. 3078 (June 29, 2007). According to Respondents, "the law in this Circuit is clear that the Court lacks jurisdiction over the subject matter of the underlying petition," rendering the fact that the evidence Petitioner seeks to preserve might be essential to the litigation of the merits of his petition irrelevant. Respondents' Opposition to Motion for Inquiry, Dkt. 83, at 5-6.[1]

---

[1]    The relevant portion of Respondents' brief follows:

In connection with his motion for inquiry, Petitioner files this Notice of Supplemental Authority to bring to this Court's attention a recent decision of the Court of Appeals for the D.C. Circuit in *Belbacha v. Bush*, No. 07-5258 (D.C. Cir. Mar. 14, 2008), making clear that claims of habeas jurisdiction in cases brought by Guantánamo detainees are colorable, and therefore that District Courts in this Circuit have the authority to issue orders to preserve their jurisdiction while the question of whether they ultimately have jurisdiction is resolved.

The Petitioner in *Belbacha* is an Algerian national who filed a habeas petition challenging the legality of his detention. He subsequently "sought interim relief barring his transfer to Algeria on the ground that he is likely to be tortured" if transferred. *Belbacha*, Slip Op. at 2 (attached as Exhibit A). The district court denied his motion for a preliminary relief, citing its presumptive lack of jurisdiction in light of the Military Commissions Act of 2006 and the Court of Appeals' *Boumediene* decision—notwithstanding the decision of the Supreme Court to grant certiorari in *Boumediene*. *See* Order, *Belbacha v. Bush*, No. 1:05-cv-2349 (RMC), Dkt. 27 (Jul. 27, 2007), at 2-3 (citing Order, *Zalita v. Bush*, No. 1:07-cv-5129 (Apr. 25, 2007)).

The Court of Appeals reversed, reasoning that the District Courts have colorable habeas jurisdiction in light of the Supreme Court's decision to grant certiorari in *Boumediene* and the

---

> the Court should not grant petitioner's motion for the simple reason that the Court lacks jurisdiction over the underlying petition for habeas corpus. Petitioner's arguments for a judicial inquiry are premised upon petitioner's view as to the type of information that may be relevant to litigation of the merits of petitioner's claims. *See* Petr's Motion at 10-11 (citing concern that petitioner be able to challenge in merits litigation any information obtained through coercion or any evidence derived from such information). Unless and until the Supreme Court acts in a way that changes the law as set forth in *Boumediene v. Bush*, 476 F.3d 981 (D.C. Cir. 2007), *cert. granted*, 127 S. Ct. 3078 (June 29, 2007), however, the law in this Circuit is clear that the Court lacks jurisdiction over the subject matter of the underlying petition.

Dkt. 83 at 5-6.

2

subsequent recall of the mandate in various Guantánamo detainee habeas cases before the Court of Appeals, and that given this colorable habeas jurisdiction, the District Courts are empowered to issue writs in aid of preserving their jurisdiction until the jurisdictional issue is conclusively resolved:

