IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| IN RE:<br><br>GUANTANAMO BAY DETAINEE LITIGATION | Misc. No. 08-MC-442 (TFH)<br><br>Civil Action No. 05-CV-1220 (RMU) |

**RESPONDENT'S OPPOSITION TO PETITIONER'S MOTION FOR TRANSFER TO JUDGE URBINA AND TO SCHEDULE HEARING ON PENDING MOTIONS**

Respondents hereby oppose Petitioner Abu Abdul Rauf Zalita's Motion for Transfer to Judge Urbina and to Schedule Hearing on Pending Motions. Petitioner seeks to have two motions previously before the Court, his Motion for a Preliminary Injunction Prohibiting Unlawful Rendition to Torture and his evidentiary motion entitled Motion for an Inquiry Concerning Destruction of Evidence Related to CIA Detainee Interrogations, transferred back to Judge Urbina. Petitioner also asks that, upon transfer, the Court hold hearings on both of these motions during the weeks of September 15 or September 22.

The Court should deny Petitioner's motion to transfer and hold hearings on the underlying motions. With respect to Petitioner's preliminary injunction motion, Petitioner has not yet taken advantage of Judge Hogan's order permitting a petitioner to request and receive from the Government 30-days' notice of intent to transfer the petitioner out of Guantanamo. Until Petitioner makes such a request and until Petitioner receives notice of intent to transfer, this motion is not ripe. The Court should also deny Petitioner's request for a hearing on his evidentiary motion because a judicial inquiry into the contents of destroyed CIA interrogation tapes would be potentially disruptive of the Department of Justice's criminal investigation into the matter. In addition, Petitioner's request is premature because Respondents have yet to seek

to amend the factual return for petitioner, and, thus, the factual basis Respondents intend to rely upon in this case to justify Petitioner's detention is not settled.  For these reasons the Court should deny Petitioner's motion.  If the Court, however, is inclined to reconsider these underlying motions, Respondents request that the Court to permit Respondents to submit additional briefing so as to account for recent legal and factual developments.

## STATEMENT OF FACTS

The first of these motions, the preliminary injunction motion, arose from the Government's 60-days' notice of its intention to transfer Petitioner to his home country of Libya.  (Notice, Feb. 20, 2008, dkt no. 42.)  Some six weeks after receiving notice, Petitioner asked the District Court to enjoin his transfer outright.  Based on Section 7(a)(2) of the Military Commissions Act of 2006, 28 U.S.C. § 2241(e)(2), and the D.C. Circuit's decision in *Boumediene v. Bush*, 476 F.3d 981 (D.C. Cir. 2007), the District Court held that it lacked jurisdiction to consider the preliminary injunction motion and, accordingly, denied it.  *Zalita v. Bush*, No. 05-1220, 2007 U.S. Dist. LEXIS 28951 (D.D.C. Apr. 19, 2007) (quoting 28 U.S.C. § 2241(e)(2) and *Boumediene*, 476 F.3d at 981).

Petitioner then unsuccessfully took his preliminary injunction motion to the appellate courts.  Like this Court, the D.C. Circuit Court of Appeals denied Petitioner's preliminary injunction motion for lack of jurisdiction. *Zalita v. Bush*, No. 07-5129, 2007 U.S. App. LEXIS 9975 (D.C. Cir. Apr. 25, 2007) (per curiam).  The Court of Appeals, however, went beyond denying the preliminary injunction motion and also ordered the case dismissed for lack of jurisdiction.  *Id.* ("[I]t is ordered that the motion be denied and the case be dismissed for lack of subject matter jurisdiction.") (citing *Boumediene*, 476 F.3d at 981; *Kiyemba v. Bush*, Nos. 05-