> If a case presents a "substantial" jurisdictional question, then under the All Writs Act, 28 U.S.C. § 1651, a district court may act to preserve its jurisdiction while it determines whether it has jurisdiction. ... Accordingly, absent a bar to its remedial powers, the court's authority pursuant to the All Writs Act to grant Belbacha's motion for interim relief depends upon whether Belbacha's claims sound in habeas corpus and, if so, whether our decision in *Boumediene* renders insubstantial his argument that the district court has jurisdiction. ... The MCA, of course, leaves intact the presumptive jurisdiction of the federal courts to inquire into the constitutionality of a jurisdiction-stripping statute.
> We conclude that Belbacha's petition for a writ of habeas corpus is colorable. Belbacha does not challenge only his transfer to a country that might torture him; he contests also the basis for his detention as an "enemy combatant." Should the Supreme Court hold in *Boumediene* that a detainee at Guantanamo Bay may petition for a writ of habeas corpus to challenge his detention, and should the district court conclude that Belbacha's detention is unlawful, then the Executive might be without authority to transfer him to Algeria. ...
> Our holding in *Boumediene* does not make Belbacha's argument for the jurisdiction of the district court less than colorable. ... Following the grant of certiorari in *Boumediene,* this court stayed or recalled its mandate in many cases raising the same issues as that case, including some in which the Government proposed to transfer the detainee, and held those cases in abeyance pending the decision of the Supreme Court.
> \* \* \*
> In resisting this conclusion, the Government points out that we declined to enjoin a detainee's transfer in *Zalita v. Bush*[,] No. 07-5129, 2007 U.S. App. LEXIS 9975 (Apr. 25, 2007). But that case actually cuts against the Government's position. As in the instant case, Zalita noticed an appeal from the district court's denial of his motion for a preliminary injunction and simultaneously sought to have this court enjoin his transfer. In April 2007, before the Supreme Court granted certiorari in *Boumediene*, we denied Zalita's motion for an injunction and dismissed the appeal on the authority of *Boumediene*; once the Supreme Court reversed course, however, so did we. We recalled the mandate, (Oct. 11, 2007), deferred consideration of Zalita's petition for panel rehearing and rehearing en banc, and held the case in abeyance pending the Supreme Court's decision, (Nov. 15, 2007); *see also Al Ginco*, No. 06-5191, 2007 U.S. App. LEXIS 24624 (Oct. 17, 2007) (same).

3

*Belbacha v. Bush*, No. 07-5258 (D.C. Cir. Mar. 14, 2008), Slip Op. at 4-8. The Court of Appeals went on to conclude that the MCA did not "displace the[] remedial authority" of the district courts "pursuant to the All Writs Act, to issue an 'auxiliary' writ 'in aid' of a 'jurisdiction already existing,' ... here the jurisdiction to determine whether § 7(a) is constitutional. Otherwise, Belbacha's transfer would make it impossible for the district court to entertain his claim to relief that the Constitution might guarantee." *Id*. at 8-9.

Finally, the Court of Appeals concluded that the District Court was the appropriate venue for an initial consideration of whether it was appropriate to issue such preliminary relief in aid of preserving jurisdiction on the facts of Belbacha's case:

> Here the probability of Belbacha's prevailing on the merits of his habeas petition is far from clear but, in light of the seriousness of the harm he claims to face, namely, torture at the hands of a foreign state and of a terrorist organization, we cannot as the Government urged at oral argument say Belbacha's motion for a preliminary injunction fails as a matter of law. It falls to the district court in the first instance, therefore, to balance the four factors in order to decide whether a preliminary injunction is "necessary or appropriate" in this case. 28 U.S.C. § 1651; *see Serono Labs., Inc. v. Shalala*, 332 U.S. App. D.C. 407, 158 F.3d 1313, 1317-18 (D.C. Cir. 1998). Accordingly this matter is remanded to the district court for further proceedings.

*Id*. at 11.

One Judge in this District has already responded accordingly. On Thursday, March 13, 2008, Judge Walton denied without prejudice all pending motions before him in a number of Guantánamo detainees' habeas cases. *See* Order, *Mohammon v. Bush*, No. 1:05-cv-2386, Dkt. 415 (D.D.C. Mar. 13, 2008). The next day the Court of Appeals announced its *Belbacha* decision. In light of the opinion of the Court of Appeals in *Belbacha*, Judge Walton, acting *sua sponte*, vacated his order denying two of these motions (each involving a request for a 30 day transfer notice order), and scheduled hearings on both motions for March 19, 2008. See Orders, *Mohammon v. Bush*, No. 1:05-cv-2386, Dkt. 416 (D.D.C. Mar. 14, 2008); Dkt. 418 (D.D.C. Mar.

17, 2008). On March 19, 2008, Judge Walton heard oral argument and granted Petitioners relief on both motions. *See* Order, *Mohammon v. Bush*, No. 1:05-cv-2386, Dkt. 421 (D.D.C. Mar. 19, 2008) (granting motion for order that respondents provide counsel for petitioner Abdulayev thirty-days notice of any intended removal of petitioner from Guantánamo to any other country); Order, *Mohammon v. Bush*, No. 1:05-cv-2386, Dkt. 425 (D.D.C. Mar. 25, 2008) (same for petitioner Mabrouk).