5487, et al., 2007 WL 964612 (D.C. Cir. Mar. 22, 2007)).  Petitioner's preliminary injunction motion faced a similar result at the Supreme Court.  *Zalita v. Bush*, 127 S. Ct. 2159 (2007) (mem.) (denying preliminary injunction motion).  Petitioner next filed a petition for a writ of certiorari.  Petition for Writ of Certiorari, *Zalita v. Bush*, No. 07-416, 2007 WL 2809185 (Sept. 21, 2007).  Meanwhile, following on the Court of Appeals' order to dismiss the entire case for lack of jurisdiction, the District Court entered judgment for Respondents.  (Mem. Order Dismissing Without Prejudice the Pet'r's Claims, Sept. 20, 2007, dkt no. 62) ("This circuit, however, has held that '[f]ederal courts have no jurisdiction' over habeas petitions of enemy combatants detained at Guantanamo.'") (quoting *Boumediene*, 476 F.3d at 984) (footnote omitted).  The District Court, on reconsideration, vacated the dismissal and stayed the case.  (Order, Oct. 5. 2007, dkt no. 72.)

The complete dismissal of Petitioner's habeas claim was postponed when the Supreme Court's granted a writ of certiorari in *Boumediene v. Bush*.  128 S. Ct. 3078 (2008) (mem.) (granting rehearing on denial of writ of certiorari, and granting petition for writ of certiorari).  Further, on October 11, 2007, the Court of Appeals granted Petitioner's motion to withdraw its mandate and held any consideration of a rehearing in abeyance until the Supreme Court had issued its opinion in *Boumediene v. Bush*.  *Zalita v. Bush*, No. 07-5129, 2008 U.S. App. LEXIS 18032 (D.C. Cir. Oct. 11, 2007); *Zalita v. Bush*, No. 07-5129 (D.C. Cir. Oct. 11, 2007) (en banc).  This effectively allowed Petitioner's habeas case to remain pending.  At the same time, the Supreme Court held Petitioner's petition for a writ of certiorari while it considered *Boumediene*.

The legal landscape changed dramatically on June 12, 2008, when the Supreme Court handed down its opinions in *Boumediene v. Bush*, 549 U.S. ___, 128 S. Ct. 2229 (2008), and

*Munaf v. Geren*, 549 U.S. \_\_\_, 128 S. Ct. 2207 (2008).  For the first time, the Supreme Court held that Guantanamo Bay detainees were "entitled to the privilege of habeas corpus to challenge the legality of their detention."  *Boumediene*, 128 S. Ct. at 2262.  From the reasoning in *Boumediene* and *Munaf*, however, it is clear that the Supreme Court contemplated habeas corpus protection only in its traditional sense of challenging the legality of detention.  *See, e.g., Boumediene*, 128 S. Ct. at 2274 (declining to discuss non-traditional habeas claims); *Munaf*, 128 S. Ct. at 2221 (discussing the nature of habeas relief).  Almost two weeks later, the Supreme Court granted Petitioner's petition for a writ of certiorari, vacated the lower court's judgment, and remanded the case in light of *Boumediene*.  *Zalita v. Bush*, 127 S. Ct. 2956 (2008) (mem.); *see also Zalita v. Bush*, 2008 U.S. App. LEXIS 18032 (D.C. Cir. Aug. 18, 2008) (vacating district court's denial of preliminary injunction and remanding motion back to the district court). The District Court then transferred the case to Judge Hogan "for coordination and management, while retaining the case[] for all other purposes."  (Transfer Order, July 3, 2008, dkt no. 93.) Presently, Judge Hogan has entered a number of case-management orders, including his order requiring the Government, when requested to do so by a petitioner, to file a notice with the District Court 30 days prior to any transfer of a detainee from Guantanamo Bay.  (Order Regarding Notice, July 11, 2008, dkt no. 97.)

       The second underlying motion, which arose during the pendency of Petitioner's petition for a writ of habeas corpus, was an evidentiary motion seeking an inquiry into whether destroyed CIA interrogation tapes had information relevant to this case.  (Pet'r's Mot. For Inquiry 8, Jan. 15, 2008, dkt no. 82.)  As Petitioner envisioned the inquiry, the District Court would require individuals "with direct knowledge of the creation, preservation, and destruction of documents"

to "identify the relevant content of any destroyed evidence as well as the relevant content of any preserved evidence" through sworn representations. (*Id.*)  Respondents explained that the motion should be denied in light of the Department of Justice's criminal investigation into the destruction of the tapes and the CIA's directive to its employees to preserve and maintain all evidence related to Guantanamo detainees.  (Resp'ts' Opp. to Mot. For Inquiry, Jan. 22, 2008, dkt no. 83.)  A separate judicial inquiry, Respondents reasoned, would be unnecessary and potentially disruptive.  (*Id.* 1-4.)