The Court of Appeals' opinion in *Belbacha* makes clear that this Court retains the power to issue orders in aid of preserving its jurisdiction pending the ultimate resolution of jurisdictional questions. Petitioner Zalita's motion of January 15, 2008 asks this Court to "[c]onduct an inquiry promptly to determine whether Respondents have destroyed evidence in a manner that eliminates Petitioner's ability to ... challenge" whether there was "impermissible reliance upon evidence obtained through or derived from torture to justify his detention."[2] That question implicates this Court's ability to fairly and accurately resolve Petitioner's claim that he is improperly detained as an "enemy combatant," should the Court ultimately determine that it has jurisdiction over his claims. Accordingly, Petitioner Zalita requests that this Court grant the relief requested in his motion of January 15, 2008, namely, that the Court "conduct a hearing to determine whether Respondents destroyed evidence from Abu Zubaydah or other detainees in CIA custody related to Respondents' justification for detaining Petitioner and designating him as an 'enemy combatant.'"[3]

Dated: March 26, 2008                              Respectfully submitted,

                                                      /s/ Shayana Kadidal
                                          Shayana Kadidal (D.C. Bar No. 454248)

---

[2]    [Unclassified] Motion for Inquiry Concerning Destruction of Evidence Related to CIA Detainee Interrogations, Dkt. 82, at 11.
[3]    *Id.*

Gitanjali S. Gutierrez
J. Wells Dixon
CENTER FOR CONSTITUTIONAL RIGHTS
666 Broadway, 7th Floor
New York, New York 10012
Tel: (212) 614-6438
Fax: (212) 614-6499

George Daly
139 Altondale Avenue
Charlotte, North Carolina 28207
Tel: (704) 333-5196

Jeffrey J. Davis
400 North Church Street #222
Charlotte, North Carolina 28202
Tel: (704) 661-5244

*Counsel for Petitioner*

**EXHIBIT A**

Opinion of the Court of Appeals, *Belbacha v. Bush*, No. 07-5258 (D.C. Cir. Mar. 14, 2008)

# United States Court of Appeals
**FOR THE DISTRICT OF COLUMBIA CIRCUIT**

Argued December 6, 2007   Decided March 14, 2008

No. 07-5258

AHMED BELBACHA,
APPELLANT

v.

GEORGE W. BUSH, PRESIDENT OF THE UNITED STATES, ET AL.,
APPELLEES

Appeal from the United States District Court
for the District of Columbia
(No. 05cv02349)

*David H. Remes* argued the cause for appellant. With him on the briefs was *Zachary Katznelson*. *James W. Beane, Jr.* entered an appearance.

*Catherine Y. Hancock*, Attorney, U.S. Department of Justice, argued the cause for appellees. On the brief were *Peter D. Keisler*, Assistant Attorney General, *Jeffrey A. Taylor*, U.S. Attorney, and *Douglas N. Letter*, *Robert M. Loeb*, and *Lowell V. Sturgill, Jr.*, Attorneys, U.S. Department of Justice. *Jonathan F. Cohn*, Deputy Assistant Attorney General, and *R. Craig Lawrence*, Assistant U.S. Attorney, entered appearances.

Before: GINSBURG, RANDOLPH, and GRIFFITH, *Circuit Judges*.

2

Opinion for the Court filed by *Circuit Judge* GINSBURG.

Dissenting opinion filed by *Circuit Judge* RANDOLPH.