## ARGUMENT

### A. Petitioner's Request For a Preliminary Injunction Hearing Should Be Denied Because Such A Motion Is Not Ripe and, Alternatively, New Briefing Is Required.

The request for a hearing on his preliminary injunction motion should be denied because it is not ripe.  Petitioner has no reasonable apprehension of transfer at this time, and has cited no basis for believing such a transfer is imminent.  Moreover, as discussed above, Judge Hogan's order of July 11, 2008 creates a mechanism whereby detainees can receive advance notice of their impending transfer.  (Order Regarding Notice, July 11, 2008, dkt no. 97.)  Presently, there is no actual, ongoing controversy involving Petitioner's possible transfer.  *See Assoc. of Admin. Law Judges v. U.S. Office of Pers. Mgmt.*, 533 F. Supp. 2d 155, 158 (D.D.C. 2008) (discussing the reasons for ripeness doctrine and the standard to demonstrate ripeness).  Should the Government decide to transfer Petitioner and should Petitioner request notice of such transfer, Respondents will provide notice pursuant to Judge Hogan's order.  Until such notice is produced, or is no longer required and Petitioner can otherwise demonstrate a reasonable apprehension of transfer, Petitioner's attempt to enjoin his transfer is not ripe.

If the Court is inclined to address the preliminary injunction motion, however, Respondents ask that they be permitted to provide new briefing. Of course, Respondents' prior arguments in opposition to Petitioner's motion that the Court lacks jurisdiction over this habeas case are no longer appropriate in light of *Boumediene*. *See, e.g., Boumediene*, 128 S. Ct. at 2262 (holding that "[p]etitioners . . . are entitled to the privilege of habeas corpus to challenge the legality of their detention."). Nonetheless, after *Boumediene*, the Court continues to lack jurisdiction to enjoin any transfer of petitioners out of the United States' custody. As this Court has already recognized, "In deciding *Boumediene*, the Court limited its analysis to whether detainees could challenge the legality of their detention through constitutional habeas, and explicitly stated that it was not determining 'the reach of the writ with respect to claims of unlawful conditions of treatment or confinement.' And therefore, this court interprets *Boumediene* to invalidate only 28 U.S.C. § 2241(e)(1)." *In re Guantanamo Bay Detainee Litigation*, ___ F. Supp. 2d ___, 2008 WL 3155155, at *3 (Aug. 7, 2008) (citations omitted). Section 2241(e)(2), which strips federal-court jurisdiction over any "action against the United States or its agents relating to any aspect of the detention, transfer, treatment, trial, or conditions of confinement of an alien," remains in effect to bar the Court's jurisdiction to enjoin a transfer of Petitioner. Similarly, the Supreme Court, in a unanimous decision in *Munaf*, concluded that because "[h]abeas is at its core a remedy for unlawful detention . . . [t]he typical remedy for [which] is, of course, release," 128 S. Ct. at 2221 (citation omitted), jurisdiction did not lie to enjoin a transfer of a habeas petitioner out of the United States' custody. *Id.* at 2226-28. At a minimum, given the changed legal and factual landscape, therefore, the Court should not take up

Petitioner's motion without permitting Respondents a chance to submit new briefing to address the jurisdictional issue and other relevant issues.