GINSBURG, *Circuit Judge*: In 2005 Ahmed Belbacha, an Algerian national, petitioned the district court for a writ of habeas corpus in order to challenge his detention at Guantánamo Bay, Cuba. In July 2007, with his petition still pending, he sought interim relief barring his transfer to Algeria on the ground that he is likely to be tortured by the government of Algeria and by an extremist organization that has threatened him in the past. The district court declined preliminarily to bar Belbacha's transfer on the ground it lacked the power so to do, *Belbacha v. Bush*, No. 05-2349 (July 27, 2007), citing the Military Commissions Act of 2006 (MCA), Pub. L. No. 109-366, 120 Stat. 2600, and our decision in *Boumediene v. Bush*, 476 F.3d 981 (2007), *cert. granted*, 127 S. Ct. 3078 (June 29, 2007), in which we upheld the constitutionality of the MCA provision removing the courts' jurisdiction over detainees' habeas petitions.

Belbacha noticed an appeal and simultaneously asked this court to bar his transfer pending its resolution. A motions panel denied Belbacha's request for a stay but ordered the case heard on an expedited basis. *Belbacha*, No. 07-5258 (Aug. 2, 2007). After hearing oral argument, this panel temporarily enjoined his transfer in order to preserve our jurisdiction over the appeal. We now remand this matter to the district court for further proceedings.

I. Appellate Jurisdiction

We have jurisdiction to entertain Belbacha's interlocutory appeal. Although the district court characterized the relief he seeks as a "temporary restraining order," that court's order

3

dismissing his motion "effectively foreclose[s]" Belbacha "from pursuing further interlocutory relief in the form of a preliminary injunction," and is therefore "tantamount to denial of a preliminary injunction," appealable under 28 U.S.C. § 1292(a)(1). *See Levesque v. Maine*, 587 F.2d 78, 80 (1st Cir. 1978). Moreover, because Belbacha sought a stay of his transfer pending the Supreme Court's decision in *Boumediene* and it was clear the Court would take more than 20 days to decide that case, preserving the status quo required a preliminary injunction rather than a temporary restraining order. *See* FED. R. CIV. P. 65(b)(2) (imposing time limitation upon a temporary restraining order). We review *de novo* the legal question whether the district court has the authority to enjoin Belbacha's transfer.

II. Background

Belbacha filed a petition for a writ of habeas corpus in the district court in 2005. In 2006 the Congress passed the Military Commissions Act, § 7(a)(1) of which, 28 U.S.C. § 2241(e)(1), provides the courts shall not have jurisdiction over any "application for a writ of habeas corpus filed by or on behalf of an alien detained by the United States who has been determined by the United States to have been properly detained as an enemy combatant or is awaiting such determination," and § 7(a)(2) of which, 28 U.S.C. § 2241(e)(2), provides the courts shall not have jurisdiction over "any other action ... relating to any aspect of the detention, transfer, treatment, trial, or conditions of confinement of" such an alien, "[e]xcept as provided in" § 1005(e) of the Detainee Treatment Act (DTA), Pub. L. No. 109-148, 119 Stat. 2680 (2005), 10 U.S.C. § 801 note.[*]

---

[*] The DTA deprived the courts of jurisdiction over actions by detainees at Guantánamo other than actions brought pursuant to the DTA itself, *see* DTA § 1005(e)(1), 28 U.S.C. § 2241(e) (2005), but the Supreme Court interpreted that provision as being inapplicable to

4

In *Boumediene* we held that § 7(a)(1) of the MCA does not violate the Suspension Clause of the Constitution, U.S. CONST. art. I, § 9, cl. 2, on the ground that the constitutional guarantee of habeas corpus does not apply to a foreign national without presence or property in the sovereign territory of the United States. 476 F.3d 981. The Supreme Court initially denied Boumediene's petition for a writ of certiorari, 127 S. Ct. 1478 (Apr. 2, 2007), but upon rehearing granted the petition. 127 S. Ct. 3078 (June 29, 2007).