> **B. Petitioner's Request For a Judicial Inquiry Should Be Denied Because Such An Inquiry Would Unnecessarily Interfere with an Ongoing Criminal Investigation and Because It Is Not Appropriate at this Time.**

Petitioner's request for proceeding to require an evidentiary inquiry should be denied because such an inquiry would be an unnecessary interference into the Department's criminal investigation into the destruction of CIA interrogation tapes. *See Campbell v. Eastland*, 307 F.2d 478, 487 (5th Cir. 1962) (commenting on the compelling public interest in facilitating the enforcement of criminal laws). As set forth in its original Opposition, the Department of Justice began a criminal investigation into the destruction of CIA interrogation tapes in January 2008. (*See* Resp'ts' Opp. to Mot. For Inquiry, Jan. 22, 2008, dkt no. 83.) At the around the same time, CIA Director Michael V. Hayden ordered that all relevant documents, information, and materials be preserved and maintained. (*Id.*, Ex. D, Hayden Decl. ¶ 4.) Petitioners, however, wanted the Court to order Respondents to identify, through the sworn representations of "individuals with direct knowledge of the creation, preservation, and destruction of documents[,] . . . the relevant content of any destroyed evidence as well as the relevant content of any preserved evidence." (Pet'r's Mot. For Inquiry 8, Jan. 15, 2008, dkt. no. 82.) Respondents explained, however, that such an exercise of the Court's inherent powers, which "must be exercised with restraint and discretion," *Roadway Express, Inc. v. Piper*, 447 U.S. 752, 764 (1980), would be unnecessary and potentially disruptive to an ongoing criminal investigation. (Resp'ts' Opp. To Mot. For Inquiry 1-4.) The criminal investigation remains ongoing.

Ultimately, however, Petitioner's evidentiary motion is unnecessary in light of the fact that Respondents have yet to seek to amend the factual return in this case.  Judge Hogan, in his Scheduling Order of July 11, 2008, permitted Respondents to seek leave to amend factual returns and required the production of factual returns in sequence, with Petitioner's amended return not required until the end of September 2008.[1]  Accordingly, the factual basis Respondents will rely upon to justify Petitioner's detention in this case is not settled.  The gist of Petitioner's argument is that an evidentiary inquiry is warranted because the interrogation tapes may have had information pertaining to him.  But, at this juncture, it is simply inappropriate to require Respondents to produce a description of evidence on every one of the interrogation tapes, regardless of their relevance to Petitioner's habeas proceeding.  Indeed, Petitioner's motion is requesting information that, if granted, would provide relief tantamount to the sort of broad discovery afforded parties in civil lawsuits.  As explained in support of Respondents' position as to the appropriate procedural framework in this case, such discovery would be entirely out place here.  (*See* Mot. for Order Regarding Procedural Framework Issues, July 25, 2008, dkt. no. 12; Reply Memo. in Support of Mot. for Order Regarding Procedural Framework Issues, Aug. 1, 2008, dkt. no. 15.)  Consideration of Petitioner's motion is simply premature prior to the filing of Respondents' amended factual return.

If, however, the Court decides to entertain Petitioner's evidentiary motion once again, either now or after the filing of an amended factual return, Respondents request the opportunity

---

[1] Respondents recently requested additional time to accomplish production of factual returns, however.  (*See* Resp'ts' Mot. for Partial and Temporary Relief from Court's July 11, 2008 Scheduling Order, No. 08-442, Aug. 29, 2008, dkt no. 317.)

to submit new briefing so as to account for all relevant legal and factual changes, including the state of the ongoing criminal investigation.

## CONCLUSION

For these reasons, the Court should deny Petitioner's request for a hearing on his preliminary injunction motion and his evidentiary motion.  If the Court is, however, inclined to take up these underlying motions, Respondents ask that they be permitted to provide new briefing on these motions so as to account for recent legal and factual developments.

Dated: September 12, 2008       Respectfully submitted,

GREGORY G. KATSAS
Assistant Attorney General

JOHN C. O'QUINN
Deputy Assistant Attorney General

  s/ Sean O'Donnell
JOSEPH H. HUNT (D.C. Bar No. 431134)
VINCENT M. GARVEY (D.C. Bar No. 127191)
JUDRY L. SUBAR
TERRY M. HENRY
ANDREW I. WARDEN
PAUL E. AHERN
SEAN W. O'DONNELL
Trial Attorneys
United States Department of Justice
Civil Division, Federal Programs Branch
20 Massachusetts Avenue, N.W.
Washington, DC  20530
Tel: (202) 514-3755
Fax: (202) 616-8470

Attorneys for Respondents