III. Jurisdiction of the District Court

If a case presents a "substantial" jurisdictional question, then under the All Writs Act, 28 U.S.C. § 1651, a district court may act to preserve its jurisdiction while it determines whether it has jurisdiction. *United States v. United Mine Workers*, 330 U.S. 258, 293 (1947); *see also Bell v. Hood*, 327 U.S. 678 (1946); *cf. Omar v. Harvey*, 479 F.3d 1, 11-14 (D.C. Cir. 2007) (court may temporarily enjoin transfer in order to preserve jurisdiction), *cert. granted on a different question sub nom.*, *Geren v. Omar*, No. 07-394 (Dec. 7, 2007) (citing *Ntakirutimana v. Reno*, 184 F.3d 419, 423 n.7 (5th Cir. 1999) (stay of extradition pending appeal); *Then v. Melendez*, 92 F.3d 851, 853 n.1 (9th Cir. 1996) (same)). Accordingly, absent a bar to its remedial powers, the court's authority pursuant to the All Writs Act to grant Belbacha's motion for interim relief depends upon whether Belbacha's claims sound in habeas corpus and, if so, whether our decision in *Boumediene* renders insubstantial his argument that the district court has jurisdiction. *Cf. Bell*, 327 U.S. 678 (jurisdiction depends upon colorable claim); *see also Adams v. McCann*, 317 U.S. 269, 273 (1942) (All Writs Act grants power to issue "all auxiliary writs" as "may be necessary

---

petitions, such as Belbacha's, that were pending when the DTA was enacted. *See Hamdan v. Rumsfeld*, 126 S. Ct. 2749, 2762-69 (2006).

5

for the exercise of a jurisdiction already existing") (quoting *Whitney v. Dick*, 202 U.S. 132, 136-37 (1906)). The MCA, of course, leaves intact the presumptive jurisdiction of the federal courts to inquire into the constitutionality of a jurisdiction-stripping statute.

We conclude that Belbacha's petition for a writ of habeas corpus is colorable. Belbacha does not challenge only his transfer to a country that might torture him; he contests also the basis for his detention as an "enemy combatant." Should the Supreme Court hold in *Boumediene* that a detainee at Guantánamo Bay may petition for a writ of habeas corpus to challenge his detention, and should the district court conclude that Belbacha's detention is unlawful, then the Executive might be without authority to transfer him to Algeria.* *See Omar*, 479 F.3d at 10 (holding writ of habeas corpus may be used to challenge transfer of U.S. citizen held in Iraq to custody of Iraqi court for trial); *Benson v. McMahon*, 127 U.S. 457, 462 (1888) (extradition); *INS v. St. Cyr*, 533 U.S. 289 (2001) (deportation); *see also Wang v. Ashcroft*, 320 F.3d 130, 141 (2d Cir. 2003) (writ of habeas corpus used to challenge deportation in violation of Convention Against Torture and Other Cruel, Inhuman or Degrading Treatment or Punishment art. 3, Dec. 10, 1984, 1465 U.N.T.S. 85); *but cf. Mironescu v. Costner*, 480 F.3d 664 (4th Cir. 2007) (Section 2242 of the Foreign Affairs Reform and Restructuring Act of 1998, Pub. L. No. 105-277, 112 Stat. 2681, 8 U.S.C. § 1231 note, renders Convention Against Torture judicially cognizable only in the context of removal by immigration authorities). We need not and do not address the Government's argument that, irrespective of the Supreme Court's holding in *Boumediene*, § 7(a) of the MCA constitutionally bars Belbacha's underlying claims for relief; the district court has the

---

\* Belbacha apparently fled Algeria in 2000, deserting from the Algerian army, to seek asylum in the United Kingdom.

6

authority to grant Belbacha preliminary relief because the Suspension Clause colorably protects those claims and, as we explain below, because § 7(a) does not displace its remedial powers.

Our holding in *Boumediene* does not make Belbacha's argument for the jurisdiction of the district court less than colorable. *See Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 89 (1998), in which the Court made clear that foreclosure by a prior decision of the Supreme Court renders a jurisdictional question insubstantial but said nothing of foreclosure by a decision of a court of appeals; 13B CHARLES ALAN WRIGHT, ARTHUR R. MILLER & EDWARD H. COOPER, FEDERAL PRACTICE AND PROCEDURE § 3564 (2d ed. 2007) (same). Following the grant of certiorari in *Boumediene*, this court stayed or recalled its mandate in many cases raising the same issues as that case, including some in which the Government proposed to transfer the detainee, and held those cases in abeyance pending the decision of the Supreme Court. *E.g.*, *Paracha v. Bush*, No. 05-5194; *Kiyemba v. Bush*, No. 05-5487; *Al Ginco v. Bush,* No. 06-5191; *Zalita v. Bush*, No. 07-5129; *see also Abdah v. Bush*, No. 05-5224 (Aug. 9, 2007) (in appeal from grant of order requiring advance notice of transfer, holding in abeyance Government's motion to dismiss habeas petitions in light of grant of certiorari in *Boumediene*). The district court also has held in abeyance the Government's motions to dismiss detainees' petitions for habeas corpus, and stayed the underlying cases. *See, e.g.*, *Hatim v. Bush*, No. 05-cv-01429 (RMU) (Oct. 5, 2007); *Taher v. Bush*, No. 06-cv-01684 (GK) (Sept. 13, 2007); *Mousovi v. Bush*, No. 05-cv-01124 (RMC) (Sept. 7, 2007); *Razakah v. Bush*, No. 05-cv-02370 (EGS) (Aug. 17, 2007); *Al-Mohammed v. Bush*, No. 05-cv-00247 (HHK) (Aug. 7, 2007); *Khalid v. Bush*, No. 04-cv-01142 (RJL) (Aug. 5, 2007); *Faraj v. Bush*, No. 05-cv-01490 (PLF) (July 27, 2007); *Al Maqaleh v. Gates*, No. 06-cv-01669 (JDB) (July 18, 2007);

7

*Ameziane v. Bush*, No. 05-cv-00392 (ESH) (July 5, 2007); *Zadran v. Bush*, No. 05-cv-02367 (RWR) (July 2, 2007). Neither this court nor the district court could have held these cases in abeyance unless we thought they presented a substantial jurisdictional question. *See New Mexico Navajo Ranchers Ass'n v. ICC*, 850 F.2d 729, 731-32 (D.C. Cir. 1988) ("Our decision to [hold the case] in abeyance seems necessarily to have rested on an assumption that this court secured jurisdiction"); *see also* FED. R. CIV. P. 12(h)(3) ("If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action").

A decision of this court is binding upon a later panel and upon the district court. We hold, nonetheless, that when the Supreme Court grants certiorari to review this court's determination that the district court lacks jurisdiction, a court can, pursuant to the All Writs Act, 28 U.S.C. § 1651, and during the pendency of the Supreme Court's review, act to preserve the status quo in other cases raising the same jurisdictional issue if a party satisfies the criteria for issuing a preliminary injunction.

In resisting this conclusion, the Government points out that we declined to enjoin a detainee's transfer in *Zalita v. Bush*. No. 07-5129 (Apr. 25, 2007). But that case actually cuts against the Government's position. As in the instant case, Zalita noticed an appeal from the district court's denial of his motion for a preliminary injunction and simultaneously sought to have this court enjoin his transfer. In April 2007, before the Supreme Court granted certiorari in *Boumediene*, we denied Zalita's motion for an injunction and dismissed the appeal on the authority of *Boumediene*; once the Supreme Court reversed course, however, so did we. We recalled the mandate, (Oct. 11, 2007), deferred consideration of Zalita's petition for panel rehearing and rehearing en banc, and held the case in abeyance

8

pending the Supreme Court's decision, (Nov. 15, 2007); *see also Al Ginco*, No. 06-5191 (Oct. 17, 2007) (same).

The Government argues also that we should affirm on the basis of the order of a motions panel of this court denying Belbacha a temporary stay pending this appeal, asserting that is the law of the case and precludes the relief Belbacha sought in the district court. *See Belbacha*, No. 07-5258 (Aug. 2, 2007) (citing *Maxwell v. Snow*, 409 F.3d 354, 358 (D.C. Cir. 2005)). An order denying preliminary relief, however, "does not constitute the law of the case," although it can be "persuasive." *Berrigan v. Sigler*, 499 F.2d 514, 518 (D.C. Cir. 1974). In any event, the order also directed that this appeal be briefed and argued on an expedited schedule. Although *Boumediene*, 476 F.3d 981, presumptively bars Belbacha the preliminary relief he seeks, the motions panel obviously recognized that Belbacha might be able to raise a substantial question of jurisdiction and a colorable claim after full briefing and oral argument.

IV.  Remedial Authority

The district court held, and the Government argues, that in light of § 7(a)(2) of the MCA, the federal courts are without power to entertain Belbacha's motion seeking temporarily to enjoin his transfer from Guantánamo to Algeria. Section 7(a)(2) strips the courts of their "jurisdiction to hear or consider any other action ... relating to any aspect of the ... transfer" of a detainee. It does not displace their remedial authority, pursuant to the All Writs Act, to issue an "auxiliary" writ "in aid" of a "jurisdiction already existing," *see Adams*, 317 U.S. at 273, here the jurisdiction to determine whether § 7(a) is constitutional. *See United Mine Workers*, 330 U.S. at 293; *see also Clinton v. Goldsmith*, 526 U.S. 529, 534-35 (1999) (All Writs Act empowers court to issue writs "'in aid of' its existing statutory jurisdiction; the Act does not enlarge that jurisdiction"). Precedents of

9

the Supreme Court compel the conclusion that the federal courts' remedial powers are intact. *Califano v. Yamasaki*, 442 U.S. 682, 705 (1979) ("Absent the clearest command to the contrary from Congress, federal courts retain their equitable power to issue injunctions in suits over which they have jurisdiction"); *FTC v. Dean Foods Co.,* 384 U.S. 597, 608 (1966) ("In the absence of explicit direction from Congress," court retains authority pursuant to All Writs Act to preserve status quo when "necessary to protect its own jurisdiction"); *Scripps-Howard Radio v. FCC*, 316 U.S. 4, 11 (1942) (unless Congress "clearly" evinces a contrary intent, court is presumed to have power to maintain status quo in order to preserve jurisdiction).[*] Otherwise, Belbacha's transfer would make it impossible for the district court to entertain his claim to relief that the Constitution might guarantee. *Cf. Webster v. Doe*, 486 U.S. 592, 603 (1988) (declining to read statute to deprive court of jurisdiction over "colorable constitutional claim").

Our orders in *Rahman v. Bush*, No. 07-1204 (June 19, 2007), and *Khalif v. Gates*, No. 07-1215 (June 22, 2007), which issued prior to the grant of certiorari in *Boumediene*, and in which we declined to maintain the status quo in order to

---

[*] For an example of a statute that clearly repealed both the jurisdiction and the remedial powers of the courts, see the Emergency Price Control Act of January 30, 1942, which deprived the courts of "jurisdiction or power to consider the validity of any [covered] regulation, order, or price schedule, or *to stay, restrain, enjoin, or set aside*, in whole or in part, any provision of this Act authorizing the issuance of such regulations or orders, or making effective any such price schedule, or any provision of any such regulation, order, or price schedule, or *to restrain or enjoin the enforcement of any such provision*." Pub. L. No. 77-421, 56 Stat. 23, § 204(d) (emphases added). The Supreme Court sustained the statute, including the stay provision, against a constitutional challenge in *Yakus v. United States*, 321 U.S. 414 (1944).

10

preserve our jurisdiction over actions brought pursuant to the DTA, are not to the contrary. *Rahman* and *Khalif* relied upon § 1005(e)(2) of the DTA, subsection (D) of which extinguishes this court's jurisdiction under the DTA upon "the release of [an] alien from the custody of the Department of Defense." To read that provision as leaving intact our authority to bar a transfer in order to preserve our jurisdiction over an action pursuant to the DTA, as Rahman and Khalif had argued, would have contravened the intent of the Congress. Although our orders also cited § 7(a)(2) of the MCA, that provision serves only to make § 1005(e)(2) of the DTA the exclusive "action" for detainees; it does not abridge our remedial powers. *Hamlily v. Gates*, No. 07-1127 (July 16, 2007), which issued after certiorari was granted in *Boumediene*, cited only *Rahman* and *Khalif*, and is inapposite for the same reasons.[*]

V. Preliminary Injunction

In deciding whether to issue a preliminary injunction, the courts consider four factors: (1) whether the moving party has a substantial likelihood of success on the merits; (2) whether the moving party faces irreparable harm absent the preliminary injunction; (3) whether the injunction would substantially injure the opposing party; and (4) whether the injunction furthers the public interest. *Ellipso, Inc. v. Mann*, 480 F.3d 1153, 1157 (D.C. Cir. 2007). "If the arguments for one factor are particularly strong, an injunction may issue even if the arguments in

---

[*] Notwithstanding the Government's argument that the MCA deprives all federal courts of their remedial authority to enjoin the transfer of a detainee from Guantánamo Bay, our dissenting colleague suggests that we could and should "issue a stay under the All Writs Act" pending the resolution of *Boumediene*. The dissent, however, nowhere explains how this court may do so without first considering the Government's argument.

11

other areas are rather weak." *CityFed Fin. Corp. v. Office of Thrift Supervision*, 58 F.3d 738, 747 (D.C. Cir. 1995).

 Here the probability of Belbacha's prevailing on the merits of his habeas petition is far from clear but, in light of the seriousness of the harm he claims to face, namely, torture at the hands of a foreign state and of a terrorist organization, we cannot as the Government urged at oral argument say Belbacha's motion for a preliminary injunction fails as a matter of law. It falls to the district court in the first instance, therefore, to balance the four factors in order to decide whether a preliminary injunction is "necessary or appropriate" in this case. 28 U.S.C. § 1651; *see Serono Labs., Inc. v. Shalala*, 158 F.3d 1313, 1317-18 (D.C. Cir. 1998). Accordingly this matter is remanded to the district court for further proceedings.

               *So ordered.*

RANDOLPH, *Circuit Judge*, dissenting: Students of federal courts will be surprised to learn that district judges have jurisdiction to issue preliminary injunctions in cases in which they have no jurisdiction to issue permanent injunctions. That is the majority's position here.

I have no quarrel with the majority's point that the district court had jurisdiction to determine whether § 7(a) of the Military Commissions Act, stripping that court of jurisdiction, was unconstitutional. But I cannot see how this bears on the question before us. The district court has already decided that circuit precedent compelled it to uphold the statute, as indeed it did. It therefore makes no sense to send the case back to the district court so that it may decide whether to issue a temporary injunction in aid of its jurisdiction to decide something it has already (correctly) decided.

This should have been a very simple case. Instead it has been turned into a tangle. All we had to do was issue a stay under the All Writs Act, 28 U.S.C. § 1651, preventing Belbacha's transfer to Algeria pending the Supreme Court's decision in *Boumediene v. Bush*, 476 F.3d 981 (2007), *cert. granted*, 127 S. Ct. 3078 (June 29, 2007). We would do so for the traditional reasons – because there is a substantial chance the Court's decision will affect Belbacha's case and because he would suffer irreparable harm. *See, e.g.*, *Va. Petroleum Jobbers Ass'n v. Fed. Power Comm'n*, 259 F.2d 921, 925 (D.C. Cir. 1958); *W. India Fruit & S.S. Co. v. Seatrain Lines, Inc.*, 170 F.2d 775 (2d Cir. 1948), *cited with approval in FTC v. Dean Foods Co.*, 384 U.S. 597, 604 (1966). I thus believe we should have simply continued the stay this court issued on December 31, 2007.

## **CERTIFICATE OF SERVICE**

I hereby certify that on March 26, 2008, I caused the foregoing Petitioner's Notice of Supplemental Authority, together with its exhibit, to be filed and served on counsel listed below by causing an original and two copies to be delivered to the Court Security Office.

> Judry L. Subar, Esq.
> U.S. Department of Justice
> Civil Division, Federal Programs Branch
> 20 Massachusetts Ave., N.W.
> Washington, DC  20530
> (202) 514-3969

> /s/
> Shayana Kadidal (D.C. Bar No. 454248)